**HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, <br><br> Defendant. | No. 2:15-CV-1349-MJP <br><br> RESPONSE TO NORTHSHORE'S MOTION FOR TEMPORARY RESTRAINING ORDER |

## STATEMENT OF FACTS

Northshore Sheet Metal, Inc. ("Northshore") and Sheet Metal ("Local 66") have been parties to a collective bargaining agreement for many years. In 2012, the parties were unable to reach an accord on a successor agreement, and a lengthy labor dispute followed. In 2014, the parties reached a signed settlement. As part of that settlement, Northshore agreed to be signatory to a collective bargaining agreement with Local 66 ("CBA"). Northshore also agreed to make whole any employees found to be paid improperly during the labor dispute. The settlement agreement provided that a dispute over the make-whole remedy was subject to the arbitration agreement of the CBA. The CBA expired on June 1, 2015.

RESPONSE TO NORTHSHORE'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 1

LAW OFFICES OF
Robblee Detwiler & Black
===========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·· FAX (206) 467-7589

Since May 2015, the parties have been bargaining over a successor CBA. The parties have still not agreed to a successor CBA, and several bargaining issues remain outstanding. In July 2015, after expiration of the parties' collective bargaining agreement, Local 66 informed Northshore that certain of its members had not been paid properly during the previous labor dispute. The parties continued to meet and bargain on a successor agreement. Meanwhile, Northshore has repeatedly refused to pay the amounts owed to Local 66's members.

As a result of the failure to come to an accord on the successor agreement, Local 66's Business Manager sought authorization from Local 66's membership to engage in a strike against Northshore. At the meeting to determine whether to authorize such a strike, the vast majority of the discussion focused on the Local 66 and Northshore's failure to reach a new collective bargaining agreement. (Dec. Carter). While the issue of fringe benefits was raised, it was not the sole or even primary basis for Local 66's decision to strike. *Id.* Local 66's membership ultimately authorized a strike, and that strike began on August 20, 2015.

## ARGUMENT

**NORTHSHORE IS NOT ENTITLED TO AN INJUNCTION RESTRAINING THE UNION'S PICKETING**

The Court should reject Northshore's proposed temporary restraining order prohibiting the Union's strike action because the Court is barred by the Norris-LaGuardia Act from issuing such an injunction. The Norris-LaGuardia Act "severely restricted the jurisdiction of the federal courts to issue injunctions in 'any labor dispute.'" Camping Constr. Co. v. District Council of Iron Workers, 915 F.2d 1333 (9th Cir. 1989). "Congress enacted the Norris-LaGuardia Act in 1932 'to take the federal courts out of the labor injunction business.'" Burlington Northern & Santa Fe Ry. V. Int'l Bhd. of Teamsters, Local 174, 203 F.3d 703, 707 (9th Cir. 2000), *quoting* Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Ass'n, 457 U.S. 702, 712 (1982).

RESPONSE TO NORTHSHORE'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 2

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·· FAX (206) 467-7589

"By stripping federal courts of jurisdiction to enjoin labor disputes, Congress took an 'extraordinary step…to remedy an extraordinary problem.'" *Id.*, *quoting* Burlington N. R.R. Co. v. Bhd. of Maintenance Way Employees, 481 U.S. 429, 437 (1987).  Thus, "[i]n passing the Norris-LaGuardia Act, Congress described federal labor injunctions unequivocally as 'abuses of judicial power.'" *Id.* at 708, *quoting* Milk Wagon Drivers' Union v. Lake Valley Farm Prods., 311 U.S. 91, 102 (1945).  "Once it is clear that a labor dispute is involved, the court has no jurisdiction to grant any injunction except in compliance with the Norris-LaGuardia Act." Camping, 915 F.2d at 1347.

To comply with the Norris-LaGuardia Act, a court may only issue an injunction "involving or growing out of a labor dispute" after "hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered…"  Thereafter, the Court must make the following findings of fact:

> **(a)**  That unlawful acts have been threatened and will be committed unless restrained or have been committed and will be continued unless restrained, but no injunction or temporary restraining order shall be issued on account of any threat or unlawful act excepting against the person or persons, association, or organization making the threat or committing the unlawful act or actually authorizing or ratifying the same after actual knowledge thereof;
> **(b)**  That substantial and irreparable injury to complainant's property will follow;
> **(c)**  That as to each item of relief granted greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief;
> **(d)**  That complainant has no adequate remedy at law; and
> **(e)**  That the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection

29 U.S.C. § 107.

Furthermore, a court may not issue an injunction "except on condition that complainant shall first file an undertaking with adequate security in an amount to be fixed by the court

RESPONSE TO NORTHSHORE'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 3

Law Offices Of
Robblee Detwiler & Black
============================
2101 Fourth Avenue, Suite 1000
Seattle, WA 98121
(206) 467.6700·· fax (206) 467-7589

sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction." *Id.* Finally, even if a court determines that the preceding requirements are met, Section 8 of the Act "prohibits an award of injunctive relief to 'any complainant…who has failed to make every reasonable effort to settle such dispute either by negotiation or with the aid of any available governmental machinery of mediation or voluntary arbitration." Camping, 915 F.2d at 1341-42, *quoting* 29 U.S.C. § 108. Northshore is not entitled to an injunction in this matter because it involves a labor dispute and it cannot show that it has taken all reasonable efforts to resolve that labor dispute.

### A. The Norris-LaGuardia Act Applies Because The Disputes In Question Are Inarguably Labor Disputes.

The strike that Northshore seeks to enjoin from proceeding undoubtedly "involv[e] or grow[] out of a labor dispute." Congress defined the term labor dispute as "any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee." 29 U.S.C. § 113(c). "The Supreme Court has consistently characterized Norris-LaGuardia's definition of 'labor dispute' as 'broad." Burlington Northern & Santa Fe, 203 F.3d at 708 (internal quotations omitted).

The strike that Northshore seeks to enjoin is a quintessential labor dispute. The parties have been unable to resolve their bargaining issues, and Local 66's members have not been paid properly by Northshore. Thus, the matters before the court undoubtedly "involv[e] or grow[] out of a labor dispute", and no injunction may issue in this matter except in strict conformity with the Norris-LaGuardia Act. Thus, the Court must hold a hearing in conformity with the Norris-LaGuardia Act before it may enjoin Local 66's strike activity.

RESPONSE TO NORTHSHORE'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 4

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·· FAX (206) 467-7589

**B.   Northshore Is Not Entitled To A Temporary Restraining Order Because It Cannot Show That It Has Taken "Every Reasonable Effort" To Resolve The Disputes.**

Northshore is not entitled to injunctive relief because, *inter alia*, it cannot show that it has made "every reasonable effort" to resolve the disputes. Section 8 of the Act "prohibits an award of injunctive relief to 'any complainant…who has failed to make every reasonable effort to settle such dispute either by negotiation or with the aid of any available governmental machinery of mediation or voluntary arbitration." *Id.* at 1341, *quoting* 29 U.S.C. § 108. Northshore must show that it has taken all means to resolve those labor disputes; this it cannot do.

**C.   The Boys Market Exception Is Inapplicable.**

Contrary to Northshore's claim, the Boys Market exception is inapplicable. "A court may….enjoin a strike pending arbitration when the issue underlying the strike is subject to mandatory grievance-and-arbitration provisions of a collective bargaining agreement." Hardline Electric, Inc. v. IBEW, 680 F.2d 622 (9th Cir. 1982), *citing* Boys Markets, Inc. v. Retail Clerks Union, 398 U.S. 235, 90 S. Ct. 1583, 26 L. Ed. 2d 199 (1970). However, "[i]f the underlying dispute is not subject to mandatory arbitration, no injunction may be entered. *Id.*, *citing* Buffalo Forge Co. v. United Steelworkers, 428 U.S. 397, 96 S. Ct. 3141, 49 L.Ed.2d 1022 (1974). As the Ninth Circuit has recognized:

> The scope of the Boys Markets exception to the Norris-La Guardia Act is very narrow, and the propriety of an injunction under Boys Markets depends on the presence of specific factual findings:  (E)ach restraint imposed by a Boys Markets injunction must be grounded on a finding by the District Court that the activity restrained is a proper subject for relief despite the Norris-La Guardia Act.

*Id.*, *citing* Donovan Construction Co. v. Construction Laborers Union, Local 383, 533 F.2d 481, 485 (9th Cir. 1976). "[T]he accommodation reached by the Supreme Court between the anti-injunction provisions of the Norris-LaGuardia Act and section 301 of the Labor Management

RESPONSE TO NORTHSHORE'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 5

LAW OFFICES OF
Robblee Detwiler & Black
==========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·· FAX (206) 467-7589

Relations Act is restricted to a closely circumscribed class of cases, and that injunctive relief issued thereby must be conditioned upon a detailed set of factual findings." Donovan, 533 F.2d at 485. "If the scope of the injunction is so broad as to enjoin union activity in situations that the court could not have found to be suitable for Boys Markets relief…the injunction crosses the jurisdictional boundary of the Norris-LaGuardia Act." Id.

Moreover, "[t]he exception applies only in the case of a "clear" and "undisputed" contractual duty to arbitrate the underlying dispute." Earthgrains Baking Cos. v. Teamsters Union Local No. 78, 35 F. Supp. 2d 1203 (E.D. Cal. 1999), *quoting* Matson Plastering Co., Inc. v. Operative Plasterers, Etc., 633 F.2d 1307, 1308, 1309 (9th Cir. 1980).  Thus, Northshore must show that it is clear and undisputed that the matters over which Local 66 are striking are arbitrable.  It cannot meet that burden.

### i.  The Strike May Not Be Enjoined Because The Basis For The Strike Is Primarily Bargaining Issues.

The Court may not enjoin the strike because the Union is picketing over a number of issues related to bargaining and completely unrelated to the benefits issue.  Dec. Carter, ¶6. Northshore can point to nothing that says such issues are subject to arbitration.  The Union does not have a contractual duty to arbitrate its bargaining issues that serve as the primary basis for the strike and as such the strike cannot be enjoined.

### ii.  The Strike Also Cannot Be Enjoined Because The Fringe Benefit Issue Is Not Subject To Arbitration

Local 66's strike may not be enjoined because the issue of Northshore's failure to pay benefits is not subject to the parties' arbitration procedure, as that procedure is expired.  The dispute arose after the expiration of the parties' contract, and as such, the arbitration procedure is

RESPONSE TO NORTHSHORE'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 6

LAW OFFICES OF
Robblee Detwiler & Black
=============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·· FAX (206) 467-7589

inapplicable. Litton Fin. Printing Div. v. NLRB, 501 U.S. 190 (1991). At a minimum, this demonstrates that whether the issue is subject to arbitration is not clear and undisputed.

      iii.    **At Most, The Court Could Arguably Enjoin Picketing Related to the Fringe Benefit Issue, Not Picketing Related To Bargaining.**

As described above, "[t]he scope of the Boys Markets exception to the Norris-La Guardia Act is very narrow, and the propriety of an injunction under Boys Markets depends on the presence of specific factual findings…." Hardline, *citing* Donovan Construction Co. v. Construction Laborers Union, Local 383, 533 F.2d 481, 485 (9th Cir. 1976). In Hardline, the Ninth Circuit made clear that only economic action tied to an arbitrable issue may be enjoined. Thus, even if the Court concludes it may enjoin the Union's action related to the fringe benefit issue, it may not enjoin the Union's economic action related to bargaining. Such strike activity falls under the general Norris-LaGuardia provisions, and are not subject to a Boys Market injunction.

      iv.    **Even If The Court Concludes That The Boys Market Exception Applies, It Still Must Meet The Procedural Rules of The Norris-LaGuardia Act.**

The Ninth Circuit "has emphasized the need to follow the Norris-La Guardia procedures and follow general principles of equity before issuing an injunction under § 301." Northern Stevedoring & Handling Corp. v. International Longshoremen's & Warehousemen's Union, 685 F.2d 344 (9th Cir. ). Thus, before issuing any injunction, the Court must hold a hearing in open court, take testimony subject to cross-examination, and make the following findings of fact:

> **(a)** That unlawful acts have been threatened and will be committed unless restrained or have been committed and will be continued unless restrained, but no injunction or temporary restraining order shall be issued on account of any threat or unlawful act excepting against the person or persons, association, or organization making the threat or committing the unlawful act or actually authorizing or ratifying the same after actual knowledge thereof;
> **(b)** That substantial and irreparable injury to complainant's property will follow;

RESPONSE TO NORTHSHORE'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 7

LAW OFFICES OF
Robblee Detwiler & Black
=============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·· FAX (206) 467-7589

**(c)**  That as to each item of relief granted greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief;
**(d)**  That complainant has no adequate remedy at law; and
**(e)**  That the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection

29 U.S.C. § 107.  A hearing must be held before any injunction may issue.

## **CONCLUSION**

For the foregoing reasons, the Court should reject Northshore's request for a temporary restraining order, and deny Northshore's motion for injunctive relief.

DATED this 24th day of August, 2015.

s/Daniel Hutzenbiler
Daniel Hutzenbiler, WSBA No. 36938
Robblee Detwiler & Black, P.L.L.P.
2101 Fourth Ave, Suite 1000
Seattle, Washington 98121
Telephone: (206) 467-6700
Fax: (206) 467-7589
E-mail: dhutzenbiler@unioattorneysnw.com

Attorneys for Defendant

RESPONSE TO NORTHSHORE'S MOTION
FOR TEMPORARY RESTRAINING ORDER - 8

LAW OFFICES OF
Robblee Detwiler & Black
==========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·· FAX (206) 467-7589

## CERTIFICATE OF SERVICE

I hereby certify that on August 24th, 2015, I electronically filed the foregoing **RESPONSE TO NORTHSHORE'S MOTION FOR TEMPORARY RESTRAINING ORDER** and **DECLARATION IN RESPONSE TO NORTHSHORE'S MOTION FOR TEMPORARY RESTRAINING ORDER** with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following:

>   Christopher L. Hilgenfeld
>   Davis Grimm Payne & Marra
>   701 Fifth Ave, Suite 40401
>   Seattle, WA 98104

>   s/Daniel Hutzenbiler
>   Daniel Hutzenbiler, WSBA No. 36938
>   Robblee Detwiler & Black, P.L.L.P.
>   2101 Fourth Ave, Suite 1000
>   Seattle, Washington 98121
>   Telephone: (206) 467-6700
>   Fax: (206) 467-7589
>   E-mail: dhutzenbiler@unioattorneysnw.com
>
>   Attorneys for Defendant

CERTIFICATE OF SERVICE - 1

LAW OFFICES OF
Robblee Detwiler & Black
===========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 ·· FAX (206) 467-7589