Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, <br><br> Defendant. | Case No. 2:15-cv-01349 MJP <br><br> **PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENAS DUCES TECUM** <br><br> Noted on Motion Calendar: January 8, 2016 |

## RELIEF REQUESTED

Plaintiff Northshore Sheet Metal, Inc. ("Plaintiff" or "Northshore") hereby requests that the Court quash or modify Defendant Sheet Metal Workers International Association Local 66's ("Defendant" or "Union") third party subpoenas. Defendant has subpoenaed GLY Construction, Mortenson Construction, and Lease Crutcher Lewis (hereinafter "General Contractors" or "Non-Parties"). Northshore seeks a protective order quashing or modifying Defendant's subpoenas. Defendant has sought all correspondence on contracts between the General Contractors and Northshore since May 1, 2015. Copies of these

*Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum* - Page 1
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

subpoenas are attached to Hilgenfeld Declaration as Exhibits 2, 3, and 4.  Defendant's subpoenas are overly broad, not designed to elicit relevant information, and a fishing expedition aimed at harassing Northshore's customers.  Moreover, the subpoenas should be quashed or modified until the Court has an opportunity to rule on Plaintiff's protective order.

## STATEMENT OF FACTS

Northshore is a contractor in the sheet metal industry.  Defendant is a labor union.  The Union represents Northshore's bargaining unit employees.  The Union is currently engaged in a strike action against Northshore.  The Union is also the bargaining representative for employees working for Northshore's competitors, and has expressed its intent to punish Northshore by diverting work to Northshore's competitors.  Meyer Declaration, ¶ 5.

The Union's strike action was initiated on August 20, 2015.  The strike continues to this day.  Believing the strike to be unlawful, Northshore filed suit against the Union.  Northshore has listed two causes of action: 1) the Union's breach of its contractual obligations with Northshore not to strike; and 2) the Union's violation of federal labor law by engaging in illegal secondary activities.  Dkt. 24.

On October 26, 2015, the Parties participated in the Fed. R. Civ. P. 26(f) conference.  Hilgenfeld Declaration, ¶ 3.  Plaintiff's counsel informed Defense counsel that a protective order was needed in this case and Plaintiff intended to seek one.  *Id.*  The next day, before discussing the scope of a protective order, Defendant improperly subpoenaed the General Contractors.  *Id.*, ¶ 4.  Defendant failed to notify Plaintiff's counsel prior to serving the subpoenas.  Plaintiff's first notification of the improper subpoenas occurred when it received an objection from GLY Construction on December 1, 2015.  *Id.*, ¶ 5.  At that time, Plaintiff

*Plaintiff's Motion to Quash or Modify*
*Subpoenas Duces Tecum* - Page 2
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

informed Defendant that its subpoenas were defective, and requested immediate rescission. Exhibit 1. On December 3, 2015, Defendant provided Plaintiff with a copy of an email to Mortenson Construction, claiming its subpoena was void due to an "inadvertent clerical error"[1] and returned documents Mortenson had provided in complying with the subpoena.[2] *Id.*

On December 3, 2015, Defense counsel provided copies of subpoenas directed to the General Contractors, and informed Plaintiff's counsel the subpoenas would be served the following day. Hilgenfeld Declaration, Exh. 2, 3, 4. Plaintiff's counsel responded on the same day requesting a brief delay in serving those subpoenas. Exhibit 1. The delay was sought to obtain a protective order to protect Northshore's confidential and proprietary business information that would be included within the scope of the Union's subpoenas. *Id.* Specifically, Plaintiff was concerned about bid pricing, proprietary technical information, and proprietary business strategies that would be divulged and potentially disseminated. *Id.* Defendant refused even a brief delay for the parties to obtain a protective order. *Id.* Defendant has asserted that it needs the information for a damages assessment; Defendant has not explained why this could not be accomplished at a later date. Hilgenfeld Declaration, ¶ 9.

As part of its strike action, the Union has picketed select construction sites where Northshore was subcontracted to perform work. Northshore's complaint identifies construction sites the Union has picketed when Northshore is not present. These neutral employers have other construction sites which have not, as of yet, been picketed. The

---

[1] It is not clear how failing to notify Plaintiff's counsel was an inadvertent clerical error when the Parties spoke the day before about a protective order and the impending subpoenas were never mentioned.

[2] Plaintiff did not receive any notification being sent from Defendant to GLY Construction or Lease Crutcher Lewis regarding those subpoenas.

*Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum* - Page 3
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Union's subpoenas include all correspondence or contracts for Northshore, whether the construction was picketed, or not. The Union's subpoena also includes any documents where Northshore is mentioned, whether Northshore was contracted to perform work on that job, or not. The Union has already expressed its intent to punish Northshore by diverting its work to competitors. As a result, Northshore believes that the Union intends to use this subpoenaed information not to defend the lawsuit, but to punish Northshore by disseminating the information and diverting work to Northshore's competitors and harassing General Contractors that do work with Northshore.

Moreover, the Union seeks information about Northshore's bidding prices, business and marketing strategies, technical proprietary information, and other confidential proprietary business information. Information about Northshore's bidding practices and other proprietary information will then be potentially available to Northshore's competitors. The Union, whether providing the information directly or indirectly, could harm Northshore and aid Northshore's competitors by providing this information to those competitors.

The Union has sought the following information from the General Contractors: (1) all correspondence between the third party and Northshore Sheet Metal from May 1, 2015 to the present; (2) all correspondence to or from the third party about Northshore Sheet Metal from May 1, 2015 and the present; and (3) all contracts between the third party and Northshore Sheet Metal related to projects that were started or ongoing from May 1, 2015 to the present. Exhibits 2, 3, 4.

## CERTIFICATE OF COUNSEL

Northshore conferred with Defendant's counsel regarding the subpoenas. This occurred on December 22, 2015. Hilgenfeld Declaration, ¶ 9. Northshore inquired as to the

*Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum* - Page 4
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

relevancy of certain documents requested, and the effect on potential new business if the documents were not adequately protected. *Id.* The Union responded that the information was related to damages. *Id.* Northshore requested that the subpoenas be withdrawn. *Id.* Defendant refused. *Id.*

## STATEMENT OF ISSUES

Should the Court quash or modify the subpoenas to the General Contractors?

## LEGAL AUTHORITY

The Civil Rules permit the Court to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3) The Civil Rules specifically require that a Court *must* quash or modify a subpoena if it is unduly burdensome or where it requires the disclosure of privileged or protected matter. Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv). A subpoena may also be quashed or modified if it would disclose trade secrets or other confidential or commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i). Likewise, Rule 26 allows a Court to limit discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b). A Court may issue protective orders to protect a party or other entity from annoyance, embarrassment, oppression, or undue burden or expense, including limiting the release of confidential commercial information. Fed. R. Civ. P. 26(c). In the present case, the subpoenas issued by the Defendant to Non-Parties are unduly burdensome, involve a plethora of irrelevant material, and would disclose privileged or confidential commercial information. Northshore respectfully requests the Court to exercise its authority and quash the subpoenas.

    A.    **NORTHSHORE HAS STANDING TO QUASH AND/OR MODIFY THE THIRD-PARTY SUBPOENAS.**

As an initial matter, Northshore has standing to move the Court on this issue.

*Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum* - Page 5
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Northshore's interests are implicated in the Union's subpoenas. Northshore is simultaneously seeking a protective order related to this lawsuit. The protection is sought to protect future business for Northshore, and would include the information sought by Defendant's subpoenas.

The Union, with its subpoenas, seeks information that would include bid pricing information, contract pricing, technical information, and business plans. This information would include work on current jobs (whether picketed or not), and potentially future work that has not begun, or even been awarded. All of the information directly affects Northshore's interests.

"A party has standing to challenge a subpoena issued to third parties where its own interests may be implicated." *Cabell v. Zorro Productions, Inc.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013) (quoting *Johnson v. Bancorp*, 2012 WL 6726523, at *2 (W.D. Wash. 2012)). The federal rules permit a party to seek a protective order to limit certain requests to final parties. *Id.* Confidential or trade secret information is the type of inquiry that warrants such a restriction. *Id.; see also, Albany Molecular Research, Inc. v. Schloemer*, 274 F.R.D. 22, 25 (D.D.C. 2011) (party has standing to quash non-party subpoena because party had an interest in the business records sought).

The information sought by the Union implicates Northshore's confidential or trade secret information with the General Contractors. This information will directly implicate Northshore's current and future business ventures. As a result, Northshore's interests are implicated in the Union's subpoenaed request.

B.     THE COURT SHOULD QUASH THE UNION'S SUBPOENAS

The Court has the authority to quash the Union's subpoenas. The Union's

*Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum* - Page 6
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

subpoenas are unduly burdensome, being used to harass non-party contractors, and would include information protected by the Plaintiff's proposed protective order.

### 1. The Information Sought is not reasonably likely to lead to Discoverable Information and is Unduly Burdensome.

In determining whether a subpoena is unduly burdensome, Courts may consider a variety of factors, such as (1) relevancy, (2) the need of the party requesting the documents, (3) the breadth of the request, (4) the time period covered by the request, (5) the particularity with which the requesting party has described the requested documents, and (6) the burden imposed. *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895 (S.D. Ind. 2006). Relevancy is a major factor in deciding motions to quash. Under Rule 45, "'[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party.'" *Moon, supra* 232 F.R.D. at 637, *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (granting motion to quash non-party subpoena brought by party on basis of overbreadth and irrelevancy). "When relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, *1 (S.D. Ohio 2011). The Union's basis for the information is that it is needed for Defendant's to perform a damages assessment. No other reason was provided.

Here, the Union's General Contractor's subpoenas are unduly burdensome. The Union has sought all communications or contracts between Northshore and the General Contractors, or about Northshore since May 2015. On its face, this request is overly broad. The Union's "stated" purpose is limited to damages. The Union's request, however, extends well beyond a damages assessment. Moreover, the Union's request begins in May 2015, which is several months prior to its strike action. The Union has failed to limit the

*Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum* - Page 7
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

subpoenas to a reasonable time frame. The information sought includes a timeframe covering several months before the Union's strike activity. The Union has also failed to limit the subject matter of the requested documents to the issues of the underlying lawsuit. Finally, the information would include technical information, material invoices, change orders, and an assortment of information that has absolutely no relevance to damages. The Union's request is merely a fishing expedition that is not aimed at the claims and defenses in this lawsuit.

### 2. The Subpoenas are Being Used to Harass Non-Party Contractors

The fact that the Union is seeking the information from the Non-Parties also weighs against the subpoenas. As the Ninth Circuit has noted, "the 'necessary' restriction [on discovery] may be broader when a non-party is the target of the discovery. ... '[T]here appear to be quite strong consideration indicating that discovery would be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents.'" *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (affirming district court's quashing of subpoena directed at non-party). "Additionally, non-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 motion." *WM High Yield.* 460 F.Supp.2d at 895-6 (quashing subpoena to third party where subpoena was "an unsupported fishing expedition," being overly broad, lacking in relevancy and where documents could be obtained from party in action).

Even if the Union could identify the potential for finding some relevant information amongst the wide range of the information sought (which it has not), the subpoenas should still be quashed for being overly broad. "The fact, however, that the evidence may be relevant and admissible at the trial is not sufficient to dispose of a motion [to quash a

*Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum* - Page 8
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

subpoena]… It is possible for a subpoena *duces tecum* to be unreasonable or oppressive, even though the evidence sought to be procured may prove to be thereafter relevant." *Hecht v. Pro-Football, Inc.,* 46 F.R.D. 605, 606 (D.D.C. 1969) (quashing subpoena *duces tecum* where information sought was private financial information sought during early stages of litigation). In the words of another court which quashed subpoenas to third parties because of overbreadth and irrelevancy, "[i]n short, compliance with the subpoenas will result in defendants receiving a plethora of documents, the vast majority of which would be completely unrelated to any possible issue in this case." *Hendricks*, 275 F.R.D. at 256.[3]

Furthermore, there is a reasonable belief that the Union's basis for seeking the subpoenas is to harass the General Contractors. All of the information sought is available through Plaintiff. Moreover, only a very small percentage of the documents sought would be related to the Defendant's stated purpose (i.e., damages). Finally, the fact the Union has twice subpoenaed documents without even considering a brief delay for a protective order to be put in place leads to the conclusion the Union may have ulterior motives, such as the direct or indirect dissemination of Northshore's confidential information to Northshore's competitors; or using the information to expand its illegal strike to other construction sites. Under either scenario the Union's motives for seeking the information are not related to the present litigation.

---

[3] Additionally, the subpoenas are directed to Non-Parties, even though all of the relevant documentation would also be in the possession of Northshore. "If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462,467 (D. S.D. 2011). The subpoenas can be quashed on this ground alone.

*Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum* - Page 9
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

### 3. The Information Sought Would be Covered by a Protective Order

Furthermore, the subpoenas cover commercial information, which is specifically listed as a basis for quashing subpoenas. Fed. R. Civ. P. 45(c)(3)(B). In *Moon v. SPC Pool, supra,* the plaintiff in a breach of contract action subpoenaed a non-party. The subpoena sought all agreements and communications between the non-party and defendant. It also sought all "communications" between the third-party and other non-parties having "as their subject matter---the sale/purchase of pool winter covers or [defendant]." *Moon, supra,* 232 F.R.D. at 635. Defendant moved to quash. The Court granted the motion, in part because the subpoena issued to the non-party sought documents related to a non-party's business relationship with other non-parties. (The Court also found the subpoenas were overly broad and sought irrelevant information).

The present case is directly analogous. The Union has asked for a Non-party's correspondence "about Northshore," as well as its correspondence and contracts with Northshore. Compliance with the subpoena would include disclosure of work and/or bids, where Northshore made a proposal but the bid was not accepted. As a result, it would include disclosure of the third party's business relationship with other non-parties. The requested documents will also include information about both Northshore's and the Non-Parties' business affairs. Non-parties have a right of privacy and a right to keep confidential its business and financial affairs. *Hecht v. Pro-Football, Inc.,* 46 F.R.D. 605, 607 (D.D.C. 1969) (recognizing non-party's right to privacy in its financial affairs). "No company, having a choice, would permit another company to go on a fishing expedition through its records." *Premium Service Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir. 1975).

*Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum* - Page 10
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Moreover, many of the documents will contain sensitive information regarding Northshore's business operations, pricing, and marketing strategies. If made public or provided to its competitors or its labor relations adversary, this information would place Northshore at a disadvantage in its business. There is also a concern about how the Union may utilize the information it obtains. The Union has already expressed intent to punish Northshore and divert its work. Moreover, these neutral employers have other construction sites which have not, as yet, been picketed by the Union. There is a reasonable concern that the Union may extend its harassment of the General Contractors to other or all of their jobsites, whether or not Northshore is currently working at the jobsites. Further, Northshore contends that the Union's on-going strike is illegal. The Union should not be provided with information which might enable it to expand its unlawful strike activity or target other neutral parties. This Court has broad discretion under the discovery rules to protect a party or other entity from annoyance, embarrassment, oppression or undue burden or expense.

The federal rules specifically mandate that a Court quash or modify a subpoena for production of documentary evidence unduly burdensome or if it requires the disclosure of privileged or protected matters. Fed. R. Civ. P. 45(d)(3)(A). Even where quashing is not mandatory, a Court may still quash the subpoenas. Fed. R. Civ. P. 45(C)(3)(B). Because, as explained above, the Non-Party subpoenas are unduly burdensome and are likely to disclose privileged or protected matters, including confidential commercial information, this Court should order that the subpoenas be quashed.

### C. ALTERNATIVELY, THE COURT SHOULD MODIFY THE SUBPOENAS

Alternatively, if this Court is unwilling to quash the subpoenas in their entirety, it may modify them to limit discovery solely to those matters which are actually at issue in this

*Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum* - Page 11
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

case. Fed. R. Civ. P. 45. Here the Union has sought information about all aspects of the Non-Parties' interactions and business with Northshore, including correspondence which Non-Parties have had with other non-parties about Northshore. As previously explained, the request, at best, is remotely relevant to a damages assessment — the Union's stated purpose. If the motions are not quashed in their entirety, this Court should modify the subpoenas to limit their scope to information reasonably related to damages caused by the Union's illegal strike, and pursuant to a protective order.

## CONCLUSION

"'Courts have refused to permit their files to serve ... as sources of business information that might harm a litigant's competitive standing.'" *In re Adobe Systems, Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992). Here, as explained above, the Union seeks access to Northshore's confidential and proprietary business information. The Court's protection is necessary to protect this interest. For all of the aforementioned reasons, this Court should quash the Defendant's subpoenas; or, alternatively, the Court should modify the subpoenas to information consistent with the simultaneously submitted protective order.

Respectfully Submitted this 31st day of December, 2015.

By: /s/Christopher L. Hilgenfeld
Christopher L. Hilgenfeld, WSBA #36037
Davis Grimm Payne & Marra
701 5th Avenue, Suite 4040
Seattle, WA 98104-7097
Ph. (206) 447-0182
Fax: (206) 622-9927
Email: chilgenfeld@davisgrimmpayne.com
**Attorneys for Plaintiff**
**Northshore Sheet Metal, Inc.**

*Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum* - Page 12
Case No. 15-cv-01349 MJP

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of December, 2015, I electronically filed the foregoing *PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENAS DUCES TECUM* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Defendant:**
Daniel Hutzenbiler
Margaret A. Burnham
Robblee Detwiler & Black
2101 Fourth Avenue, Suite 1000
Seattle, WA  98121-2317
Email: dhutzenbiler@unionattorneysnw.com
Email: mburnham@unionattorneysnw.com

*/s/ Betsy E. Green*
Betsy E. Green, Legal Assistant to
Attorneys for Northshore Sheet Metal Inc.
E-mail: bgreen@davisgrimmpayne.com

*Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum* - Page 13
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927