Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, <br><br> Defendant. | Case No. 2:15-cv-01349 MJP <br><br> **DECLARATION OF CHRISTOPHER L. HILGENFELD IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENAS DUCES TECUM** <br><br> **Noted on Motion Calendar: January 8, 2016** |

I, CHRISTOPHER L. HILGENFELD, declare as follows:

1. I am over the age of eighteen (18) years and I am competent to testify if called upon to do so.

2. I am an attorney at Davis Grimm Payne & Marra, counsel of record for Plaintiff Northshore Sheet Metal, Inc. ("Northshore" or "Defendant"), admitted to practice in the U.S. District Court, Western District of Washington.  I am the lead attorney

*Hilgenfeld Declaration in Support of Motion to Quash or Modify Subpoenas* - Page 1
CASE NO. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

representing Northshore Sheet Metal, Inc. in the above-captioned matter, and I make this declaration based upon my personal knowledge and review of the files and records herein.

3. The Parties on October 26, 2015 participated in the 26(f) conference. During this conference I informed Defendant's counsel, Dan Hutzenbiler, that a protective order would be needed in this case. Defense counsel did not mention an intent to immediately serve a subpoena.

4. On October 27, 2015, before the parties could discuss the scope of a protective order, Defendant's counsel without any notification to Plaintiff served subpoenas duces tecum upon GLY Construction, Mortenson, and Lease Crutcher Lewis ("General Contractors").

5. On December 1, 2015, I received an objection to the subpoena from GLY Construction. I was not aware a subpoena had been served on anyone in this litigation. On the same day, I informed Margaret Burnham, Defendant's attorney, that the subpoenas were defective. I also requested immediate rescission of any subpoenas issued, and a complete list of individuals or entities she had served with subpoenas.

6. On December 3, 2015, Ms. Burnham provided me a copy of one email to Mortenson Construction, in which she stated the Union's previously issued subpoena was void due to an "inadvertent clerical error." Attached hereto as **Exhibit 1** is an email string containing this information. In that email, she returned the documents to Mortenson Construction. Defendant's counsel did not provide any notification or information regarding withdrawal of any other Union subpoenas.

*Hilgenfeld Declaration in Support of Motion to Quash or Modify Subpoenas* - Page 2
CASE NO. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

7. Also on December 3, 2015, Ms. Burnham provided copies of new subpoenas duces tecum she intended to serve. Ms. Burnham stated that she intended to serve the subpoenas on the following day.

8. On December 3, 2015, I requested a brief delay in serving those subpoenas. I identified the concern that the information sought included confidential, business proprietary and pricing information. **Exhibit 1.** Northshore sought a brief delay in the service of the subpoenas to permit the parties an opportunity to enter into a protective order. The Union refused to even briefly delay the service of the subpoenas.

9. On December 22, 2015 I conferred with Dan Hutzenbiler regarding the subpoenas, along with the protective order. I informed Mr. Hutzenbiler that a two-tier system was proposed in this case due to a fear of dissemination, especially with bid pricing. Mr. Hutzenbiler agreed to a one-tier protective order, but objected to the Plaintiff's two-tier proposal. I also asked Mr. Hutzenbiler if the Union would withdraw the subpoenas and what was the purpose for the information sought. Mr. Hutzenbiler indicated that the information sought was needed for a damages assessment, and the Union would not withdraw its subpoenas.

10. Attached hereto as **Exhibit 2** is a true and correct copy of the Subpoena Duces Tecum issued on behalf of Defendant and served upon GLY Construction on December 4, 2015.

11. Attached hereto as **Exhibit 3** is a true and correct copy of the Subpoena Duces Tecum issued on behalf of Defendant and served upon Mortenson Construction, Inc., on December 4, 2015.

*Hilgenfeld Declaration in Support of Motion to Quash or Modify Subpoenas* - Page 3
CASE NO. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

12. Attached hereto as **Exhibit 4** is a true and correct copy of the Subpoena Duces Tecum issued on behalf of Defendant and served upon Lease Crutcher Lewis on December 4, 2015.

13. Attached hereto as **Exhibit 5** is Northshore's proposed protective order.

14. Attached hereto as **Exhibit 6** is a red-lined version of Northshore's protective order reflecting changes to the Western District Washington's Model Protective Order.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing statements are true and accurate.

Dated at Seattle, Washington this __31__ day of __DECEMBER__, 2015.

_____
Christopher L. Hilgenfeld

*Hilgenfeld Declaration in Support of Motion to Quash or Modify Subpoenas* - Page 4
CASE NO. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927