Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| NORTHSHORE SHEET METAL, INC., | Case No. 2:15-cv-01349 MJP |
|---|---|
| Plaintiff, | |
| v. | *PLAINTIFF'S MOTION FOR PROTECTIVE ORDER* |
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, | **Noted on Motion Calendar: January 8, 2016** |
| | **ORAL ARGUMENT REQUESTED** |
| Defendant. | |

NOW COMES the Plaintiff Northshore Sheet Metal, Inc. ("Northshore" or "Plaintiff") seeking a protective order pursuant to Fed. R. Civ. P. 26(c). Northshore asks that the Court protect its highly proprietary, confidential, valuable and sensitive financial construction bid pricing information, contract pricing information, proprietary technical information, customer lists, technical data, marketing and business plans.

## RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 26(c), Northshore seeks a two-tiered protective order that allows the Parties to designate confidential and attorney eyes only information. A copy of Northshore's proposed protective order is attached to the concurrently filed declaration.

*Motion for Protective Order* - Page 1
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Hilgenfeld Declaration in Support of Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum (hereinafter "Hilgenfeld Decl."), Exh. 5. In accordance with Washington District Court Local Rules a red-lined version of Northshore's proposed protective order reflects changes made to the District's Model Protective Order attached to the declaration. Hilgenfeld Decl., Exh. 6.

## STATEMENT OF FACTS

Northshore has filed an amended complaint against Defendant Sheet Metal Workers International Association, Local 66 ("Defendant" or "Union"). Dkt. 24. The amended complaint asserts two causes of action: (1) the Union breached the Parties' contract (i.e., no strike provision) by engaging in a strike against Northshore; and (2) the Union has violated the National Labor Relations Act, 29 U.S.C. § 158(b)(4), by engaging in unlawful secondary activities aimed at coercing or threatening individuals to cease doing business with Northshore. Both causes of action are related to the Union's strike action against Northshore.

The Union has made it clear that it will attempt to seek confidential business and proprietary information. This motion is filed simultaneously with Northshore's motion to quash and/or modify the Union's subpoenas to GLY Construction, Mortenson Construction and Lease Crutcher Lewis ("General Contractors"). The Union has also expressed to its members that it intends to punish Northshore by diverting Northshore's work to its competitors. Meyer Declaration in Support of Plaintiff's Motion to Quash or Modify Subpoenas Duces Tecum (hereinafter "Meyer Decl."), ¶ 5. The two-tiered protective order is necessary to protect Northshore's future business opportunities. *Id.*, at ¶¶ 2-6. The dissemination — even indirectly — of Northshore's construction bid pricing, contract

*Motion for Protective Order* - Page 2
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

pricing, proprietary technical information related to its trademark NorthClad products, its customer lists, and its business and marketing strategies would cause permanent and extreme prejudice to Northshore's business. *Id.*, at ¶ 6.

This litigation will involve contract information and bid pricing. Moreover, the Union has already sought information from third party General Contractors that would potentially include proprietary technical data, customer lists, and business and marketing plans. For Northshore, this information — especially the bid pricing process — is proprietary in nature. Meyer Decl., ¶ 3. Northshore goes to great effort to protect this information. This includes only bidding on work to customers it can trust will not share their bidding practices or pricing information Northshore's competitors. *Id.* A competitor that has access to this confidential and proprietary information will have an unfair competitive advantage as to how Northshore will bid on future work. *Id.*, at ¶ 3. Further, the Union has expressed a desire to punish Northshore by diverting work to its competitors. *Id.*, ¶ 5. The permanent and extreme effect the disclosure of this confidential and proprietary information would have on Northshore's business, along with the Union's expressed intent, make the two-tiered protective order a necessity.

## CERTIFICATION OF COUNSEL

Consistent with LCR 26(c)(1), the undersigned counsel for Plaintiff Northshore Sheet Metal, Inc. certifies that Plaintiff has in good faith conferred with Defendant in an effort to resolve the issues identified in this motion without Court action. The Parties conferred, via telephone, on December 22, 2015. Hilgenfeld Decl., ¶ 9. Defendant does not object to a one-tiered protective order; Defendant does object to the two-tiered protective order proposed by Plaintiff. *Id.*

*Motion for Protective Order* - Page 3
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

## ARGUMENT

The Court has broad authority to craft a protective order that balances the Union's need for information in defending its claim and Plaintiff's need to preserve confidential, secret and proprietary business information. Fed. R. Civ. P. 26(c)(1). This Rule permits the Court to go beyond "yes" or "no" as to whether discovery can be had, and allows it instead to order that a disclosure of confidential business information be made "only in a designated way." Fed. R. Civ. P. 26(c)(7); *see also, Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470-71 (9th Cir. 1992) (affirmed protective order restricting access to client, including in-house counsel, in part, based on the possibility of inadvertent disclosure); *Intel Corp. v. Via Tech Inc.*, 198 F.R.D. 525, 527-28 (N. D. Cal. 2000) (restricting in-house counsel's access to discovery).

To obtain such an order, Northshore need only show "good cause." Fed. R. Civ. P. 26(c)(1). Northshore may satisfy its burden with a showing that "specific prejudice or harm will result if no protective order is granted." *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The Ninth Circuit has recognized the existence of specific harm if a party must, in the course of complying with discovery obligations, disclose confidential and proprietary business information when such a disclosure would (1) work a substantial hardship on the disclosing party, and (2) potentially provide information to competitors. *See Hartley Pen Co. v. U.S. District Court*, 287 F.2d 324, 330-31 (9th Cir. 1961). Once Northshore has shown good cause, the burden shifts to the Union to explain why the information must be disclosed without condition to the Union. This is true since Northshore proposes disclosure of the information only with respect to the Union and its personnel, and not with respect to the Union's attorney.

*Motion for Protective Order* - Page 4
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

## A. NORTHSHORE HAS GOOD CAUSE FOR ITS PROPOSED PROTECTIVE ORDER

Northshore has good cause to request the Court enter the proposed protective order. A protective order is needed to protect confidential and proprietary information – bid pricing and practices, contract pricing, proprietary technical data, customer lists, and marketing and business plans. A two-tiered system is required to ensure that highly confidential information that directly impacts future Northshore business — such as bid pricing and practices, contract pricing, and proprietary technical date related to the NorthClad products — is not disseminated to Northshore competitors. The dissemination, whether intentional or inadvertent and whether it was done directly or indirectly, would be extremely prejudicial to Northshore. The proposed order would designate the information as confidential and attorneys eyes only. In general, there can be no question the Court may impose special conditions and restrictions on the revelation of information in discovery. The Parties in this matter, however, disagree as to the scope of the supporting restrictions on access to the information.

As an initial matter, the information covered under the protective order is limited to damages. None of the information sought to be protected goes to the merits of Plaintiff's claims, or Defendant's defenses asserted therein. The bid pricing and practices, contract pricing, and other confidential proprietary business information has a limited focus in this litigation.

The analysis required by Rule 26 concerns confidential business information, not whether the information is a category previously held to be worthy of access restrictions. *Phillips*, 307 F.3d at 1211-12; *Gelb v. AT&T Co.*, 813 F. Supp. 1022, 1034-35 (S.D. NY 1993) (explained that information protected under Rule 26(c)(7) need not qualify as a trade

*Motion for Protective Order* - Page 5
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

secret). In answering the question, courts consider not whether the information is a "trade secret" but whether forcing unconditional disclosure would work a hardship on the disclosing party, and whether disclosing would potentially create a windfall for competition.

Here, there can be no doubt Northshore has good cause to ensure that its bid pricing, proprietary technical information, customer lists, marketing and business plans remain confidential. If competitors received this information it would have a permanent and devastating impact on Northshore's business. Meyer Decl., ¶¶ 3, 5, 6. There is also a reasonable fear that the information will be disseminated — whether intentionally or inadvertently — to Northshore's competitors. *Id.* Such dissemination would punish Northshore and divert work to Northshore's competitors. Moreover, it would increase job opportunities for Union members that have elected not to work for Northshore during the strike. That is precisely why the two-tiered system is required. Northshore will suffer permanent and extreme prejudice should a protective order not be established. *Id.* Moreover, due to the circumstances of this litigation, a two-tiered system is the only method that will provide adequate justification. The Court has great flexibility to protect confidential or commercially sensitive information. *Phillips ex rel. Estate of Byrd v. Gen. Motor Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Such flexibility is required in this instance.

The Union represents employees that work for Northshore's competitors. The Union is advantaged if Northshore's competitors are able to gain Northshore's business opportunities. The Union has expressed an intent to its members that it intends to punish Northshore and divert work to its competitors. The Union's actions in the strike, and in the processing of the subpoenas without providing advance notice and without agreeing to even

*Motion for Protective Order* - Page 6
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

a brief delay to obtain a protective order, show an intent to harm Northshore by intimidating and harassing Northshore, its customers and contractors. Northshore has good cause for the Court to enter its proposed protective order.

### B. THERE IS NO REASON TO PERMIT THE UNION OR ITS PERSONNEL ACCESS TO THE INFORMATION

As explained above, while Northshore is willing to recognize that the Union's counsel must have access to specific information to potentially defend its claims as they are currently presented, the Union has so far failed to explain why access by the Union's counsel (and experts hired by the Union's counsel) only is insufficient for this purpose. This fact is highlighted because the information sought by the Union related to confidential information is solely related to a damages calculation.

Moreover, Plaintiff's proposed protective order does provide Defendant with an avenue to change designation. If a document is improperly designated (or a party's case requires additional disclosure), that party may petition the Court for a change in designation. This proposal adequately protects Northshore's legitimate business interest, while simultaneously providing the Union with access to the information and a manner to change a designation should the need arise. This balancing act is in line with Ninth Circuit guidance. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

The Union seeks to access the confidential business information related to future work. As a result, it must establish that it will suffer prejudice if it is given only restricted access to the information. *Intel*, 198 F.R.D. at 528. The protective order must actually prejudice a party's presentation of the case, not merely increase the difficulty in managing the litigation. *Brown Bag*, 960 F.2d at 1470. The Union must show actual prejudice, not just that the attorney eyes only restriction Northshore seeks would make it more difficult for

*Motion for Protective Order* - Page 7
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

the Union to prosecute Defendant's case. *Id.* In sum, because the information is highly proprietary, confidential, sensitive and commercially valuable, and because disclosure of this information, even inadvertently or indirectly, would cause permanent and extreme prejudice, Plaintiff's protective order is required. Northshore respectfully requests the Court grant Northshore's motion for a two-tiered protective order.

## CONCLUSION

For all of the aforementioned reasons, Plaintiff asks the Court to impose the two-tiered protective order.

Respectfully Submitted this 31st day of December, 2015.

>By: /s/Christopher L. Hilgenfeld
>Christopher L. Hilgenfeld, WSBA #36037
>Davis Grimm Payne & Marra
>701 5th Avenue, Suite 4040
>Seattle, WA 98104-7097
>Ph. (206) 447-0182 | Fax: (206) 622-9927
>Email: chilgenfeld@davisgrimmpayne.com
>**Attorneys for Plaintiff**
>**Northshore Sheet Metal, Inc.**

*Motion for Protective Order* - Page 8
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

# CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of December, 2015, I electronically filed the foregoing *PLAINTIFF'S MOTION FOR PROTECTIVE ORDER* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Defendant:**
Daniel Hutzenbiler
Margaret A. Burnham
Robblee Detwiler & Black
2101 Fourth Avenue, Suite 1000
Seattle, WA 98121-2317
Email: dhutzenbiler@unionattorneysnw.com
Email: mburnham@unionattorneysnw.com

*/s/ Betsy E. Green*
Betsy E. Green, Legal Assistant to
Attorneys for Northshore Sheet Metal Inc.
E-mail: bgreen@davisgrimmpayne.com

*Motion for Protective Order* - Page 9
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927