**HONORABLE MARSHA J. PECHMAN**

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, <br><br> Defendant. | No. 2:15-CV-01349 MJP <br><br> **RESPONSE TO NORTHSHORE'S MOTION FOR PROTECTIVE ORDER** |

## FACTS[1]

Northshore is an architectural sheet metal company based in Everett, Washington. Local 66 represents Northshore's bargaining-unit employees. The parties' collective bargaining agreement ("CBA") expired on June 1, 2015. (Carter Decl. ¶ 2). Upon expiration of the CBA, The Union had the right to strike Northshore. (Id.). The parties began bargaining for a successor CBA on May 12, 2015. (Carter Decl. ¶ 3). During the bargaining session on May 25, 2015, the Business Manager for the Union, Tim Carter, explicitly stated that he would not agree to Northshore's request for an extension of the CBA because the Union would not waive its right to

---

[1] A more full recitation of the facts is included in Local 66's Response to Northshore's Motion to Quash.

RESPONSE TO NORTHSHORE'S MOTION
FOR PROTECTIVE ORDER
2:15-CV-01349 MJP - 1

LAW OFFICES OF
Robblee Detwiler & Black
=============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

strike. (Carter Decl. ¶ 4). Subsequently, on August 20, 2015, the Union went on strike and remains engaged in a lawful strike against Northshore to this day. (Burnham Decl. ¶ 3).[1]

In conjunction with filing unsuccessful Unfair Labor Practice charges with the National Labor Relations Board, Northshore also filed this suit against the Union. (Dkt. #1). Within its First Amended Complaint, Northshore stated that the purpose of Defendant's pickets was to "force Mortenson Construction, GLY Construction, Lease Crutcher Lewis, and other general contractors and customers to cease doing business with Northshore." (Dkt. #24).

On October 26, 2015, the parties participated in the 26(f) conference. (Hutzenbiler Decl. ¶ 3). During that conversation, Northshore's counsel stated he thought a protective order was needed, but did not provide a draft protective order. (Id.). Defendant's counsel informed Northshore's counsel that the Union would consider a protective order once Northshore provided a draft. (Id.).

Northshore did not provide the Union with a draft protective order until December 17, 2015, nearly two (2) months after the Union had requested a draft. (Hutzenbiler Decl. ¶ 4). Northshore's proposed protective order ("Proposed Order") encompasses the Western District of Washington's Model Stipulated Protective Order ("Model Order"), but adds the following section:

> ATTORNEY EYES ONLY MATERIAL
> "ATTORNEY EYES ONLY" material shall include documents and tangible things produced or otherwise exchanged that contain information, which is business or proprietary information for future construction work, or potential work, that, if released to an entity's competitors, would confer on those a competitive advantage, including: confidential research and development, financial construction bid information, contract pricing information, proprietary technical information, customer lists, technical data, marketing and business plans.

---

[1] On November 30, the NLRB issued a decision finding that the Union's strike is lawful.

RESPONSE TO NORTHSHORE'S MOTION
FOR PROTECTIVE ORDER
2:15-CV-01349 MJP - 2

LAW OFFICES OF
Robblee Detwiler & Black
=============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

Model Order, at 2. The Proposed Order further delineates that only attorneys for the parties, and their expert witnesses and outside consultants, may review such documents without the consent of the producing party or upon order of the court. *Id.* at 5.

On December 22, 2015, the parties held another phone conference to discuss Northshore's Proposed Order. (Hutzenbiler Decl. ¶ 5). Local 66's counsel believes that the "ATTORNEY EYES ONLY" section and related subsections will impede his ability to prepare Local 66's case. (Id.). The additional sections effectively require Local 66's counsel to 1) not freely share relevant information with his client, and 2) divulge attorney work product/mental impressions to Northshore's counsel each time Defendant's counsel has to ask for permission to share information with his client. (Id.). Additionally, Local 66's counsel believes that adding the sections will cause delay in conducting discovery and will inevitably lead to discovery disputes. (Id.).

Northshore's only stated reason for adding the additional sections was its concern that Local 66 will somehow use the materials provided in discovery to help Northshore's competitors. (Hutzenbiler Decl. ¶ 6). Local 66's counsel explained that under the Model Order, the parties would be required to maintain confidentiality of all such documents and the "ATTORNEY EYES ONLY" sections and related subsections are duplicative and unnecessary. (Hutzenbiler Decl. ¶ 7). Local 66's counsel also informed Northshore's counsel that Local 66 is agreeable to the Court's Model Order, but not Northshore's proposed protective order that includes the additional sections. (Hutzenbiler Decl. ¶ 8). After the parties had the requisite 26(i) conference, Northshore filed the underlying Motion for Protective Order ("Motion").

RESPONSE TO NORTHSHORE'S MOTION
FOR PROTECTIVE ORDER
2:15-CV-01349 MJP - 3

LAW OFFICES OF
Robblee Detwiler & Black
===========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

# ARGUMENT

**THE COURT SHOULD REJECT NORTHSHORE'S PROPOSED PROTECTIVE ORDER BECAUSE IT HAS NOT DEMONSTRATED GOOD CAUSE, AND THE ORDER IS UNNECESSARILY BURDENSOME.**

### A. Northshore Has Not Demonstrated The Requisite Good Cause For Its Proposed Order.

The Court should deny Northshore's Motion because it has not demonstrated good cause for the precise protective order it seeks. The Court may only enter a proposed protective order upon a showing of good cause by the party seeking the order. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006); Intel Corp. v. VIA Techs, Inc., 198 FRD 525, 528 (N.D. Cal. 2000) ("The party seeking a protective order bears the burden of showing good cause for the order to issue…"). Moreover, "a protective order should be narrowly tailored and cannot be overbroad." United States v. Celgene Corp., 2014 U.S. Dist. LEXIS 124114, *citing* Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 n.3 (9th Cir. 2004) and Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). *See also* Coloplast A/S v. Generic Med. Devices, Inc., 2010 U.S. Dist. LEXIS 92335 (W.D. Wa. 2010) ("The [protective order] request must be narrow…"). Northshore's proposed protective order fails because it is not sufficiently narrowly tailored.

Northshore's proposed revisions to the Model Order are unnecessarily restrictive and redundant. Local 66 has no objection to a protective order restricting dissemination of Northshore's trade secrets. The District's Model Order amply covers that concern. Northshore's proposed modifications go beyond merely restricting the dissemination of confidential information, and would impact Local 66's preparation of the litigation. Northshore improperly seeks to restrict the ability of Local 66's counsel to discuss and review materials – plainly relevant to this case – with Local 66 itself.

RESPONSE TO NORTHSHORE'S MOTION
FOR PROTECTIVE ORDER
2:15-CV-01349 MJP - 4

LAW OFFICES OF
Robblee Detwiler & Black
==============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

Northshore's sole stated concern is that it seeks to prevent disclosure of trade secrets to its competitors. Northshore claims that its proposed two-tiered approach is "required to ensure that highly confidential information that directly impacts future Northshore business – such as bid pricing and practices, contract pricing, and proprietary technical date [sic] related to the Northclad products – is not disseminated to Northshore competitors." Motion at 5. Northshore's purported concern that Local 66 might somehow share such information with Northshore's competitors, however, is directly addressed in the Model Order.

The Model Order specifically requires that the parties not disclose any confidential material, meaning that Local 66 is already specifically barred from sharing such confidential materials with anyone outside the litigation, including Northshore's competitors. Model Order, ¶¶ 4 and 8. Thus, Northshore's proposed revisions do not provide additional protection against dissemination to competitors, Northshore's stated purpose. As such, Northshore's proposed protective order is overbroad, superfluous, and excessively restrictive, and it cannot demonstrate the requisite good cause for the order it seeks.

The two cases primarily relied upon by Northshore are inapposite. Both cases deal with the issue of whether in-house counsel for the party seeking discovery should be allowed access to information classified as trade secrets.[2] More importantly, however, is that in both cases, the lawsuit involved a dispute between competitors, meaning that the trade secret information produced would be shared directly with a party's competitor.

In Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1465 (9th Cir. 1992), Brown Bag sued Symantec, a competitor, for infringement of Brown Bag's copyright of a computer program. After an extensive evidentiary hearing, the District Court refused to modify a protective order restricting the access of Brown Bag's in-house counsel to confidential trade

---

[2] For that reason alone, both cases are distinguishable, as there is no claim that Local 66 even has in-house counsel.

RESPONSE TO NORTHSHORE'S MOTION
FOR PROTECTIVE ORDER
2:15-CV-01349 MJP - 5

LAW OFFICES OF
Robblee Detwiler & Black
=============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

information. *Id.* The lower court based its refusal on the fact that "Brown Bag's counsel's employment would necessarily entail advising his employer in areas relating to Symantec's trade secrets." *Id.* at 1471. The Ninth Circuit affirmed because the "protective order strikes a reasonable balance…by shielding Brown Bag's in-house counsel from <u>personal knowledge of a competitors' trade secrets</u>, but allowing access to information through an independent consultant." *Id.* (emphasis added). Thus, the Ninth Circuit affirmed based on the need to prevent trade secrets from being directly produced to a party's competitor.

Similarly, <u>Intel Corp.</u>, 198 FRD at 526, involved a lawsuit by Intel against an alleged patent infringer – again, a competitor of Intel. Like Brown Bag, Intel sought to modify a previously-agreed upon protective order to allow its in-house counsel access to confidential documents. As the parties were competitors, the court there similarly held that in-house counsel should be restricted from accessing the trade secret materials.[3]

Thus, the cases Northshore relies upon in support of its "attorney eyes only" provisions are applicable only when the receiving party is a competitor of the producing party. *See also* <u>Avocent Redmond Corp. v. Rose Elecs., Inc.</u>, 252 FRD 574, 576 (W.D. Wa. 2007) (interpreting <u>Brown Bag</u> to hold that "[t]he inquiry focuses on whether counsel can be deemed a 'competitive decision maker…"); <u>Amgen, Inc. v. Elanex Pharms, Inc.</u>, 160 FRD 134, 139 (W.D. Wa. 1994) ("In-house counsel in the instant case, unlike counsel in <u>Brown Bag</u>, are not involved in competitive decision-making, which is arguably the determinative factor in this analysis"). Here, there is no such issue. Northshore's only stated concern for the "attorneys eyes only" provisions

---

[3] Relying again upon both <u>Intel</u> and <u>Brown Bag</u>, Northshore argues that the Union "must establish that it will suffer prejudice if it is given only restricted access to the information." <u>Motion</u> at 7. That argument is flatly incorrect. The very case relied heavily upon by Northshore explicitly holds that "[t]he party seeking a protective order bears the burden of showing good cause for the order to issue…." <u>Intel</u>, 198 FRD at 528. Moreover, the court there held the following with regard to prejudice: "To <u>modify</u> a protective order a party must establish good cause by demonstrating how the protective order will prejudice the party's case." *Id.* As already addressed, <u>Brown Bag</u> similarly dealt with a party seeking to modify a protective order, and placed the burden on that party to establish good cause <u>for modification</u>. The Union is not seeking to modify any established protective order, so these citations are inapplicable and patently misleading.

RESPONSE TO NORTHSHORE'S MOTION
FOR PROTECTIVE ORDER
2:15-CV-01349 MJP - 6

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

are that its potential trade secret information would potentially get to its competitors. The Model Order plainly covers that stated concern. Northshore has not demonstrated good cause for an order restricting Local 66, a non-competitor, from reviewing materials that are necessary to its defense.

### B. Northshore's Proposed Order Is Unnecessarily Burdensome.

Northshore's proposed restrictions are unnecessarily burdensome on Local 66's preparation of its litigation. As described above, Northshore's proposed "attorney eyes only" provisions do nothing to address Northshore's stated confidentiality concern that the Model Order does not already do. The provisions instead prevent Local 66's counsel from reviewing such information with Local 66 directly, until such time as Northshore grants permission to do so. For Local 66's counsel to review the materials with Local 66, it must therefore run the risk of divulging attorney mental processes and work product. Moreover, having to ask for permission to review documents with Local 66 will inevitably lead to delays in preparation, particularly if there is a dispute between counsel over whether materials may be reviewed by Local 66.[4] Such a restriction is overly burdensome and potentially prejudicial, particularly given that Northshore's stated concern is already addressed by the Model Order.[5]

### **CONCLUSION**

For the foregoing reasons, the Court should deny Northshore's Motion for Protective Order.

---

[4] Disputes that may thereafter lead to unnecessarily burdening this Court with more discovery motions.
[5] Northshore's claim that it needs some kind of extra protection because the Union is seeking to harm it is based on nothing more than unattributed hearsay, and as such, should be disregarded. *See* Meyer Dec., ¶ 5.

RESPONSE TO NORTHSHORE'S MOTION
FOR PROTECTIVE ORDER
2:15-CV-01349 MJP - 7

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

1       DATED this 6th day of January, 2016.

2                                          s/Daniel Hutzenbiler
                                           Daniel Hutzenbiler, WSBA No. 36938
3                                          Robblee Detwiler & Black, P.L.L.P.
                                           2101 Fourth Ave, Suite 1000
4                                          Seattle, Washington 98121
                                           Telephone: (206) 467-6700
5                                          Fax: (206) 467-7589
                                           E-mail: dhutzenbiler@unioattorneysnw.com
6
7                                          Attorneys for Defendant

RESPONSE TO NORTHSHORE'S MOTION
FOR PROTECTIVE ORDER
2:15-CV-01349 MJP - 8

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467.7589

# CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2016, I electronically filed the foregoing **RESPONSE TO NORTHSHORE'S MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following:

> Christopher L. Hilgenfeld
> Davis Grimm Payne & Marra
> 701 Fifth Ave, Suite 4040
> Seattle, WA 98104

> s/Daniel Hutzenbiler
> Daniel Hutzenbiler, WSBA No. 36938
> Robblee Detwiler & Black, P.L.L.P.
> 2101 Fourth Avenue, Suite 1000
> Seattle, Washington 98121
> Telephone: (206) 467-6700
> Fax: (206) 467-7589
> E-mail: dhutzenbiler@unioattorneysnw.com

> Attorneys for Defendant

CERTIFICATE OF SERVICE - 1

LAW OFFICES OF
Robblee Detwiler & Black
===========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·· FAX (206) 467-7589