**HONORABLE MARSHA J. PECHMAN**

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66,<br><br>Defendant. | No. 2:15-CV-01349 MJP<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENAS DUCES TECUM**<br><br>**NOTED ON MOTION CALENDAR:**<br><br>**January 8, 2016** |

## RELIEF REQUESTED

Defendant Sheet Metal Workers International Association, Local 66 ("Local 66") requests the Court deny Northshore Sheet Metal, Inc.'s ("Northshore") Motion to Quash or Modify Subpoenas Duces Tecum ("Motion"). Local 66 is properly seeking information necessary to determine liability and damages in the above-captioned matter and has agreed to sign the model protective order ("Model Order"). The Court should therefore deny Northshore's Motion.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENAS DUCES TECUM
2:15-CV-01349 MJP - 1

LAW OFFICES OF
Robblee Detwiler & Black
========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

## STATEMENT OF FACTS

Northshore is an architectural sheet metal company based in Everett, Washington. Local 66 represents Northshore's bargaining-unit employees. The parties' collective bargaining agreement ("CBA") expired on June 1, 2015. (Carter Decl. ¶ 2). Upon expiration of the CBA, Local 66 had the right to strike Northshore. (Id.). The parties began bargaining for a successor CBA on May 12, 2015. (Carter Decl. ¶ 3). During the bargaining session on May 25, 2015, the Business Manager for Local 66, Tim Carter, explicitly stated that he would not agree to Northshore's request to an extension of the CBA because Local 66 would not waive its right to strike. (Carter Decl. ¶ 4). Subsequently, on August 20, 2015, Local 66 went on strike and remains engaged in a lawful strike against Northshore to this day. (Burnham Decl. ¶ 3).[1]

In conjunction with filing unsuccessful Unfair Labor Practice charge with the National Labor Relations Board, Northshore also filed this suit against Local 66. (Dkt. #1). Within its First Amended Complaint, Northshore stated that the purpose of Local 66's pickets was to "force Mortenson Construction, GLY Construction, Lease Crutcher Lewis, and other general contractors and customers to cease doing business with Northshore." (Dkt. #24).

On October 26, 2015, the parties participated in the 26(f) conference. (Hutzenbiler Decl. ¶ 3). During that conversation, Northshore's counsel stated he thought a protective order was needed, but did not provide a draft protective order. (Id.). Local 66's counsel informed Northshore's counsel that Local 66 would consider a protective order once Northshore provided a draft. (Id.).

On October 27, 2015, Local 66 issued subpoenas to Mortenson Construction ("Mortenson"), GLY Construction, Inc. ("GLY"), and Lease Crutcher Lewis. (Burnham Decl. ¶ 4). Only Mortenson responded. (Id.). Due to an inadvertent clerical error, the notification letter

---

[1] On November 30, 2015, the NLRB issued a decision finding that Local 66's strike is lawful.

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO QUASH OR
MODIFY SUBPOENAS DUCES TECUM
2:15-CV-01349 MJP - 2

Law Offices Of
Robblee Detwiler & Black
============================
2101 Fourth Avenue, Suite 1000
Seattle, WA 98121
(206) 467.6700 · fax (206) 467-7589

to Northshore's counsel was not sent. (Burnham Decl. ¶ 5). Subsequently, on December 1, 2015, Northshore's counsel notified Local 66's counsel that he had not received notice of the subpoenas and demanded they be rescinded. (Burnham Decl. ¶ 6). At this point, Local 66's counsel became aware that the notification letter was unintentionally not sent to Northshore's counsel. (Id.). Thereafter, Local 66's counsel rectified the situation by notifying Mortenson that the subpoena was void and returned all responsive documents. (Burnham Decl. ¶ 7, Ex. A).

On December 3, 2015, Local 66's counsel provided Northshore's counsel with copies of the subpoenas it intended to reissue the following day. (Burnham Decl. ¶ 8, Ex. B). Northshore's counsel requested the subpoenas not be issued until a protective order was in place, but still had not provided Local 66 with a draft protective order. (Burnham Decl. ¶ 9). Local 66's counsel asked for the basis of the protective order and again requested a draft of a proposed protective order. (Id.) Northshore's counsel made vague claims that the information being sought in the subpoenas would contain confidential, business proprietary, and pricing information. (Burnham Decl. ¶ 10, Ex. B). Northshore's counsel also informed that it was planning to ask "the subpoenaed parties to refrain from producing any documents until Northshore has had the opportunity to protect [its] information." (Burnham Decl. ¶ 11, Ex. B). As Northshore's counsel failed to provide a draft protective order or identify which information it felt was proprietary, Local 66 issued the subpoenas on December 4, 2015. (Burnham Decl. ¶ 12).

Northshore did not provide Local 66 with a proposed protective order ("Proposed Order") until December 17, 2015, nearly two (2) months after Local 66 had requested a draft. (Hutzenbiler Decl. ¶ 4). On December 22, 2015, the parties held a 26(i) phone conference to discuss Northshore's Proposed Order. (Hutzenbiler Decl. ¶ 5). Local 66's counsel believes that the "ATTORNEY EYES ONLY" section and related subsections will impede on Local 66's ability to prepare its case. (Id.). The additional sections effectively require Local 66's counsel to not freely share information with Local 66 and divulge attorney work product/mental

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO QUASH OR
MODIFY SUBPOENAS DUCES TECUM
2:15-CV-01349 MJP - 3

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

1  impressions to Northshore's counsel each time Local 66's counsel has to ask for permission to
2  share information with his client. (Id.).

3  Moreover, adding the sections will cause delay in conducting discovery and will
4  inevitably lead to discovery disputes. (Id.). Northshore's only stated reason for adding the
5  additional sections was its concern that Local 66 will somehow use the materials provided in
6  discovery to help Northshore's competitors. (Hutzenbiler Decl. ¶ 6). Local 66's counsel
7  explained that under the Model Order, the parties would be required to maintain confidentiality
8  of all such documents and the "ATTORNEY EYES ONLY" sections and related subsections are
9  duplicative and unnecessary. (Hutzenbiler Decl. ¶ 7). Local 66's counsel informed Northshore's
10 counsel that Local 66 is agreeable to the Model Order, but not Northshore's Proposed Order that
11 includes the additional sections. (Hutzenbiler Decl. ¶ 8).

12 The subpoenas seek the following information from Mortenson, GLY, and Lease
13 Crutcher Lewis: 1) all correspondence between Northshore and the third party contractor from
14 May 1, 2015 to the present; 2) all correspondence to or from the third party contractor about
15 Northshore from May 1, 2015 to the present; and 3) all contracts entered into between
16 Northshore and the third party contractor relating to projects that were started or ongoing from
17 May 1, 2015 to the present. (Burnham Decl. ¶ 12, Ex. C). Local 66 received objections only
18 from GLY on December 30, 2015, long past the fourteen (14) day objection deadline. (Burnham
19 Decl. ¶ 13). Local 66 sent GLY a letter informing them that GLY's objections were untimely and
20 therefore waived. (Id., Ex. D). The date of compliance for the subpoenas was January 4, 2016.
21 (Burnham Decl. ¶ 12, Ex. C). To date, Local 66 has not received a response from Mortenson,
22 GLY, or Lease Crutcher Lewis. (Burnham Decl. ¶ 14).
23 //
24
25 //

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO QUASH OR
MODIFY SUBPOENAS DUCES TECUM
2:15-CV-01349 MJP - 4

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

# AUTHORITY

1. **Northshore Lacks Standing To Assert Undue Burden, Overbreadth, And Harassment In Regards to Third-Party Subpoenas.**

The Court should deny Northshore's Motion to Quash because Northshore lacks standing to quash or modify the subpoenas on the grounds that they are overbroad, unduly burdensome, and harassing, given that the third party general contractors did not object, or waived objection, to the subpoenas.[2] *See* Ford Glob. Techs., LLC v. New World Int'l, Inc., No. C15-1329JLR, 2015 U.S. Dist. LEXIS 145775, at 7-8 (W.D. Wash. Oct. 27, 2015) ("As an initial matter, because Amazon has not objected to the Subpoena as modified, Defendants lack standing to quash or modify the Subpoena on the grounds that the Subpoena is overbroad or seeks irrelevant information."); Wells Fargo and Co. v. ABD Ins., et al., 2012 U.S. Dist. LEXIS 173365, 2012 WL 6115612, at 2 (N.D.Cal. Dec. 10, 2012) ("A party's objection that a third-party subpoena seeks irrelevant information or would impose an undue burden are not grounds on which a party has standing to move to quash a subpoena when the non-party has not objected."). Objections unrelated to a claim of privilege or privacy interest are not proper bases upon which a party may quash a subpoena. Ford Glob. Techs., at 7-8 ("Defendants' only cognizable basis for quashing the Subpoena is that it seeks privileged and/or confidential information"). *See also* Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York, 519 F. Supp. 668, 680 (D.C. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege).

On December 4, 2015, Local 66 issued subpoenas to third party general contractors seeking relevant information and documents. Local 66 did not receive objections from any contractor except GLY, whose objections were untimely and therefore waived. Burnham Decl. ¶ 13; Fed. R. Civ. P. 45. As no valid objections were raised by the third party general contractors,

---

[2] GLY made untimely objections Local 66's subpoena on December 30, 2015. As the objections were untimely, they are waived. *See* Moon v SCP Pool Corp. 232 FRD 633 (C.D. Cal. 2005).

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO QUASH OR
MODIFY SUBPOENAS DUCES TECUM
2:15-CV-01349 MJP - 5

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467.7589

Northshore's only cognizable basis for quashing the subpoena is that it seeks privileged and/or confidential information. Northshore's additional claims of undue burden, overbreadth, and harassment should be dismissed as they are improperly asserted on behalf of the third party general contractors who did not file valid objections to Local 66's subpoenas.

**2. Local 66 Is Seeking Information That Is Likely To Lead To The Discovery Of Admissible Evidence.**

Local 66 is seeking information that is directly relevant to this case. Under Federal Rule of Civil Procedure ("FRCP") 45, any party may serve a subpoena on a nonparty ordering the production of certain documents. Fed. R. Civ. P. 45(a)(1)(A)(iii). Under FRCP 26(b), litigants may obtain discovery regarding "any non privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Because discovery is broad in scope and biased toward discovery, discovery requests need only be "reasonably calculated to lead to the discovery of admissible evidence." *Id*. The broad right of discovery is based on the general principle that litigants have a right to "every man's evidence," United States v. Bryan, 339 U.S. 323, 331 (1950), and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth. Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993). District courts have broad discretion in determining relevancy for discovery purposes. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Northshore's allegation that Local 66's subpoenas are "merely a fishing expedition that is not aimed at the claims and defenses in this lawsuit" is baseless and unequivocally false. Local 66 is properly seeking discovery dating back to May 2015 from third party general contractors that will likely lead to admissible evidence relating to Local 66's liability (if any) and Northshore's damages (if any).

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO QUASH OR
MODIFY SUBPOENAS DUCES TECUM
2:15-CV-01349 MJP - 6

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

It is reasonable to assume that as the expiration of the CBA was approaching on June 1, 2015, Northshore informed its current and future general contractors about the possibility of strike by Local 66. Further, at the May 25, 2015 bargaining session, Local 66 Business Manager Tim Carter explicitly informed Northshore's ownership that Local 66 would not waive its right to strike by agreeing to a contract extension. Local 66 is seeking information from the general contractors listed in Northshore's complaint because it is reasonable to assume that Northshore and those contractors may have been planning, in May, with how to deal with a strike. This would include, for example, possible changes in Northshore's shifts and/or removing Northshore from projects. This information directly relates to Local 66's liability, as Local 66 believes Northshore may have been scheduled differently and/or removed due to primary picketing activity, and therefore Local 66 is not liable for any resulting damages. It would also be expected that that individual employees of the third party general contractors would be talking about plans as to how to respond to a strike. Moreover, communications unrelated directly to the strike, such as Northshore's performance, will directly relate to liability and damages.

Furthermore, Northshore is misrepresenting its own belief regarding what timeframe is relevant by claiming in its Motion that "the Union has failed to limit the subpoenas to a reasonable time frame. The information sought includes a timeframe covering several months before the Union's strike activity." Ex. E. One week prior to making this assertion, Northshore issued discovery to Local 66 that requested documents and information from June 1, 2015 onward. Northshore's allegation that Local 66 has not properly limited the scope of the subpoenas is directly contradicted by Northshore's own discovery requests to Local 66. Northshore issued discovery to Local 66 requesting documents dating back to June 1, 2015, indicating that Northshore understands that documents from well before the actual strike

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO QUASH OR
MODIFY SUBPOENAS DUCES TECUM
2:15-CV-01349 MJP - 7

LAW OFFICES OF
Robblee Detwiler & Black
===========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

occurred are relevant to this matter.[3] Local 66's requests are directly relevant to the proceedings at hand.

### 3. **Northshore Is Impeding On Local 66's Ability To Conduct Discovery.**

The Court should also deny Northshore's Motion because it is improperly interfering with discovery. It can be reasonably inferred that Northshore instructed the subpoenaed contractors to not comply with the subpoenas <u>before</u> a protective order was entered, therefore improperly impeding the discovery process. FRCP 45 vests a party's attorney with the authority to compel production of documents or require the appearance of a non-party as described in the subpoena. Fed. R. Civ. P. 45(a)(1)(C)-(D). "Nowhere in the Rule is it contemplated that the adversary of the party seeking the information may advise, no matter the reasons, the person commanded by the subpoena to produce the information to ignore the subpoena's command." <u>Lofton v. Verizon Wireless (VAW) LLC</u>, 308 F.R.D. 276, 290 (N.D. Cal. 2015) (quoting <u>Price v. Trans Union, L.L.C.</u>, 847 F. Supp. 2d 788, 794 (E.D. Pa. 2012).[4]

It can be reasonably inferred that Northshore advised the third party general contractors to not comply with Local 66's subpoenas. On December 3, 2015, Northshore's counsel informed Local 66 that it intended to ask "the subpoenaed parties to refrain from producing any documents until Northshore has had the opportunity to protect [its] information." (Burnham Decl. ¶ 11, Ex. B). To date, Local 66 has not received any of the subpoenaed documents from the third party general contractors or any valid objections. (Burnham Decl. ¶ 14). It appears that

---

[3] Although Northshore lacks standing to object to the breadth of the third party subpoenas, it should be noted that its discovery requests are essentially asking for the same breadth of documents. For example, Northshore's Request for Production No. 6 states, "Please provide copies of all Documents in Your possession, custody or control that You sent to any individual or entity (including general contractors, subcontractors, businesses, local or international unions, etc.) that refer, relate to or regard the Strike Action against Northshore." Ex. E. Local 66 is also seeking information relating to other job sites based on Northshore's vague claims of damages at "other job sites" in its First Amended Complaint. Dkt. # 24.

[4] In such scenarios, courts have sanctioned the party who unlawfully advised the third party to not comply with the subpoena. *See* <u>Fox Indus., Inc. v. Gurovich</u>, No. 03-5166, 2006 U.S. Dist. LEXIS 73035, 2006 WL 2882580, at 2 (E.D.N.Y. Oct. 6, 2006) (exercising its inherent authority to sanction defendant to the tune of $1,000 per letter for sending third party subpoena subjects letters advising them not to comply with plaintiff's subpoenas).

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO QUASH OR
MODIFY SUBPOENAS DUCES TECUM
2:15-CV-01349 MJP - 8

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

Northshore's counsel contacted the third party general contractors as he stated he would, and requested they not respond to the properly issued discovery in contravention of FRCP 45. The Court should reject Northshore's improper attempt to impede Local 66's ability to conduct discovery.

### 4. Local 66 Agreed To Sign The Model Order That Protects Confidential And Proprietary Information.

The Court should deny Northshore's Motion in relation to Northshore's proprietary information concerns because Local 66 has explicitly informed Northshore that it is ready and willing to sign the Model Order found on the United States District Court of Western Washington's webpage. That agreement alleviates Northshore's baseless concerns about Local 66 sharing Northshore's information with competitors. The Model Order specifically requires that the parties not disclose any confidential material, meaning that Local 66 is already specifically barred from sharing such confidential materials with anyone outside the litigation, including Northshore's competitors. Ex. F. Northshore, however, is unwilling to stipulate to the Model Order because it wants additional "ATTORNEY EYES ONLY" sections added, but has failed to state why the sections are necessary. As stated in Local 66's Response to Northshore's Motion for Protective Order, these sections are both duplicative and unnecessarily restrictive. The Court should not grant Northshore's Motion as Local 66 is agreeable to the Model Order that addresses Northshore's stated concern and Northshore's Proposed Order is unduly restrictive and unnecessary. *See* Ford Glob. Techs., LLC v. New World Int'l, Inc., No. C15-1329JLR, 2015 U.S. Dist. LEXIS 145775, at 9 (W.D. Wash. Oct. 27, 2015).

### CONCLUSION

For the foregoing reasons, the Court should deny Northshore's Motion to Quash or Modify Subpoenas Duces Tecum.

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO QUASH OR
MODIFY SUBPOENAS DUCES TECUM
2:15-CV-01349 MJP - 9

Law Offices Of
Robblee Detwiler & Black
===========================
2101 Fourth Avenue, Suite 1000
Seattle, WA 98121
(206) 467.6700 · fax (206) 467-7589

DATED this 6th day of January, 2016.

                                        <u>s/Margaret Burnham</u>
                                        Margaret Burnham, WSBA No. 47860
                                        Robblee Detwiler & Black, P.L.L.P.
                                        2101 Fourth Ave, Suite 1000
                                        Seattle, Washington 98121
                                        Telephone: (206) 467-6700
                                        Fax: (206) 467-7589
                                        E-mail: mburnham@unionattorneysnw.com

                                        Attorneys for Defendant

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENAS DUCES TECUM
2:15-CV-01349 MJP - 10

LAW OFFICES OF
Robblee Detwiler & Black
===========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

# CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2016, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENAS DUCES TECUM; EXHIBITS 1-8; DECLARATION OF TIM CARTER IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENAS DUCES TECUM; DECLARATION OF DANIEL HUTZENBILER IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENAS DUCES TECUM;** and **DECLARATION OF MARGARET BURNHAM IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENAS DUCES TECUM** with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following:

>   Christopher L. Hilgenfeld
>   Davis Grimm Payne & Marra
>   701 Fifth Ave, Suite 4040
>   Seattle, WA 98104

>   s/Daniel Hutzenbiler
>   Daniel Hutzenbiler, WSBA No. 36938
>   Robblee Detwiler & Black, P.L.L.P.
>   2101 Fourth Avenue, Suite 1000
>   Seattle, Washington 98121
>   Telephone: (206) 467-6700
>   Fax: (206) 467-7589
>   E-mail: dhutzenbiler@unionattorneysnw.com

>   Attorneys for Defendant

CERTIFICATE OF SERVICE
2:15-CV-01349 MJP - 1

Law Offices Of
Robblee Detwiler & Black
============================
2101 Fourth Avenue, Suite 1000
Seattle, WA 98121
(206) 467.6700·· fax (206) 467-7589