Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66,<br><br>Defendant. | Case No. 2:15-cv-01349 MJP<br><br>***PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER***<br><br>Noted on Motion Calendar: January 8, 2016<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff Northshore Sheet Metal, Inc. ("Plaintiff" or "Northshore") provides its reply to Defendant Sheet Metal Workers International Association, Local 66's ("Defendant" or "Union") response to Plaintiff's motion for protective order.

**A.   NORTHSHORE HAS SHOWN GOOD CAUSE FOR A PROTECTIVE ORDER**

Rule 26(c) provides the Court with broad discretion to determine when a protective order is appropriate and to what extent protection is required. *Seattle Time Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Good cause only requires a specific prejudice or harm that would

*Plaintiff's Reply in Support of Its Motion for Protective Order* - Page 1
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

arise if no protective order is granted. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Trade secrets and commercial information are expressly identified as warranting protection.[1] Fed. R. Civ. P. 26(c)(1)(G).

Neither case law, nor the federal rules, limit a protective order designation to specific types of cases (i.e., trademark). While it is accurate that most cases involving "Attorney Eyes Only" designations are trademark or copyright cases, that is merely a function of the information related to those types of cases. This type of designation, however, is not limited to those instances.

> Where trade secrets or other confidential information is involved, [the Court] will balance the risk of disclosure to competitors against the right that a protective order will impair prosecuting a defense of the claim. The court may order that the trade secret or commercial information not be revealed or be revealed only in a designated way. <u>Courts commonly issue protective order limiting access to sensitive information to counsel and their experts</u>. These protective orders represent judicial efforts to strike a proper balance between the philosophy of full disclosure of relevant information and the need for reasonable protection against harmful side effects, such as the risk that disclosure will result in competitive harm.

*Seiter v. Yokohama Tire Corp.*, No. 08C-5578-FDB, 2009 WL 246100, at *2 (W.D. Wash. 2009) (not reported) (internal citations omitted) (emphasis added) (granting a protective order in an employment-based lawsuit related to confidential commercial information).

The Attorneys Eyes Only designation is not limited to trademark matters. *See, e.g., Seiter, supra; U.S. v. Lawson*, 08-21-KSF, 2009 WL 2136818, at *1 (E.D. Ky. 2009)

---

[1] Northshore's bid pricing and practices more likely than not constitute a trade secret. The Uniform Trade Secret Act defines a trade secret as: "information...that: [d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use." RCW § 19.108.010(4). Northshore does derive economic value from its bidding pricing and practices, and if it is disseminated so would Northshore's competitors. However whether the information is a trade secret, or simply proprietary commercial information is not important to the Court's determination.

*Plaintiff's Reply in Support of Its Motion for Protective Order* - Page 2
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

(criminal matter with two-tiered protective order concerning proprietary pricing and bidding information); *In re City of New York*, 607 F.3d 923 (2d Cir. 2010) (Attorney Eyes Only protection is appropriate in some criminal matters). Furthermore, as seen by the fact that an Attorney Eyes Only designation is appropriate even in criminal settings, one cannot legitimately argue that such a designation is only appropriate between competitors.

The real issue in this case is the prejudicial effect of disclosure on Northshore and the potential of disclosure to competitors. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992) and its progeny speak to that potential. Even in cases involving attorneys (such as in-house counsel), courts will routinely prohibit these attorneys from access due to the potential of inadvertent or indirect disclosure to competitors in the future. Courts will even prohibit attorneys from handling future litigation related to that information for a period time. These cases show the breadth of the courts discretion. They do not support a conclusion that such a designation is only proper for businesses that are technical competitors.

**B.     COMPETITIVE INFORMATION**

The Union's brief entirely ignores its connection to Northshore's competitors. *Cf.* Dkt. 35, ¶ 5 with Dkts. 40, 40-1 and 40-2; *see also* http://www.smw66.org/CS_viewContractors/Category_ID/27/. Disseminated information related to future construction projects, especially Northshore's bid pricing and practices, will cause Northshore permanent and extreme prejudice. Dkt 35, ¶ 5. Once the information has been provided to the Union, even if it is under a confidential designation, the information will not have been adequately protected. The relationship the Union has with Northshore's

*Plaintiff's Reply in Support of Its Motion for Protective Order* - Page 3
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

competitors, and its expressed desire to divert work from Northshore to its competitors, necessitates the two-tiered designation.

Moreover, the proposed two-tiered protection is not redundant. According to the Union's counsel the limitation of using any documents solely for the purposes of this litigation is sufficient protection. First, such a claim overstates the reliability and trustworthiness of the Union. Further, such a claim fails to properly balance Northshore's need to protect against the devastating impact on Northshore should its bid pricing and practices for future work be disseminated to its competitors. The two-tiered protective order does not only protect against intentional dissemination, but even more importantly, it protects against inadvertent or unintentional disclosure through any indirect means. While this litigation is ongoing and even after this litigation concludes, the Union will continue to be involved in bargaining with Northshore and its competitors, it will continue to promote and direct work to Union-supported businesses, and it will continue to organize Northshore's competitors. These are primary functions of the Union. The Union – even if it does not intentionally disclose documents – cannot adequately claim it would not inadvertently provide the protected information (even if not the specific documents) through these functions. It is the information that must be protected, not simply the documents. The proposed protective order is the best method to properly protect against the disclosure of this highly proprietary information to Northshore's competitors.

Finally, despite the Union's contentions to the contrary, the information covered under the Attorney Eyes Only of the protective order is narrowly tailored. An Attorney Eyes Only designation is only proper under the proposed order for documents containing information: "for <u>future</u> construction work, that, if <u>released</u> to an <u>entity's competitors</u>, would

*Plaintiff's Reply in Support of Its Motion for Protective Order* - Page 4
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

confer a competitive advantage, including confidential research and development, financial construction bid information, contract pricing information, technical information, customer lists, technical data, marketing and business plans." Dkt. 34-6, at *3. The Attorney Eyes Only designation only relates to future construction work. In most instances, this work will not have been awarded. It is even more critical, as a result, that a competitor does not obtain this information, which would directly impact the construction award. There is a specific prejudice and harm that would result in the dissemination of this information. As a result, there is good cause for the proposed order.

### C. UNION'S PRESENTATION IS NOT HARMED BY THE PROPOSED ORDER

In the instant matter, the Court must weigh this highly specific prejudice that will be caused to Northshore with the difficulty it would present to the Union's case. Here, the Union's sole stated reason for the information is that it relates to damages. A restriction to the information sought will not prejudice the Union's presentation of the case. The Union is still permitted to share the information with an expert; moreover, if there is an improper designation or a specific need to share the information, there is a method for obtaining that action.

Whether the Union is presented with information about Northshore's future construction work as it solely related to damages, will not affect the Union's presentation. The Union attorneys and its experts are perfectly equipped to understand and provide its defenses under the proposed designation. The permanent and extreme prejudice caused to Northshore, and the relatively small intrusion into the Union's presentation, necessitate the proposed protective order.

*Plaintiff's Reply in Support of Its Motion for Protective Order* - Page 5
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Respectfully Submitted this 8th day of January, 2016.

By: /s/ Christopher L. Hilgenfeld
Christopher L. Hilgenfeld, WSBA #36037
Davis Grimm Payne & Marra
701 5th Avenue, Suite 4040
Seattle, WA 98104-7097
Ph. (206) 447-0182 | Fax: (206) 622-9927
Email: chilgenfeld@davisgrimmpayne.com
**Attorneys for Plaintiff
Northshore Sheet Metal, Inc.**

*Plaintiff's Reply in Support of Its Motion for Protective Order* - Page 6
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January, 2016, I electronically filed the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Defendant:**
Daniel Hutzenbiler
Margaret A. Burnham
Robblee Detwiler & Black
2101 Fourth Avenue, Suite 1000
Seattle, WA  98121-2317
Email: dhutzenbiler@unionattorneysnw.com
Email: mburnham@unionattorneysnw.com

_____
Betsy E. Green, Legal Assistant to
Attorneys for Northshore Sheet Metal Inc.
E-mail: bgreen@davisgrimmpayne.com

*Plaintiff's Reply in Support of Its Motion for Protective Order* - Page 7
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927