Honorable Marsha J. Pechman

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., | Case No. 2:15-cv-01349 MJP |
| Plaintiff, | ***PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO QUASH AND/OR MODIFY SUBPOENAS DUCES TECUM*** |
| v. | |
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, | **Noted on Motion Calendar: January 8, 2016** |
| Defendant. | |

10

11

12

13

14

15

16

17        Plaintiff Northshore Sheet Metal ("Plaintiff" or "Northshore") provides its reply in

18 support of its motion to quash and/or modify Defendant Sheet Metal Workers International

19 Association, Local 66's ("Defendant" or "Union") subpoenas duces tecum.  The Union has

20 improperly asserted that Northshore lacks standing to certain objections in this matter, used

21 an improper purpose and method to obtain the information, and ignored Northshore's efforts

22 to obtain an adequate protective order.

23

24

25

*Plaintiff's Reply in Support of Motion to Quash and/or Modify Subpoenas Duces Tecum* - Page 1
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

## A.   NORTHSHORE HAS STANDING

The Union claims that Plaintiff lacks standing to assert that the general contractor subpoenas are overly broad, unduly burdensome, and harassing because the General Contractors failed to object. The Union's argument is not correct.

First, a general contractor did properly object. GLY Construction ("GLY") objected to the Union's subpoena on December 1, 2015. Hilgenfeld Supp. Decl., Exhibit 7. On December 4, 2015, the Union then re-served its subpoena without rescinding its original subpoena.[1] As a matter of courtesy, GLY provided the same objection on December 30, 2015. GLY's initial objection was sufficient to satisfy the demands of Rule 45(d). These rules are designed to protect non-party litigants from unnecessary and burdensome requests. GLY Construction responded in an adequate and timely manner. The rules also require that the serving party take all reasonable precaution to avoid unreasonable burden or expense. Fed. R. Civ. P. 45(d)(1). The Union's actions ignore this requirement.

Moreover, the Union further claims that Northshore cannot object on an overly broad, unduly burdensome or harassment bases because Northshore was not the entity served. The Union overstates the law in this regard. Rule 26(c) permits either a third-party or "a party" to file a motion to quash subpoenas. Fed. R. Civ. P. 26(c). A Party has standing to challenge a subpoena where its "own interests may be implicated." *Johnson v. U.S. Bancorp*, 2012 WL 6726523, at *2 (W.D. Wash. 2012) (defendant, U.S. Bank, had standing to challenge a subpoena issued to one of its officers). It is correct to state that Northshore may not protect the rights of another party; that, however, does not mean that a

---

[1] The Union only rescinded the October 27, 2015 Mortensen Construction subpoena. The Union did not rescind the October 27 subpoena issued to GLY Construction, nor did it rescind its subpoena to Lease Crutcher Lewis.

*Plaintiff's Reply in Support of Motion to Quash*
*and/or Modify Subpoenas Duces Tecum* - Page 2
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

party may not object to overly broad or unduly burdensome subpoenas.  The more accurate examination of the law on this area is as follows:  "A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself, **but a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person**." *Koh v. S.C. John & Son, Inc.*, 2011 WL 940227 (N.D. Cal. 2011) (not reported) (quoting 8A Federal Practice and Procedure Civil 3d § 2035).

In *Adams v. U.S.*, 2010 WL 55550. at *3 (D. Idaho 2010) (not reported), the defendant (DuPont) sought information from a third party.  The information sought involved settlement documents between the third party and plaintiffs.  The plaintiffs contested the subpoenas.  As noted by the Court, the key question is whether a party "believes that its own interest is jeopardized by discovery sought from [another.]" *Id.* (quoting 8 Federal Practice & Procedure, § 2035, at p. 475 (1994)).

Here, similarly, the Union seeks information from Northshore's customers related entirely to Northshore.  The information sought, and the manner it has been sought, is intended to harass Northshore's customers thereby diverting work to other businesses.  Rule 26(c) further provides that an interested party may seek the Court's protection to stop annoyance, undue burden and expense.  Northshore certainly has an interest in this matter.

Finally, Plaintiff's standing is also based upon the fact that the subpoenas seek Plaintiff's confidential commercial information.  The federal rules expressly provide for the ability to bring forth a motion to quash or modify upon those grounds.  Fed. R. Civ. P. 45(d)(3)(B).  Northshore has provided an adequate showing that its proprietary commercial information (such as bid pricing and practices) is at risk.  *See* Dkt. 35, ¶¶ 3-6.  The

*Plaintiff's Reply in Support of Motion to Quash and/or Modify Subpoenas Duces Tecum* - Page 3
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

information sought by the Union requires protection and Northshore is permitted to quash

the subpoenas permitting an adequate opportunity to obtain such protection.

**B.      THE UNION'S ILLEGITIMATE PURPOSE REQUIRES THE
          COURT TO QUASH THE SUBPOENAS**

The Union is using the discovery process to harass Northshore's customers.  The

Union is sending a message to Northshore's customers that if they intend to do business with

Northshore it will result in becoming entangled in the legal process resulting in increased

costs and attorney fees.  This message is solidified by the Union's uncontested message to

its members: it will punish Northshore and that includes diverting business to its

competitors. Dkt. 35, ¶ 5. The Union does not contest this message.

The Union's stated reason for the subpoenaed information relates entirely to

damages.  This stated reason does not explain the breadth of the request, nor why the request

was not directed to Northshore.  To the extent there is information reasonably calculated to

the issue of damages, such request should be narrowly tailored to meet that objective.  The

Union, instead, seeks any correspondence or contracts even casually related to Northshore.

The Union also mistakenly claims that Northshore has shown the true relevant

timeframe with its own discovery; therefore, its subpoenas are proper.  The Union, however,

intentionally ignores the purpose for the information sought and each party's obligation to

non-parties as directed by the federal rules.  Northshore has sought information from the

Union from June 1, 2015 onward about Northshore or the strike itself.  Northshore,

however, is required to prove the strike's motive.  Liability goes beyond damages, and is

part of Northshore's burden of proof.  The Union, however, cannot use the same logic to

dictate the scope of relevancy as to its attempt to obtain information from the general

contractors on the damages of the strike.  Information related to the damages held by third

*Plaintiff's Reply in Support of Motion to Quash
and/or Modify Subpoenas Duces Tecum* - Page 4
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

parties caused by the Union's illegal strike is inherently more limited than information related to the Union's motive behind the strike. However, even to the extent there is limited value in the pre-strike information as to damages, such an argument has no effect on the overbreadth of the request itself.

## C.     PROTECTIVE ORDER

The federal rules require that opposing parties be provided advance notice of any subpoena. Fed. R. Civ. P. 45(a)(4). This rule is designed to provide the parties an opportunity to resolve any problems prior to the service of the subpoenas and without court intervention. The Advisory Committee note to the 2013 amendment explained that the point of prior notice is to allow opposing party an opportunity to object or to serve a subpoena with additional information.

Here, on the same day Northshore was provided with a copy of the subpoena, Northshore sought a brief delay in serving the subpoenas. Dkt. 34-1, Exhibit 1. The brief delay was requested to permit the parties an opportunity to seek a protective order because the information sought would have included highly confidential business information. The Union refused. The Union's actions have caused Northshore to request the general contractors to delay in responding to the subpoenas until Northshore had an adequate opportunity to protect the information sought. Dkt 34-1, at *2, 3. Only after the Union refused to even consider a brief delay did Northshore inform the general contractors of its intent to seek a protective order. Hilgenfeld Supp. Decl., Exhibit 8. Northshore has never interfered with the Union's ability to conduct discovery. Northshore has taken steps to protect its confidential commercial interests. The confidential commercial information sought by the Union's subpoenas, if provided without an adequate protective order, will

*Plaintiff's Reply in Support of Motion to Quash and/or Modify Subpoenas Duces Tecum* - Page 5
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

have a permanent and extremely prejudicial impact on Northshore.  Northshore's actions are entirely appropriate and consistent with the federal rules.

The Union has also claimed that Plaintiff simply made a vague description as to the information it sought to protect.  As a result, the Union could not ascertain Northshore's concerns.  Such a statement is erroneous.  Plaintiff expressly informed the Union that it needed adequate protection to prohibit the dissemination of bid pricing information, proprietary technical information related to the performance of a project.  Plaintiff provided further specifications in its draft protective order provided to Plaintiff.  Dkt. 34-5, Exhibits 1, 5, 6.  Bid pricing is not a vague concept; nor, is proprietary technical information related to the performance of a project a vague concept.  The Union fully understood what Northshore sought to protect.

Finally, a two-tiered protective order is required in this instance.  The Union has made it clear that it intends to punish Northshore by diverting work to Northshore's competitors. Dkt. 35, ¶ 5.  The Union does not contest this point.  The Union also refused to even briefly delay service to permit Northshore an opportunity to obtain an adequate protective order.  The subpoenas should be quashed until an adequate protective order is in place; or, alternatively, the subpoenas should be modified

Respectfully Submitted this 8th day of January, 2016.

By:/s/ Christopher L. Hilgenfeld
Christopher L. Hilgenfeld, WSBA #36037
Davis Grimm Payne & Marra
701 5th Avenue, Suite 4040
Seattle, WA  98104-7097
Ph. (206) 447-0182 ǀ Fax: (206) 622-9927
Email: chilgenfeld@davisgrimmpayne.com
**Attorneys for Plaintiff**
**Northshore Sheet Metal, Inc.**

*Plaintiff's Reply in Support of Motion to Quash*
*and/or Modify Subpoenas Duces Tecum* - Page 6
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January, 2016, I electronically filed the foregoing *PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO QUASH AND/OR MODIFY SUBPOENAS DUCES TECUM* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> **Attorneys for Defendant:**
> Daniel Hutzenbiler
> Margaret A. Burnham
> Robblee Detwiler & Black
> 2101 Fourth Avenue, Suite 1000
> Seattle, WA  98121-2317
> Email: dhutzenbiler@unionattorneysnw.com
> Email: mburnham@unionattorneysnw.com

Betsy E. Green, Legal Assistant to
Attorneys for Northshore Sheet Metal Inc.
E-mail: bgreen@davisgrimmpayne.com

*Plaintiff's Reply in Support of Motion to Quash and/or Modify Subpoenas Duces Tecum* - Page 7
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927