**HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, <br><br> Defendant. | No. 2:15-cv-1349-MJP <br><br> **DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER** <br><br> NOTE ON MOTION CALENDAR: Friday, March 4, 2016 |

## I.  RELIEF REQUESTED

Defendant Sheet Metal Workers International Association, Local 66 ("Local 66" or "Defendant") respectfully asks the Court for leave to amend *Defendant's Answer to Plaintiff's Counterclaims*.

Defendant makes this motion pursuant to Federal Rule of Civil Procedure ("FRCP") 15(a)(2) and Local Civil Rule ("LCR") 15.

## II.  RELEVANT FACTS

On August 24, 2015, Plaintiff Northshore Sheet Metal, Inc. ("Northshore" or "Plaintiff") filed an *Ex Parte Motion for Temporary Restraining Order* (Dkt No. 3) seeking to enjoin Local

DEFDENDANT'S MOTION FOR LEAVE TO AMEND ANSWER - 1
2:15-cv-1349-MJP

LAW OFFICES OF
Robblee Detwiler & Black
================================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

66's strike in its entirety on the grounds that the strike violates the no-strike provisions of the parties' agreements. Northshore also filed an accompanying *Plaintiff's Complaint for Relief Under § 301 of the Labor Management Relations Act* (Dkt No. 1). This *Complaint* alleged a single cause of action, "Breach of Labor Agreement, 29 U.S.C. § 185", which was based on the allegation that the dispute underlying the strike was subject to contractual dispute resolution processes. On September 2, 2015, the Court held a hearing on Northshore's motion and issued its *Order Granting in Part and Denying in Part Plaintiff's Motion for Temporary Restraining Order* on September 4, 2015 (Dkt No. 21). The Court enjoined Local 66 from engaging in strike activity related to fringe benefits owed under the January 12, 2015 Settlement Agreement and Successor Collective Bargaining Agreement ("CBA"), and further ordered that the parties "proceed to mediation and arbitration on the issue of fringe benefits". (Dkt No. 21 at 6). Over five months have passed since the Court's *Order* and, despite Local 66's repeated requests, Northshore has refused to initiate mediation regarding fringe benefits. (Hutzenbiler Decl. ¶¶ 3-6, 9-10, Exs 1, 2, 4).

Instead, on September 28, 2015, Northshore filed *Plaintiff's First Amended Complaint* (Dkt No. 24) wherein it added a second Cause of Action, "Secondary Boycott Violations, 29 U.S.C. § 187". On October 27, 2015, Local 66 filed *Defendant's Answer to Plaintiff's Complaint* (Dkt 29).

Meanwhile, Northshore submitted discovery requests in this action for information pertaining to fringe benefits, the related dispute and strike, and Local 66's defenses against Plaintiff's "Breach of Labor Agreement, 29 U.S.C. § 185" claim. (Hutzenbiler Decl. ¶ 7-8, Ex 3). Northshore has submitted extremely broad discovery requests pertaining to every aspect of the strike, but also very narrow discovery requests on the fringe benefits issue. (Hutzenbiler

DEFDENDANT'S MOTION FOR LEAVE TO
AMEND ANSWER - 2
2:15-cv-1349-MJP

LAW OFFICES OF
Robblee Detwiler & Black
==============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

Decl. ¶ 7-8, Ex 3). For example, Northshore has requested all electronic stored information containing the terms: "401(k)", "sign" + "benefit", and "picket" + "benefit" (Hutzenbiler Decl. ¶ 7-8, Ex 3, Request for Production No. 9); all documents "that refer, relate to or regard the issue of 'benefits'" and attaching a photo of a labor striker holding the picket sign:

NORTHSHORE
PAY
MY
BENEFITS!
LABOR DISPUTE

(Hutzenbiler Decl. ¶ 7-8, Ex 3, Request for Production No. 11 and Exhibit A attached thereto); and all documents that "relate to the Union's claim that benefits are owed pursuant to the parties' Settlement Agreement." (Hutzenbiler Decl. ¶ 7-8, Ex 3, Request for Production No. 12).

Trial is currently scheduled for October 24, 2016 (Dkt No. 31) and discovery cutoff is set for June 27, 2016 (Dkt No. 47).

Local 66 now seeks to add four (4) affirmative defenses to its *Answer*:

5. Plaintiff has failed to exhaust administrative remedies.

6. Plaintiff has failed to mitigate damages, if any.

7. Plaintiff's damages, if any, were caused in whole or in part by its own actions or omissions or the actions or omissions of third parties for whom Local 66 is not legally responsible.

8. Plaintiff's claims are barred by statute of limitations.

(Ex A at 5).

### III. EVIDENCE RELIED UPON

This motion relies upon the *Declaration of Daniel Hutzenbiler in Support of Defendant's Motion for Leave to Amend Answer*, as well as the existing record on file.

DEFDENDANT'S MOTION FOR LEAVE TO AMEND ANSWER - 3
2:15-cv-1349-MJP

LAW OFFICES OF
Robblee Detwiler & Black
================================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

### IV. LEGAL ARGUMENT

It is within this Court's discretion to "freely" grant leave to amend a pleading. FRCP 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Program, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Trial is currently scheduled for October 24, 2016 and the parties have until June 27, 2016 to complete discovery (Dkt Nos. 31, 47). Less than four months have passed since Defendant first filed its *Answer*. While Northshore refuses to initiate court-ordered mediation regarding fringe benefits, it is actively requesting discovery in this forum specifically on the fringe benefit dispute, Local 66's related strike, and Local 66's defenses against Plaintiff's "Breach of Labor Agreement, 29 U.S.C. § 185" claim. (Hutzenbiler Decl. ¶¶ 3-10, Exs 1-4). In doing so, Northshore is effectively pursuing the same claim against Local 66 in two distinct forums. It has become apparent to Local 66 that it must amend its *Answer* to fully protect its rights in this litigation.

Local 66's proposed amendments are not made in bad faith as they are made directly in response to Northshore pursuing a claim regarding fringe benefits in both administrative and judicial proceedings. Northshore's failure to mediate the fringe benefits issue and its pursuit of the issue in formal discovery in this case has made it apparent that Local 66 must defend against Northshore's first cause of action, "Breach of Labor Agreement, 29 U.S.C. § 185." These amendments are proposed in the early stages of litigation, with eight months remaining until trial, providing Plaintiff sufficient opportunity to address the additional affirmative defenses in both discovery and pre-trial preparations. Most importantly, these amendments will ensure that

DEFDENDANT'S MOTION FOR LEAVE TO
AMEND ANSWER - 4
2:15-cv-1349-MJP

LAW OFFICES OF
Robblee Detwiler & Black
==============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

Local 66's rights are protected in this litigation and that Plaintiff's claims are decided on their merits in the appropriate manner.  Finally, Local 66 reserved its rights to assert additional affirmative defenses in its original answer, Dkt No. 29 at 5.  These determining factors all support granting Defendant leave to amend its answer.

## V.  CONCLUSION

For the foregoing reasons, Defendant Local 66 respectfully asks the Court for leave to amend *Defendant's Answer to Plaintiff's Counterclaims*.

DATED this 18th day of February, 2016 at Seattle, Washington.

s/Daniel Hutzenbiler
Daniel Hutzenbiler, WSBA No. 36938
Robblee Detwiler & Black, P.L.L.P.
2101 Fourth Ave, Suite 1000
Seattle, Washington 98121
Telephone: (206) 467-6700
Fax: (206) 467-7589
E-mail: dhutzenbiler@unioattorneysnw.com

Attorneys for Defendant

DEFDENDANT'S MOTION FOR LEAVE TO AMEND ANSWER - 5
2:15-cv-1349-MJP

LAW OFFICES OF
Robblee Detwiler & Black
==============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following:

>Christopher L. Hilgenfeld
>Davis Grimm Payne & Marra
>701 Fifth Ave, Suite 4040
>Seattle, Washington 98104

>s/Daniel Hutzenbiler
>Daniel Hutzenbiler, WSBA No. 36938
>Robblee Detwiler & Black, P.L.L.P.
>2101 Fourth Ave, Suite 1000
>Seattle, Washington 98121
>Telephone: (206) 467-6700
>Fax: (206) 467-7589
>E-mail: dhutzenbiler@unioattorneysnw.com
>
>Attorneys for Defendant

CERTIFICATE OF SERVICE - 1
2:15-cv-1349-MJP

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·· FAX (206) 467-7589