**HONORABLE MARSHA J. PECHMAN**

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON AT SEATTLE

NORTHSHORE SHEET METAL, INC.,

           Plaintiff,

   v.

SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION,
LOCAL 66,

           Defendant.

No. 2:15-cv-1349-MJP

**DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING
ARBITRATION**

Note on Motion Calendar:
Friday, March 18, 2016

## I.   RELIEF REQUESTED

Defendant Sheet Metal Workers International Association, Local 66 ("Local 66" or "Defendant") respectfully moves the Court to stay proceedings of all matters in this case pending exhaustion of all contractual administrative remedies regarding Plaintiff Northshore Sheet Metal, Inc.'s ("Northshore" or "Plaintiff") first cause of action, "Breach of Labor Agreement, 29 U.S.C. § 185."

## II.   RELEVANT FACTS

On August 24, 2015, Plaintiff Northshore Sheet Metal, Inc. ("Northshore" or "Plaintiff") filed an *Ex Parte Motion for Temporary Restraining Order* (Dkt No. 3) seeking to enjoin Local 66's strike in its entirety on the grounds that the strike violates the no-strike provisions of the

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 1

LAW OFFICES OF
Robblee Detwiler & Black
==========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700··FAX (206) 467-7589

parties' agreements.  Northshore also filed an accompanying *Plaintiff's Complaint for Relief Under § 301 of the Labor Management Relations Act* (Dkt No. 1).  This *Complaint* alleged a single cause of action, "Breach of Labor Agreement, 29 U.S.C. § 185", which was based on the allegation that the dispute underlying the strike was subject to contractual dispute resolution processes.  On September 2, 2015, the Court held a hearing on Northshore's motion and issued its *Order Granting in Part and Denying in Part Plaintiff's Motion for Temporary Restraining Order* on September 4, 2015 (Dkt No. 21).  The Court enjoined Local 66 from engaging in strike activity related to fringe benefits owed under the January 12, 2015 Settlement Agreement and Successor Collective Bargaining Agreement ("CBA"), and further ordered that the parties "proceed to mediation and arbitration on the issue of fringe benefits".  (Dkt No. 21 at 6).  Over five months have passed since the Court's *Order* and, despite Local 66's repeated requests, Northshore has refused to initiate mediation regarding fringe benefits.   (Dkt No. 50-2, Hutzenbiler Decl. ¶¶ 3-6, 9-10, Exs 1, 2, 4).

Instead, on September 28, 2015, Northshore filed *Plaintiff's First Amended Complaint* (Dkt No. 24) wherein it added a second Cause of Action, "Secondary Boycott Violations, 29 U.S.C. § 187".   On October 27, 2015, Local 66 filed *Defendant's Answer to Plaintiff's Complaint* (Dkt No. 29).

Meanwhile, Northshore submitted discovery requests in this action for information pertaining to fringe benefits, the related dispute and strike, and Local 66's defenses against Plaintiff's "Breach of Labor Agreement, 29 U.S.C. § 185" claim.  (Dkt No. 50-2, Hutzenbiler Decl. ¶ 7-8, Ex 3).  Northshore has submitted extremely broad discovery requests pertaining to every aspect of the strike, but also very narrow discovery requests on the fringe benefits issue.  (Dkt No. 50-2, Hutzenbiler Decl. ¶ 7-8, Ex 3).  For example, Northshore has requested all

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 2

LAW OFFICES OF
Robblee Detwiler & Black
========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·FAX (206) 467-7589

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

electronic stored information containing the terms: "401(k)", "sign" + "benefit", and "picket" + "benefit" (Dkt No. 50-2, Hutzenbiler Decl. ¶ 7-8, Ex 3, Request for Production No. 9); all documents "that refer, relate to or regard the issue of 'benefits'" and attached a photo of a labor striker holding the picket sign:

NORTHSHORE
PAY
MY
BENEFITS!
LABOR DISPUTE

(Dkt No. 50-2, Hutzenbiler Decl. ¶ 7-8, Ex 3, Request for Production No. 11 and Exhibit A attached thereto); and all documents that "relate to the Union's claim that benefits are owed pursuant to the parties' Settlement Agreement." (Dkt No. 50-2, Hutzenbiler Decl. ¶ 7-8, Ex 3, Request for Production No. 12).  Trial is currently scheduled for October 24, 2016 (Dkt No. 31) and discovery cutoff is set for June 27, 2016 (Dkt No. 47).

### III. EVIDENCE RELIED UPON

This motion relies upon the *Declaration of Daniel Hutzenbiler in Support of Defendant's Motion to Stay Proceedings Pending Arbitration*, as well as the existing record on file.

### IV. LEGAL ARGUMENT

The Court should grant the Defendant's motion to stay.  This Court has the inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).  When a pending proceeding is requested to be stayed, the competing interests affected by granting or refusing such a stay must be weighed.  Id. "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 3

LAW OFFICES OF
Robblee Detwiler & Black
==============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700··FAX (206) 467-7589

1    orderly course of justice measured in terms of the simplifying or complicating of issues, proof,

2    and questions of law which could be expected to result from a stay." Id., citing Landis v. N. Am.

3    Co., 299 U.S. 248, 254-55 (1936).   The party seeking a stay bears the burden of showing its

4    entitlement.   Latta v. Otter, 771 F.3d 496, 498 (9th Cir. 2014), citing Nken v. Holder, 556 U.S.

5    418, 433-34 (2009).

6          The Supreme Court has expressly held that federal courts may grant a stay of litigation

7    pending arbitration of an employer's action against a union for breach of the no-strike clause of a

8    collective labor contract.   Drake Bakeries, Inc. v. Am. Bakery & Confectionary Workers Int'l,

9    370 U.S. 254, 264 (1962).   The Norris-LaGuardia Act, 29 U.S.C. §§ 101-115, denies federal

10   courts jurisdiction to enter any injunction "in a case involving or growing out of a labor dispute,"

11   29 U.S.C. § 101, except in certain narrowly defined circumstances.   A court may, however,

12   enjoin a strike pending arbitration when the issue underlying the strike is subject to mandatory

13   grievance-and-arbitration provisions of a collective bargaining agreement.   Boys Markets, Inc. v.

14   Retail Clerks Union, Local 770, 398 U.S. 235 (1970).   The reason for this judicially-created

15   exception is that the federal policy favoring arbitration could not be meaningfully advanced if

16   parties were free to strike over arbitrable issues.   Hardline Elec. v. Int'l Bhd. of Elec. Workers,

17   680 F.2d 622, 626 (9th Cir. 1982), cert. denied, 459 U.S. 1170 (1982).

18         Northshore sought and obtained a Boys Markets injunction against the Union's strike

19   activity on the basis that one of the underlying disputes was subject to the "mandatory dispute

20   resolution procedure."   Dkt 21, Order at 4-5; See Boys Markets, 398 U.S. 235.   Northshore's

21   original Complaint (Dkt 1) contained only one cause of action and was solely aimed to obtain

22   this Boys Markets injunction by invoking the Court's limited jurisdiction.  29 U.S.C. § 101.  This

23   Court exercised its narrow authority and ordered that Plaintiff's claim be mediated and arbitrated

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 4

LAW OFFICES OF
Robblee Detwiler & Black
==========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700··FAX (206) 467-7589

according to contractual terms.  Plaintiff's alleged breach of labor agreement does not apply to the remaining disputes upon which Local 66 struck as the Court specifically declined to enjoin them.  Dkt No. 21, Order at 4-5.  However, Northshore continues to pursue a cause of action for damages in court today, thereby litigating the same claim in two separate forums.  Dkt No. 24, Amended Complaint at 14 (seeking "[a]ctual and compensatory damages based on the Union's contractual repudiation…").

The argument that damages from breach of a no-strike clause should be determined by the Court at this time is unfounded.  It is long settled that an employer's damage claim for breach of a no-strike clause is subject to arbitration.  Drake Bakeries, 370 U.S. at 265-66.  It would undermine the Norris-La Guardia Act to allow Northshore to proceed with its damages action without first exhausting its arbitral remedies.  Hardline Elec., 680 F.2d at 626 (reversing judgment for damages against the union for profits lost as a result of an alleged work stoppage); see also, Cal. Trucking Ass'n v. Bhd. of Teamsters & Auto Truck Drivers, Local 70, 679 F.2d 1275 (9th Cir. 1981) (union's express repudiation of collective bargaining agreement released employers from any obligation to arbitrate); Pilot Freight Carriers v. Int'l Bhd. of Teamsters, 659 F.22d 1252 (4th Cir. 1981) (vacating district court's judgment awarding over $3 million in damages to employer in its action claiming that union strike was unlawful, finding that the applicability of arbitration, nature of the particular strike, and applicability of the no-strike clause were all issues subject to arbitration).

Hardline is particularly on point.  There, the employer filed suit seeking a temporary restraining order ("TRO") against an alleged strike.  Hardline Elec., 680 F.2d at 624.   The district court granted the TRO and later a preliminary injunction enjoining the union from conducting any work stoppages, refusing to provide referrals to Hardline from the union hiring hall, refusing to dispatch employees, instructing members not to work for Hardline, and from engaging in other "economic action."  Id.  When it applied for the TRO, Hardline also filed a

LAW OFFICES OF
Robblee Detwiler & Black
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·FAX (206) 467-7589

1    complaint seeking damages from the union for profits lost as a result of the alleged work

2    stoppage.  Id.  After a trial on the damages action, the court entered judgment awarding Hardline

3    $329,768 for breach of contract.  Id.

4         The district court originally issued the injunction based on the necessary findings under

5    Boys Markets that the dispute was arbitrable, but did not order the parties to arbitrate.  Id. at 626.

6    Hardline invoked federal court jurisdiction on its claim that the dispute was arbitrable, but then

7    did not attempt to arbitrate and continued to take the matter directly to trial on damages.  Id.  "It

8    would vitiate the Norris-La Guardia Act, and condone an abuse of the federal courts, to allow

9    Hardline to proceed with its damages action without first exhausting its arbitral remedies."[1]  Id.

10   The Ninth Circuit reversed the judgment for damages against the union and remanded the case

11   "for stay or dismissal pending arbitration."  Id. at 626-27.

12        Plaintiff Northshore's first cause of action is restricted to, and in fact premised upon, its

13   claim that disputes relating to the fringe benefit issue under the Settlement Agreement and

14   Successor CBA are required to be resolved through mediation and arbitration.  By its very

15   nature, its claim for damages for breach of that agreement cannot stand until the grieved party,

16   Northshore, has exhausted those contractual remedies – which it has utterly failed to do.  Federal

17   authority plainly allows the Court to grant a stay of these proceedings pending such exhaustion.

18   As for the competing interests at stake, given that this is a stay of proceedings, the Plaintiff will

19   not suffer any damage other than to have its claims fairly resolved in the correct forum and in

20   due time.  On the other hand, inequity is guaranteed if Local 66 must continue to defend against

21   the same claim in both administrative proceedings and before this court, or if it must defend

22   against damages on a claim that has yet to be determined in a separate forum.  Local 66 is

---

[1]    Hardline did not argue that the damages action would not have been arbitrable under the contract, but rather that the union waived its contractual right to arbitration by not moving for a stay pending arbitration early in the suit.  Id. at 625.  The Ninth Circuit, however, found no place for the doctrine of waiver on these facts, and made clear that the claim for damages was subject to arbitration.  Id. at 625-26.

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 6

LAW OFFICES OF
Robblee Detwiler & Black
===========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·FAX (206) 467-7589

1   engulfed in discovery and discovery disputes pertaining to fringe benefits while the claim

2   simultaneously languishes in the administrative proceedings due to Northshore's intransigence.

3   Justice demands that either the Court stay all proceedings in this matter or that it dismiss

4   Plaintiff's first cause of action.

5                                   **V.  CONCLUSION**

6           The Court should stay further litigation of this action pending mediation and arbitration

7   of Plaintiff's first cause of action, Breach of Labor Agreement, 29 U.S.C. § 185," or alternatively

8   dismiss this claim in its entirety.

9           RESPECTFULLY SUBMITTED this 23rd day of February, 2016.

10
                                          s/Daniel Hutzenbiler
11                                        Daniel Hutzenbiler, WSBA No. 36938
                                          Robblee Detwiler & Black, PLLP
12                                        2101 Fourth Avenue, Suite 1000
                                          Seattle, Washington 98121
13                                        Telephone: (206) 467-6700
                                          Fax: (206) 467-7589
14                                        E-mail: dhutzenbiler@unionattorneysnw.com

15                                        Attorneys for Defendant

16

17

18

19

20

21

22

23

24

25

DEFENDANT'S MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 7

LAW OFFICES OF
Robblee Detwiler & Black
===========================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700··FAX (206) 467-7589

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2016, I filed the foregoing **DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING ARBITRATION** with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

Christopher L. Hilgenfeld
Davis Grimm Payne & Marra
701 5th Avenue, Suite 4040
Seattle, Washington  98104-7097
Email: chilgenfeld@davisgrimmpayne.com


s/Daniel Hutzenbiler
Daniel Hutzenbiler, WSBA No. 36938
Robblee Detwiler & Black, PLLP
2101 Fourth Avenue, Suite 1000
Seattle, Washington 98121
Telephone: (206) 467-6700
Fax: (206) 467-7589
E-mail: dhutzenbiler@unionattorneysnw.com

Attorneys for Defendant

CERTIFICATE OF SERVICE - 1

LAW OFFICES OF
Robblee Detwiler & Black
=============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·FAX (206) 467-7589