Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., | Case No. 2:15-cv-01349 MJP |
| Plaintiff, | **PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| v. | **Noted on Motion Calendar: March 11, 2016** |
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, | |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff Northshore Sheet Metal, Inc. ("Plaintiff" or "Northshore") hereby moves for an order to compel discovery. Defendant Sheet Metal Workers International Association, Local 66 ("Defendant" or "Union") has failed to adequately respond to Rule 26 discovery requests, and Plaintiff requires Court intervention.

**STATEMENT OF FACTS**

Northshore is a contractor in the sheet metal industry. Defendant is a labor union. The Union represents Northshore's bargaining unit employees. The Union is currently engaged in a strike action against Northshore.

*Plaintiff's Motion to Compel Discovery -*
Page 1
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

The Union's strike action was initiated on August 20, 2015. The strike continues to this day. Believing the strike to be unlawful, Northshore filed suit against the Union. Northshore has listed two causes of action: 1) the Union's breach of its contractual obligations with Northshore not to strike; and 2) the Union's violation of federal labor law by engaging in illegal secondary activities in an attempt to force neutral entities to cease doing business with Northshore. Dkt. 24. Northshore has asserted that the Union's entire strike action violates its contractual requirements not to strike, and is also aimed at unlawfully exerting pressure on neutral employers to cease doing business with Northshore. *Id.*, ¶¶ 23-27, 38-45, 49-51. Northshore has further alleged that the Union has unlawfully communicated threats to these neutral employers. *Id.*, at ¶ 31.

On December 24, 2015, Plaintiff propounded discovery requests upon Defendant. Hilgenfeld Declaration, Exhibit 1. The discovery primary sought information related to the Union's strike action, which is at issue for both causes of action. Defendant responded on January 28, 2016. *Id.*, Exh. 2. Defendant's response was not timely. Moreover, the Union's response failed to provide all responsive documents, and it did not adequately answer certain interrogatories. On February 9, 2016, Plaintiff outlined the deficiencies in Defendant's responses[1]. *Id*, Exh. 3. In short, Defendant had failed to provide all documents related to Northshore, or the strike action. This included all correspondence to individuals, employees, or businesses, as well as electronic discovery (e.g. emails, text messages, etc.). Furthermore, Defendant arbitrarily limited its answer and discovery responses to only three project construction sites. Defendant refuses to provide any information or documents, except for picketing that occurred in a limited period of time on the following job sites: (i)

---

[1] The Union did supplement its discovery on February 24, 2016 by providing minutes to union meetings regarding Northshore or the strike, and corresponding sign-in sheets.

*Plaintiff's Motion to Compel Discovery -*
Page 2
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Meridian Health Center Project; (ii) Chambers Creek Waste Water Treatment Plant project; and, (iii) the Bellevue Square project. Plaintiff's allegations are not limited to three job sites; nor, are they limited to construction sites actually picketed by the Union. The Union's entire strike action against Northshore is at issue.

## CERTIFICATE OF COUNSEL

Northshore has conferred in good faith with Defendant's counsel regarding the Union's discovery responses. On February 19, 2016, Christopher Hilgenfeld, Northshore attorney, and Margaret Burnham, Union attorney, had a telephonic Rule 26(f) conference. The Union was informed that Plaintiff knew the Union's responses were deficient. Plaintiff's own informal discovery and uncovered several pieces of correspondence not provided for by the Union. Hilgenfeld Decl., Exh. 3. The Union agreed to supplement its discovery responses by February 24 at noon. As stated, the Union provided Union meeting minutes and sign-in sheets[2]. The Union, however, has not fully responded.

During the Rule 26(f) conference, the Union would not agree to provide electronic discovery (email and text messages). The Union's attorney claimed that the e-discovery was overly burdensome. Northshore's attorneys responded that the initial request was as narrowly tailored as he could make it, and still ensure that all necessary information was obtained. He would, however, entertain any ideas that the Union had on the issue, but would not agree to cost-sharing. The Union did not provide any new ideas as of the date of this filing. Hilgenfeld Decl.

---

[2] The Union did provide 8 pieces of correspondence. These documents, however, had already been produced in Defendant's limited January response. See Hilgenfeld Decl., Exh. 9 for all 8 pieces of correspondence produced by the Union.

Plaintiff's Motion to Compel Discovery -
Page 3
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Finally, the Union also refused to provide any discovery as to construction project sites that were picketed, aside from the three sites listed above. The Union was informed that Plaintiff's causes of action both related to the entirety of the strike action. The Union, however, was unmoved. The Union's attorney was informed that Northshore would seek an order to compel discovery, and planned to file it on Thursday, February 25.

## STATEMENT OF ISSUES

Should the Court compel Defendant to respond to Plaintiff's Request for Production Nos. 2, 6, 7, 8, 9, 10, 11, 12 and 13, and its Request for Interrogatories Nos. 8, 10, 11?

## TIMELINESS

Discovery responses must be served 30 days following service of the requests. Fed. R. Civ. P. 32(b)(2). An additional 3 days are added if the discovery requests were served via mail. Fed. R. Civ. P. 6(d). Failure to respond in a timely manner generally constitutes a waiver of objections to the discovery requests. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9TH Cir. 1992). Here, discovery requests were propounded on December 24, 2015; responses, to be timely, must have been served by January 26, 2016. Defendant served its responses past that date, and therefore, waived its right to object to the requests therein.

## LEGAL AUTHORITY TO COMPEL DISCLOSURE

Parties owe each other a duty to comply with discovery demands in good faith. *Werbungs Und Commerz United Austalt v. Collectors Guild, Ltd.*, 728 F. Supp. 975, 982 (S.D.N.Y. 1989). Any matter that is not privileged and is relevant to the subject matter of the pending action is discoverable. Fed. R. Civ. P. 26(b)(1). Further, that information sought need not be admissible at trial, if it appears reasonably calculated to lead to the

*Plaintiff's Motion to Compel Discovery -*
Page 4
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

discovery of admissible evidence. *Id.* To this extent, relevancy, in the context of discovery, should be liberally construed. *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995); *Miller v. Panucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). Discovery is not limited to issues raised only in pleadings; rather, its purpose is to define and clarify issues. *Id.*

A party resisting discovery must explain and support its objections. *Chubb Integrated Systems v. National Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984) (citing *Fonesca v. Regan*, 98 F.R.D. 694, 700 (E.D.N.Y. 1983). A party that fails to explain and substantiate its objections to discovery should be ordered to fully respond to and answer the discovery. Further, a party may have an objection as overly burdensome does not excuse the party for responding with nothing but objections. *Oatman v. Secretary of the Treasury*, 893 F. Supp. 937, 939 (D. Idaho 1995). The party must produce responsive information that is available through reasonable requests. *Id.*

Moreover, "[a]n evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(3). To the extent that Defendant's responses to the discovery are incomplete or evasive, they constitute a failure to respond under Rule 37(a)(3), and the Court should compel an adequate response.

1. **DOCUMENTS AND INFORMATION RELATED TO THE UNION'S STRIKE ACTION AGAINST NORTHSHORE IS DISCOVERABLE.**

Plaintiff has sought documents related to Northshore, and the Union's strike action See Hilgenfeld Decl., Exh. 1 (Requests for Production Nos. 2, 6, 10, 11, 12, 13). Both of Plaintiff's causes of action are related to the Union's strike action. A strike action is more than simply picketing. It may also include leafletting, meetings, informational handouts, phone conversations, meetings with employees or businesses (formal or informal), etc. It

*Plaintiff's Motion to Compel Discovery -*
Page 5
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

would also include direct correspondence from the Union to employees, and to business owners. Defendant has failed to fully respond to Plaintiff's request for information on these matters.

A party resisting discovery must show a lack of relevancy or undue burden for the each request it opposes. *Schultz v. Olympic Med. Ctr.*, 2008 WL 3977523 (W.D. Wash. 2008) (not reported). Even if the objection is that the request is overly burdensome, however, the responding is not excused by limiting its response to an objection only. *Oatman*, 893 F. Supp. at 939. Here, Defendant's objections relate primarily to the electronic discovery as being overly burdensome. Such an objection, however, does not explain why Defendant has failed to produce all non-electronic responsive correspondence (and potentially other documents). Plaintiff's own informal discovery has found responsive documents from Defendant. Even after being informed of this fact, Defendant failed to provide any new correspondence. Defendant must be ordered to produce all responsive information. Plaintiff's specific requests are as follows[3]:

> **RFP 2:** Please provide copies of all **Documents** in **Your** possession, custody or control that concern, reference or are connected with the **Strike Action** against Northshore. (This **Includes** letters, memos, correspondence, emails, text messages, calendars. Notes, diaries, notebooks, messages, etc.)
>
> **RFP 6:** Please provide copies of all **Documents** in **Your** possession, custody or control that **You** sent to any individual or entity (including general contractors, subcontractors, businesses, local or international unions, etc.) that refer, relate to or regard the **Strike Action** against Northshore.
>
> **RFP 11:** Please provide copies of all **Documents** in **Your** possession, custody or control that refer, relate to or regard the issue of "benefits" as identified on the

---

[3] Request for Production Nos. 10, 12 and 13 are catchall requests to ensure that all responsive materials related to Plaintiff's cause of action have been produced, and that Defendant does not refrain from producing documents based upon an argument over semantics. RFP No. 6 is primarily concerned with documents sent to outside entities; RFP No. 10 is to ensure that all documents related to the strike action against Northshore are produced.

*Plaintiff's Motion to Compel Discovery -*
Page 6
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

attached picket sign. (Exhibit A).

The Union produced **1** piece of correspondence that it sent to employees regarding Northshore and/or the strike action. Hilgenfeld Decl., Exh. 8 (UN 00938). One. Plaintiff knows – through its own informal discovery – that additional correspondence was sent to employees. For example see Hilgenfeld Decl., Exh. 7[4].

The Union's production also produced only 7 pieces of correspondence to business entities about Northshore and/or the strike action. None of the correspondence has a header or any indication as to whom it went to. *See* Hilgenfeld Decl., Exh. 9. Again, Plaintiff has learned of several pieces of correspondence that exist that were not produced. See for an example Hilgenfeld Decl., Exh. 8. (This piece of correspondence was even mailed, and not sent electronically.) Several of these pieces of correspondence have business headers, and appear to be mailed. There is not a reasonable justification that these documents were not produced.

Plaintiff knows that the Union has not fully responded to its Requests Nos. 2, 6, 10, 11, and 12, and 13. Through informal methods, Plaintiff has found some responsive documents, and many of them were not produced. Plaintiff does not know, however, the full extent of documents (even aside from electronic discovery) that were not produced, and has no way of knowing without Court intervention. There is no legitimate basis that the additional responsive documents were not produced. These responsive documents were not

---

[4] Plaintiff does understand that the Union primarily communicates by email and/or text messaging. See Hilgenfeld Decl., Exh. 4, 5. That would not, however, excuse why the word document created version was not produced. Nor would it explain why the Union did not make a reasonable effort to produce known responsive documents. This would also not explain documents that were mailed, such as Hilgenfeld Decl., Exh. 8.

*Plaintiff's Motion to Compel Discovery -*
Page 7
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

produced, even after Plaintiff informed Defendant on February 9, 2016 of responsive documents that had not been produced.

## 2. ELECTRONIC DISCOVERY IS A NECESSITY IN THIS ACTION.

Plaintiff has also sought electronic discovery. Defendant has refused to provide any electronic discovery because it is overly burdensome. Defendant has not proposed a viable alternative. Plaintiff's initial request limited the electronic information sought to specific search terms from June 1, 2015 to the present. Those terms included: Northshore, Strike, Picketing, 401(k), out-of-state, extraterritorial, Meyer, Elbert, sign + benefit and picket + benefit. Hilgenfeld Decl., Exh. 1 (RFP No. 9). Plaintiff's request was narrowly tailored.

In December 2015, Plaintiff's counsel learned that the Union often communicated with its members and businesses through email and/or text messaging. Hilgenfeld Decl., Exhs. 4, 5. It is understood that the Union typically communicates with its officers, members, and even contractors electronically (e.g. email and text messages). This electronic information is absolutely vital to Plaintiff's cause of action. This information is directed related to the purpose of the strike, the union's motivation for the strike, and damage the Union is seeking to impose on Northshore by way of its strike action. This information goes to the liability in both causes of action, as well as damages. Moreover, there is not another viable method to obtain the information. Defendant is the entity that possesses the information, and must be required to produce that information.

The electronic discovery sought in this case is not novel. In looking at the production, the Court will often review seven factors. 2006 Advisory Committee Notes, Fed. R. Civ. P. 26(b). First, in the instant action, Plaintiff has narrowly tailored its request to information that is necessary for the prosecution of its case. Plaintiff has attempted to limit

Plaintiff's Motion to Compel Discovery -
Page 8
Case No. 15-cv-01349 MJP

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

the time frame for the information sought, and to only specific terms. Second, the Union is the entity with primary access[5]. Third, the Union has acknowledged that the electronic information is relevant, responsive information. Hilgenfeld Decl. Fourth, Northshore is not aware of a more easily accessible source. Fifth, it is highly likely that e-discovery for the information requested is highly relevant to Plaintiff's causes of action, and will produce useful information. Sixth, the information is vital to Northshore's case. Northshore, in part, must show the Union's reasons for taking part in the strike action, as well as the damages the Union attempted to inflict upon Northshore. Seventh, the Union is a large financial entity, and has the resources for this discovery.

The Union does not seriously dispute that the information is responsive. Hilgenfeld Decl. The Union's contention will most likely be that cost-sharing is appropriate because of the request is overly burdensome. In examining whether cost-shifting is appropriate, the Courts have typically used the *Zubulake* 3-part test while examining the 7-factors listed above. *Zubulake v. UBS Warburg*, LLC, 217 F.R.D. 309 (S.D.N.Y. 2003). In that three-part test, cost-shifting, however, should only be considered "when the requested information is not readily accessible..." *Nogle v. Beach St. Corp.*, 2012 WL 368570, at *8 (D.N.V. 2012). The information in this instance is readily accessible to the Union. The Union has access to the information, and has known since at least December 16, 2015, that emails and text messages would have important information related to the lawsuit. See Hilgenfeld Decl., Exh. 4[6].

---

[5] Plaintiff has recommended that the Union may be able to obtain much of the information from the telephone company as it relates to text messages.

[6] Plaintiff is willing to find a cost effective method for obtaining the discovery, and has attempted to narrow its focus to limit the information included. Plaintiff, however, has already produced over 7,000 documents, and is

*Plaintiff's Motion to Compel Discovery* -
Page 9
Case No. 15-cv-01349 MJP

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

### 3. DOCUMENTS AND INFORMATION SHOULD NOT BE LIMITED TO ONLY THREE CONSTRUCTION SITES.

In responding to Request for Production Nos. 7 and 8, as well as Interrogatories No. 8, 11, Defendant has limited its response to picketing that occurred on 3 construction sites. Defendant's limitation is not proper. The information and documents sought in the discovery requests are reasonably likely to lead to the discovery of admissible evidence. Information related to all of the job sites that were picketed is relevant to the liability of both causes of action, as well as damages.

Plaintiff has made the following interrogatory request and sought the corresponding documents:

> **INTERROGATORY NO. 8:** Please **Identify** every construction jobsite where the **Union** has conducted picketing in reference to, relating to or connected with its **Strike Action** against Northshore, **Including** the location of the jobsite, the dates the picketing occurred, who was picketing, and the length of time the picketing occurred.

> **INTERROGATORY NO. 11:** Please state whether any communications or footage of any worksite where the **Strike Action** has occurred has been recorded, how long the recordings are kept, the format the recordings are kept (e.g., tape, digital file, CD, or DVD, etc.) and where the recordings are kept.

Defendant has only provided information related to the Meridian Health Center Project, the Chambers Creek Waste Water Treatment project, and the Bellevue Square project. Hilgenfeld Decl., Exh. 2. Moreover, the Union has provided very limited dates as to picketing activity, ending on September 23, 2015. The Union has arbitrarily attempted to limit the lawsuit to three construction sites. The Union's responses are inadequate.

The entire strike action is part of Northshore's lawsuit under either cause of action. This includes all construction sites that were picketed. Part of Plaintiff's claim is that the

---

in the process of gathering more documents to respond to a second request, and there is not a cost-sharing arrangement associated with that production.

*Plaintiff's Motion to Compel Discovery -*
Page 10
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Union picketed sites when it was not present. Plaintiff is not, as a result, necessarily aware of when and where all of the pickets were maintained. Plaintiff, however, does know that the Union has picketed many more sites, and many different dates than what the answer provided.

Furthermore, the Union has acknowledged that video and audio footage of the strike action does exist. The Union, however, has refused to produce that information because the recordings are not limited to the three construction sites. Defendant's response is improper.

### 4. PLAINTIFF'S ANSWER TO DOCUMENT PRESERVATION WAS EVASIVE.

Finally, Defendant's response to Interrogatory No. 10 was evasive. Because electronic discovery is relevant to this action, Plaintiff sought the following:

> **INTERROGATORY NO. 10:** Please state what date, month and year Defendant began preserving documents, video recordings, and/or audio or video recordings, or other electronic information related to Plaintiff and this case.

Defendant's response was evasive and incomplete. Defendant's response was as follows:

> **ANSWER:** Defendant has acted in accordance with a general practice of keeping such information.

Defendant's response provides no indication as to what its general practice constitutes. Moreover, Defendant fails to state when it began preserving documents and other electronic information. This information is potentially relevant to the suit, and Plaintiff should be required to answer.

### RULE 37 FEES

If a motion to compel under Rule 37(a) is granted, or if the requested discovery is provided after the motion is filed, the court shall require the party whose conduct necessitated the motion, or the attorney advising such conduct, or both of them to pay the

*Plaintiff's Motion to Compel Discovery -*
Page 11
Case No. 15-cv-01349 MJP

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

moving party the reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(4)(A). The purposes of discovery sanctions are to ensure that a party will not be able to profit from its failure to comply with discovery requirements, to act as a specific deterrent in securing compliance with a particular order, and to act as a general deterrent in enforcing adherence to courts overseeing parties to the litigation. *Monaghan v. SZS Assoc.,* 154 F.R.D. 87, 90 (S.D.N.Y. 1994).

The Union's actions, along with its lack of response, make Rule 37 fees appropriate in this action. The Union's initial production was extremely limited. Hilgenfeld Decl., Exh. 6. The Union only described documents that had been previously shared between legal counsel. *Id.* The Union's responses to Plaintiff's discovery requests further lacked thoroughness. Even after being informed that certain pieces of responsive correspondence existed but were not produced, the Union failed to provide any new pieces of correspondence, or provide an adequate justification as to why certain documents could not be produced. These actions, coupled with the Union's uncontested statement to Northshore's competitors that the Union wanted to punish Northshore, should also be taken into account. See Dkt. 35., ¶ 5. The Union's actions in failing to respond to discovery in an appropriate manner appeared designed to increase the costs of litigation, and warrant Rule 37 sanctions.

## CONCLUSION

For all of the aforementioned reasons, the Court should grant Plaintiff's motion.

*Plaintiff's Motion to Compel Discovery -*
Page 12
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Respectfully Submitted this 25th day of February, 2016.

By: /s/Christopher L. Hilgenfeld
Christopher L. Hilgenfeld, WSBA #36037
Davis Grimm Payne & Marra
701 5th Avenue, Suite 4040
Seattle, WA 98104-7097
Ph. (206) 447-0182
Fax: (206) 622-9927
Email: chilgenfeld@davisgrimmpayne.com
**Attorneys for Plaintiff**
**Northshore Sheet Metal, Inc.**

*Plaintiff's Motion to Compel Discovery -*
Page 13
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February, 2016, I electronically filed the foregoing ***PLAINTIFF'S RULE 37 MOTION TO COMPEL DISCOVERY*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Defendant:**
Daniel Hutzenbiler
Margaret A. Burnham
Robblee Detwiler & Black
2101 Fourth Avenue, Suite 1000
Seattle, WA  98121-2317
Email: dhutzenbiler@unionattorneysnw.com
Email: mburnham@unionattorneysnw.com

_____
Elizabeth Parry, Legal Assistant to
Attorneys for Northshore Sheet Metal Inc.
E-mail: lparry@davisgrimmpayne.com

*Plaintiff's Motion to Compel Discovery -*
Page 14
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927