**HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66,<br><br>Defendant. | No. 2:15-CV-01349 MJP<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**NOTED ON MOTION CALENDAR:**<br><br>**March 11, 2016** |

## RELIEF REQUESTED

The Court should deny Northshore Sheet Metal, Inc.'s Motion to Compel Discovery ("Motion") as Defendant Sheet Metal Workers International Association, Local 66 ("Local 66") has complied with its obligations under the Federal Rules of Civil Procedure ("FRCP").

## STATEMENT OF FACTS

On August 20, 2015, Local 66 went on strike, and remains engaged in a lawful primary strike against Northshore to this day. (Burnham Decl. ¶3).[1] Along with filing an unsuccessful Unfair Labor Practice charge with the NLRB, Northshore also filed suit against Local 66, initially seeking a <u>Boys Market</u> injunction relating to Local 66's use of some picket signs

---

[1] On November 30, 2015, Region 19 of the National Labor Relations Board ("NLRB") issued a decision finding that Local 66's strike is lawful.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
No. 2:15-CV-01349 MJP - 1

LAW OFFICES OF
Robblee Detwiler & Black

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

identifying a dispute over fringe benefits owed to its members. (Dkt. #1). In its Amended Complaint, Northshore further alleged that Local 66's primary strike had an unlawful secondary purpose to "force Mortenson Construction, GLY Construction, Lease Crutcher Lewis, and other general contractors and customers to cease doing business with Northshore." (Dkt. #24 at p. 6). To date, Northshore has not identified any other general contractors in relation to this allegation. (Burnham Decl. ¶4). Northshore has also identified only three project sites where it alleges Local 66 unlawfully picketed and engaged in secondary boycott activity: Bellevue Square, Chambers Creek, and Meridian Health Center. (Dkt. #24 at p. 5-6). Northshore alleges Local 66 engaged in unlawful strike activity and secondary boycotts at other sites, but has not identified those project sites. (Burnham Decl. ¶5).[2]

Local 66 received Northshore's discovery requests on December 28, 2015. (Burnham Decl. ¶6). The requests were dated December 24, 2015 (Christmas Eve), but were not received until the following week due to the holiday. (Burnham Decl. ¶7). Local 66 provided responses on January 28, 2016. (Burnham Decl. ¶8, Ex. A). In Local 66's response, it stated that there are at least 13,000 text messages and 11,000 emails responsive to Northshore's extremely broad requests, making production unduly burdensome and expensive. (Id.). Local 66 informed Northshore that it sought to limit its responsive documents and information to the three projects Northshore identified in its Amended Complaint. (Id.).

On February 19, 2016, the parties engaged in a telephone conference to discuss Local 66's discovery responses. (Burnham Decl. ¶9). During that telephone conversation, Local 66's

---

[2] Local 66 requested Northshore identify the other project sites in its Second Set of Interrogatories and Requests for Production to Plaintiff issued on February 8, 2016 and in the telephone conference on February 19, 2016. (Burnham Decl. ¶15, Ex. B). To date, Local 66 has not provided this information and has not responded to Local 66's second set of discovery requests. (Burnham Decl. ¶16).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
No. 2:15-CV-01349 MJP - 2

LAW OFFICES OF
Robblee Detwiler & Black

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

counsel informed Northshore's counsel that it could not provide the text messages or emails pursuant to Northshore's requests because of the undue burden relating to the expense of going through the voluminous documents. (Burnham Decl. ¶10). Local 66's counsel asked that Northshore pare-down its requests to in a manner more directly relevant to the issues before the Court, to allow Local 66 an opportunity to comply with the requests, but Northshore's attorney refused. (Burnham Decl. ¶11). Local 66's counsel also stated that after investigating the issue with Verizon, group text messages[3] could only be produced using screenshots, meaning that group messages would have to be photographed, then emailed and printed separately.[4] (Burnham Decl. ¶12-13). Finally, Local 66 agreed to supplement Local 66's meeting minutes and informed Northshore's counsel that Local 66 does not have a written record retention policy but that its general practice is to maintain its records for seven years. (Burnham Decl. ¶17). Northshore's counsel responded that it would file a Motion to Compel. (Burnham Decl. ¶18). On February 25, 2016, Northshore filed its Motion. (Dkt. #52).

## AUTHORITY

**A. The Court Should Deny Northshore's Motion To Compel.**

**1. Local 66 Did Not Waive Its Objections As Its Discovery Responses Were Timely.**

Local 66 timely raised its objections in compliance with the FRCPs. Pursuant to FRCP 33(b), "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories."[5] When the period is stated in days, the calculation

---

[3] Meaning text messages between more than two Local 66 agents or employees.

[4] This would further render them unsearchable by words or content, meaning that every part of every group text message on each agent or employee's phone would have to be reviewed to determine whether they in any way related to Northshore, and whether such messages were privileged.

[5] Northshore's Motion incorrectly cites to FRCP 32, which has no relation to this matter.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
No. 2:15-CV-01349 MJP - 3

LAW OFFICES OF
Robblee Detwiler & Black

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

excludes "the day of the event that triggers the period." FRCP 6(a)(1)(A). "[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FRCP 6(a)(C).  An additional three days are allowed for response to interrogatories served by mail. FRCP 6(d).

Local 66's discovery responses were timely served on Northshore on January 28, 2016. Pursuant to FRCP 6(a)(1)(A), the "day of the event that triggers the period" is excluded. Here, December 24, 2015 is excluded from the calculation and the thirty day time period would have begun on December 25, 2015 at the earliest.  Thirty days from December 25, 2015 is January 24, 2016, a Sunday.  As the period ended on a Sunday, the "period continue[d] to run until the end of the next day," January 25, 2016. FRCP 6(a)(1)(A).  An additional three days are added because Northshore served its discovery by mail. FRCP 6(d). Considering the applicable FRCPs, the due date for Local 66's discovery responses was January 28, 2016. As such, Local 66's responses were timely served and Local 66 did not waive its objections.[6]

### 2.     The Court Should Bar Northshore's Fishing Expedition.

The Court should reject Northshore's attempt to harass Local 66 by engaging in a fishing expedition.[7] A court may limit discovery to protect a party from annoyance, embarrassment, oppression, or undue burden. FRCP 26(c)(1).  Discovery may not be used to conduct a fishing expedition in hopes that some fact supporting an allegation will be uncovered. *See* Rivera v.

---

[6]     It should be noted that Northshore served its discovery requests on Local 66 on December 24, 2015, meaning that Local 66's counsel did not receive them until the following week because of the holiday period. Local 66 timely responded despite Northshore's deliberate attempt to shorten the period allotted for the response by serving the requests over a well-known holiday season.

[7]     Requests for Production Nos. 7 and 8 and Interrogatories Nos. 8 and 11 evidence Northshore's intent to use the discovery process as a fishing expedition. Northshore's Amended Complaint identifies three projects where it allegedly was damaged due to secondary boycott activity and unlawful strike action. (Dkt. #24).  Requesting information and/or documentation relating to "every construction jobsite" is Northshore's attempt to find some fact to bolster its baseless conclusions that Local 66 engaged in unlawful strike activity and secondary boycott activity at indeterminate "other job sites." (Id.).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
No. 2:15-CV-01349 MJP - 4

Nibco, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004). "Although interrogatories are used in order for a party to obtain from another adverse party the information that he may have in his possession, a litigant may not compel his adversary to go to work for him." Segarra v. Waterman S.S. Corp., 41 F.R.D. 245, 247 (D.P.R. 1966).

The Court should deny Northshore's Motion because it has failed to provide a sufficient need for the over 11,000 emails and 13,000 text messages it demands. As the Supreme Court has acknowledged in another context, "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, U.S., 129 S.Ct. 1937 (2009). Northshore is attempting to "unlock the doors of discovery" by relying upon nothing more than its vague conclusions. In its Motion, Northshore implicitly acknowledges that it is on a fishing expedition, asserting that "[t]he Union picketed sites when [Northshore] was not present…the Union has picketed many more sites, and many different times than what the answer provided." (Dkt. #52 at p. 10-11).[8] Interestingly, Northshore also states, "Plaintiff is not, as a result, necessarily aware of when and where all of the pickets were maintained."[9] (Id.). Thus, Northshore has pronounced it does not know if the Union picketed other project sites when it was not present, but simultaneously asserts that it has been damaged by this supposed secondary of which it is unaware. Northshore is armed with nothing more than a conclusion and should not be permitted to "unlock the doors of discovery" to discover information and documentation beyond the three project sites it has identified.

---

[8]  Again, this is precisely the information that Local 66 is awaiting an answer on through its own discovery.

[9]  Northshore's claim that it is unaware of when and where Local 66 picketed is absurd. Local 66 did not engage in secondary boycott activity, but even if Local 66 had picketed a project site when Northshore was not present, the general contractor undoubtedly would have informed Northshore. The notion that Northshore is "unaware" of allegedly illegal activity that it now wants to base its claims for damages upon is patently ridiculous.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
No. 2:15-CV-01349 MJP - 5

LAW OFFICES OF
Robblee Detwiler & Black

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

Northshore's other discovery requests demonstrate its intent to harass Local 66 by asking for information that has no bearing on this lawsuit. Where the discovery requests involve information that bears no relationship to the subject matter of the complaint, courts appropriately deny enforcement. *See* American LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1069 (C.D. Cal. 2009); Bartholomew v. Unum Life Ins. Co., 579 F. Supp. 2d 1339, 1342 (W.D. Wash. 2008). Northshore's Requests for Production 11 and 12 do not relate to the claims at issue in this lawsuit - Local 66's picketing:

> **REQUEST FOR PRODUCTION NO. 11:** Please provide copies of all **Documents** in **Your** possession, custody or control that refer, relate to or regard the issue of "benefits" as identified on the attached picket sign. (Exhibit A).
>
> **REQUEST FOR PRODUCTION NO. 12:** Please produce any and all **Documents** in the **Union's** possession, custody or control that relate to the **Union's** claim that benefits are owed pursuant to the parties' Settlement Agreement. (Documents protected by the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity are beyond the scope of this request; however, the **Union** must identify if such documents are being withheld, the reason for withholding the documents, the date the documents were created, who created the documents, who has seen or observed the documents, and under what privilege or claim the documents are being withheld.)

(Burnham Decl. ¶8, Ex. A). Northshore makes two allegations in its Amended Complaint: 1) that Local 66 unlawfully picketed in violation of the parties' collective bargaining agreement ("CBA"); and 2) Local 66 engaged in secondary boycott activity. (Dkt. #24 at p. 8-11). Requests for Production No. 11 and 12 do not relate to any claim or defense in this litigation (as required by FRCP 26) and are harassing in nature. These requests demonstrate Northshore's intent to harass and burden Local 66, and the Court should deny Northshore's requests to compel in

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
No. 2:15-CV-01349 MJP - 6

LAW OFFICES OF
Robblee Detwiler & Black

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

relation to Requests for Production Nos. 11 and 12.[10]

Additionally, Request for Production No. 13 is overly broad on its face. Courts disfavor overly broad discovery requests that ask opposing parties to produce everything under the sun that relates to the ongoing litigation. *See* <u>Hanford Executive Mangement Employee Ass'n v. City of Hanford</u>, No. 1:11-cv-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, 2013 WL 5671460, at *8 (E.D. Cal. Oct. 17, 2013); <u>Miles v. Shanghai Zhenhua Port of Machinery Co., LTS</u>, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, 2009 WL 3837523, at *1 (W.D. Wash. Nov. 17, 2009). Here, Northshore's request is overly broad on its face:

> **REQUEST FOR PRODUCTION NO. 13:** Please produce any and all **Documents** in **Your** possession, custody or control which in any way constitute, discuss, or refer to conversations (written or verbal), by the **Union** which refer, relate or pertain to any of the matters, facts, and/or claims raised or encompassed by Plaintiff's **Complaint**. By way of example only, this **Includes** written correspondence, notes, diaries, journals, emails, text messages, internet postings, etc.

(Burnham Decl. ¶8, Ex. A). The Court should deny Northshore's request to compel production pursuant to Request for Production No. 13 because asking for such a wide array of information/documentation is unduly burdensome and overly broad, and requires Local 66 to guess as to which matter "refer, relate or pertain to any of the matters, facts, and/or claims raised or encompassed by Plaintiff's Complaint."

### 3. <u>Northshore's Requests For Emails and Text Messages Are Overly Broad and Unduly Burdensome.</u>

Northshore's broad discovery requests seek over 11,000 emails and 13,000 text messages that will be unduly burdensome to produce.[11] Rule 26(b) does not permit unlimited discovery.

---

[10] Northshore has also requested all electronic stored information containing the terms: "401(k)" in its Request for Production No. 9. (Burnham Decl. ¶8, Ex. A). This request also is an attempt to harass Local 66, as communications relating to "401(k)" do not relate to the claims or defenses asserted by either party in this matter.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
No. 2:15-CV-01349 MJP - 7

LAW OFFICES OF
Robblee Detwiler & Black

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

Rule 26(b)(1) permits discovery of only "[r]elevant information" and the discovery must "appear[] reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(b). Moreover, all discovery is limited by FRCP 26(b)(2), which protects against overly burdensome discovery requests and overly costly discovery requests. "Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." United States v. Kellogg Brown & Root Servs., 284 F.R.D. 22, 36-37 (D.D.C. 2012).

Northshore's requests for text messages and emails are overly broad and unduly burdensome because: 1) they request documents that are irrelevant to this litigation; 2) production of such documents will take at least one hundred hours; and 3) only a fraction of the documents will be of any utility.

Northshore has only listed three project sites where it was allegedly harmed and three potentially relevant general contractors. In Interrogatories Nos. 8 and 11 and Request for Production Nos. 2, 6-13, Northshore has made overly broad requests for information, i.e. "produce all electronic stored information (ESI)…that mention, refer to, or relate to Northshore since June 1, 2015," "produce all Documents… that refer, relate, or regard the Strike Action against Northshore," "produce any and all Documents… which refer, relate or pertain to any of the matters, facts, and/or claims raised or encompassed by Plaintiff's Complaint." (Burnham Decl. ¶ 8, Ex. A). If Local 66 is compelled to respond to these broad requests, thousands of irrelevant documents will be produced. Only a fraction of these documents relate to the three project sites and three general contractors listed in Northshore's Amended Complaint.[12]

---

[11]    Each document Northshore alleges Local 66 did not produce would have been provided had Northshore made a reasonable, narrowly-tailored request.  Northshore should tailor its discovery requests to the three relevant project sites in order to acquire relevant discovery without creating undue burden and expense for Local 66.

[12]    Local 66 filed a Motion to Stay Proceedings Pending Arbitration on February 23, 2016. (Dkt. #51).  It is long settled that an employer's damage claim for breach of a no-strike clause is subject to arbitration. Drake

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
No. 2:15-CV-01349 MJP - 8

Law Offices Of
Robblee Detwiler & Black

2101 Fourth Avenue, Suite 1000
Seattle, WA 98121
(206) 467.6700 · fax (206) 467-7589

Northshore apparently believes it is entitled to all information related to the entirety of Local 66's strike based on its claim that Local 66 struck in violation of the parties' CBA. However, as the Court is aware, this Court enjoined any strike activity related to the fringe benefits issue on September 2, 2015. Given that Northshore makes no allegation that such fringe benefit picketing activity occurred beyond September 2, 2015, it has no basis for claiming that any information related to the strike, but not related to alleged secondary boycott activity, is relevant to the issue at hand.

As Local 66's counsel explained to Northshore's counsel during the telephone conference on February 19, 2016, initial attempts to respond to these overly broad requests evidenced the undue burden. Tim Carter, Business Manager for Local 66, spent seventeen hours going through one-third of <u>his</u> emails - just his own, not those of the 11 other agents and organizers that work for Local 66. (Burnham Decl. ¶15). Northshore remained unmoved by this fact. Local 66's counsel will expend significantly more time and money to go through the emails to redact and privileged and/or confidential information. Local 66 estimates that producing all of the emails and text messages Northshore requests will take at least one hundred hours to complete. Moreover, as discussed above, the only way to produce group text messages is to "screen shot" them. The hefty cost Northshore demands Local 66 incur in order to respond to Northshore's overly broad discovery requests substantiates Local 66's unduly burdensome objections.[13]

---

Bakeries, Inc. v. Am. Bakery & Confectionary Workers Int'l, 370 U.S. 254, 265-55 (1962). By its very nature, Northshore's claim for damages for breach of the Settlement Agreement cannot stand until the grieved party, Northshore, has exhausted those contractual remedies – which it has utterly failed to do. Any discovery related to its allegation that Local 66 breached the no-strike clause should therefore be struck until Northshore exhausts its contractual remedies.

[13]    Within Local 66's discovery responses, it stated that Northshore's requests would require Local 66 to produce over 11,000 emails and 13,000 text messages.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
No. 2:15-CV-01349 MJP - 9

LAW OFFICES OF
Robblee Detwiler & Black

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

### 4. Northshore Should Share the Costs of Production of Text Messages and Emails.

In the event the Court compels Local 66 to respond to Northshore's broad discovery requests, Northshore should be ordered to share the cost of production. Cost-shifting is appropriate when the discovery sought "imposes an 'undue burden or expense' on the responding party." Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 316-17 (S.D.N.Y. 2003) (quoting FRCP 26(c)). Zubulake used a seven-factor test to neutrally evaluate whether cost-shifting is warranted:

> (1) the extent to which the request is specifically tailored to discover relevant information; (2) the availability of such information from other sources; (3) the total cost of production, compared to the amount in controversy; (4) the total cost of production, compared to the resources available to each party; (5) the relative ability of each party to control costs and its incentive to do so; (6) the importance of the issues at stake in the litigation; and (7) the relative benefits to the parties of obtaining the information.

Id. at 322. Of these factors, the first and second are weighed most heavily, while the third through fifth weigh less heavily. Lifetouch Nat'l Sch. Studios, Inc. v. Moss-Williams, No. C10-05297 RMW (HRL), 2012 U.S. Dist. LEXIS 84345, at *3-5 (N.D. Cal. June 18, 2012).

Northshore should be ordered to share the cost of producing the text messages and emails because it has failed to meet the first two Zubalake factors: First, the discovery requests are not tailored to the three relevant projects and three general contractors that Northshore has identified. Northshore should not be rewarded for propounding broad requests by forcing Local 66 to pay the expenses associated with responding to the requests. Second, Northshore claims that it needs access to this broad production of text messages and emails because it "is direct[ly] related to the purpose of the strike, the union's motivation for the strike, and the damage the Union is seeking to impose on Northshore by way of its strike action." (Dkt. #52 at p. 8). This information could be obtained by deposing Tim Carter, Local 66's Business Manager. Tim Carter is

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
No. 2:15-CV-01349 MJP - 10

LAW OFFICES OF
Robblee Detwiler & Black

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

knowledgeable about the purpose of the strike and the logistics of Local 66's strike action. His deposition would be far less costly and burdensome than responding to Northshore's untailored requests. Cost-sharing is therefore appropriate because Northshore could easily avoid undue expense by tailoring its requests and/or by obtaining the same information using an economical discovery method.

### 5. Local 66 Clearly Stated That It Does Not Have A Document Preservation Policy And Has Maintained All Documents To The Best Of Its Knowledge.

Contrary to Northshore's allegation that Local 66 was "evasive," Local 66 explicitly stated that it did not have a written policy of retaining documents but maintains a general practice of keeping such information. Northshore was clearly informed pursuant Local 66's answer to Interrogatory No. 9:

> **INTERROGATORY NO. 9:** Please state whether Defendant has a written document retention policy or other policy that governs when email or other electronic documents, video recordings, and/or audio recordings are destroyed.
>
> **ANSWER:** Defendant does not have a written document retention policy or other policy that governs when email or other electronic documents, video recordings, and/or audio recordings are destroyed.

(Burnham Decl. ¶ 8, Ex. A). As Local 66 does not have a policy relating to document retention, it answered Interrogatory No. 10 as follows:

> **INTERROGATORY NO. 10:** Please state what date, month and year Defendant began preserving documents, video recordings, and/or audio or video recordings, or other electronic information related to Plaintiff and this case.
>
> **ANSWER:** Defendant has acted in accordance with a general practice of keeping such information.

(Id.).

Local 66's counsel reiterated to Northshore's counsel during the telephone conference on February 19, 2016 that Local 66 does not have a written policy relating to document preservation but that, to the best of Local 66's knowledge, such documents had been maintained in

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
No. 2:15-CV-01349 MJP - 11

accordance with Local 66's general document preservation practice. Further, because Local 66 has a general policy of retaining documents, it is impossible to cite to an arbitrary date to which "it began preserving documents and other electronic information" as Northshore demands. Local 66 therefore fully answered Northshore's discovery request relating to retention of documents.

### B. Northshore is Not Entitled To FRCP 37 Fees

Northshore is not entitled to FRCP 37 fees in bringing its Motion. Payment of fees is not justified if "the opposing party's nondisclosure, response, or objection was substantially justified" or if "other circumstances make an award of expenses unjust." FRCP 37(a)(5)(A)(ii)-(iii). Substantial justification exists if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citations omitted).

Local 66 has demonstrated its good faith and willingness to work with Northshore in producing relevant emails and text messages in this matter. In the telephone conference on February 19, 2016, Local 66's counsel explained to Northshore that it needed to pare-down its discovery requests. Local 66's counsel suggested paring down the requests to the three project sites Northshore named in its Amended Complaint. Northshore's counsel was unwilling to consider Local 66's proposal. Without offering a suggestion as to how Local 66 could respond to Northshore's discovery requests without undue burden, and without contesting that the requests would cause a great burden, Northshore filed its Motion. Local 66 reasonably objected to Northshore's discovery requests as overly broad and unduly burdensome.

### CONCLUSION

For the foregoing reasons, the Court should deny Northshore's Motion to Compel Discovery.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
No. 2:15-CV-01349 MJP - 12

LAW OFFICES OF
Robblee Detwiler & Black

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

1   DATED this 7th day of March, 2016.

2                                     s/Margaret Burnham
                                      Margaret Burnham, WSBA No. 47860
3                                     Robblee Detwiler & Black, P.L.L.P.
                                      2101 Fourth Ave, Suite 1000
4                                     Seattle, Washington 98121
                                      Telephone: (206) 467-6700
5                                     Fax: (206) 467-7589
                                      E-mail: mburnham@unionattorneysnw.com

                                      Attorneys for Defendant

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY
No. 2:15-CV-01349 MJP - 13

LAW OFFICES OF
Robblee Detwiler & Black

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2016, I electronically filed the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY; MARGARET BURNHAM'S DECLARATION IN SUPPORT** and **EXHIBITS A & B** with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following:

>Christopher L. Hilgenfeld
>Davis Grimm Payne & Marra
>701 Fifth Ave, Suite 4040
>Seattle, Washington 98104

>s/Margaret Burnham
>Margaret Burnham, WSBA No. 47860
>Robblee Detwiler & Black, P.L.LP.
>2101 Fourth Ave, Suite 1000
>Seattle, Washington 98121
>Telephone: (206) 467-6700
>Fax: (206) 467-7589
>E-mail: dhutzenbiler@unionattorneysnw.com

>Attorneys for Defendant

CERTIFICATE OF SERVICE
No. 2:15-CV-01349 MJP - 1

LAW OFFICES OF
Robblee Detwiler & Black
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 ·· FAX (206) 467-7589