Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| NORTHSHORE SHEET METAL, INC., | Case No. 2:15-cv-01349 MJP |
|---|---|
| Plaintiff, | **REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| v. | |
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, | **Noted on Motion Calendar: March 11, 2016** |
| Defendant. | |

Plaintiff Northshore Sheet Metal, Inc. ("Plaintiff" or "Northshore") has moved for an order compelling discovery as to its Request for Productions Nos. 2, 6, 7, 8, 9, 10, 11, 12, 13; and, answers to its Interrogatories Nos. 8, 10, 11.

I.  **UNION'S OBJECTIONS ARE NOT APPROPRIATE**[1]

A. **The Union has improperly limited the scope of discovery to 3 job sites.**

Defendant has limited its responses and answers to 3 construction sites. In doing so, Defendant has failed to fully respond to RFP Nos. 2, 6, 7, 8, 9, 10, 11, 12, 13, and

---

[1] Defendant's response was not timely. Rule 6(a) adds 3 days to Rules 33(b)(2) and 34(b)(2), making a timely response January 26, 2016 in this case. That said, even if Defendant did not waive its objections, these objections are unfounded.

*Reply re Plaintiff's Motion to Compel Discovery*
- Page 1
Case No. 15-cv-01349 MJP

DAVIS GRIMM PAYNE & MARRA
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Interrogatory Nos. 8, 11. Defendant asserts that Northshore has failed to indicate other sites where the Union has engaged in unlawful picketing. Dkt. 55, at *2. According to Defendant, Plaintiff must articulate each construction site where the Union has engaged in unlawful conduct before discovery is appropriate. Defendant's unilateral attempt to limit the scope of this litigation through discovery is not appropriate.

Defendant improperly relies upon *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004). In that case, defendant sought discovery into plaintiff's immigration status. *Id.* The court found the defendant's reason for the inquiry was not relevant to its defense, and thus, inappropriate. The court went on to state: "Defendants may undoubtedly use the discovery process to obtain 'relevant' evidence." *Id.*

Here, the information as to all construction sites where the Union has picketed is patently relevantly.[2] Plaintiff has brought forth two causes of action: (1) the Union has breached its contractual duty not to strike; and (2) the Union has engaged in an unlawful secondary boycott that coerces, threatens and pressures neutral employers.[3] As is true with most lawsuits, Northshore was not privy to all of the Union's alleged illegal conduct. Northshore is permitted an opportunity to fully explore relevant discovery as to its allegations. In the instance matter, Northshore has asserted that the entirety of the Union's strike action is unlawful. *See* Dkt. 24, ¶¶ 26, 27, 28, 29, 30, 31, 33, 49, 50, 51. Plaintiff's causes of action are not limited to three construction sites. Specifically, Northshore has

---

[2] Defendant has already sought and received all contracts related to <u>all</u> construction sites since May 1, 2015. (Hilgenfeld Decl., Exh. 2, at *5.)

[3] Northshore disputes Defendant's contention that a stay should be granted on Plaintiff's breach of contract claim. Northshore will fully address that issue in its response brief to Defendant's motion to stay proceedings. Even if the Court elects to stay that action, however, this motion is not affected. Plaintiff's discovery requests go equally to be both claims. Under both claims, Plaintiff must prove to some degree the object of the Union's strike act, as well as determining the damages caused by the Union's entire strike action.

*Reply re Plaintiff's Motion to Compel Discovery*
- Page 2
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

asserted that the Union's strike action had an objective of pressuring individuals to withhold services from neutrals in an attempt to force that neutral to cease doing business with Northshore. This claim, as well as the breach of contract claim, involve the entirety of the strike action. As a result, there is no legitimate basis for the Union's refusal to provide the requested information.

**B. The Union has improperly refused to provide information related to its Strike Objective.**

Northshore's Request for Production Nos. 11, 12 and 13 are aimed at discovering information related to the Union's objective for the strike related to its strike action. The Union claims that Northshore's requests are harassing in nature and overly broad. Dkt. 55, at *6-7. However, if the Union engaged in a strike action over an issue related to the Parties January 2015 settlement agreement, then it breached its no-strike obligation to Northshore. Contrary to the Union's assertion, Northshore's breach of contract claim is still alive and valid. In fact, the Union has previously jointly submitted its Joint Status Report acknowledging the live claim: "This case concerns Defendant's violation of a no-strike provision in a Labor Agreement, and allegations that Defendant has unlawfully engaged in a secondary activity in violation of the National Labor Relations Act…" Dkt. 30.

Moreover, Defendant has also refused to provide any information regarding Request for Production No. 13 because the request was unduly burdensome and overly broad. Defendant has only provided a conclusory, vague objection. Plaintiff has sought information related to the strike. A "court must be able to ascertain what is being objected to. As such, unless it is obvious from the wording of the request itself that it is overbroad, vague, ambiguous or unduly burdensome, an objection simply stating so is not sufficiently specific." *City of Seattle v. Professional Basketball Club*, 2008 WL 539809, at *3 (W.D.

*Reply re Plaintiff's Motion to Compel Discovery*
- Page 3
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Wash. 2008). Here, Defendant's objection fails to have sufficient specificity to meet its burden.

### C. **Defendant has not shown that cost-shifting for ESI is appropriate**.

The presumption is that the responding party bears the expense of complying with discovery requests.[4] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978). Even electronic discovery is based upon that presumption. *Zubulake v. UBS Warburg LLC*, 217 FRD 309, 317 (S.D.N.Y. 2003). Cost-shifting is only available when discovery poses an "undue burden or expense." *Id.* The Union has provided no evidence that electronic discovery would impose such a burden. The question turns primarily on whether the information is kept in "an accessible or inaccessible format." *Id.*; Fed. R. Civ. P. 26(b)(2)(B). If the Electronically Stored Information ("ESI") is readily accessible to the responding party, then cost-shifting is not appropriate. *Zubulake*, 217 FRD at 317.

Defendant provides insufficient information that ESI is not readily accessible. This is a beginning point for any cost-shifting analysis. *See also Nogle v. Beech Street Corp.*, 2012 WL 3687570[5] (D. Nev. 2012) (not reported); *Starbucks Corp. v. ADT Sec. Serv., Inc.*, 2009 WL 4730798 (W.D. Wash. 2009) (not reported). Defendant's limited "evidence" is a hearsay statement provided by the Union's attorney that Tim Carter spent 17 hours reviewing emails, and Verizon Wireless deletes text messages after 5 days, but screenshot messages are still accessible. Dkt. 55-1, ¶¶ 12-14. Such vague information is not sufficient to show that the information is not accessible. *See City of Seattle*, 2008 WL 539809, at *3 ("A party objecting to production as to overbreadth and burden must show sufficient details

---

[4] The failure to provide any ESI, however, does not explain why Defendant failed to produce non-ESI documents. Dkt. 54-7, ¶¶ 11-14; Dkt. 54-8; Hilgenfeld Decl., Exh. 1.

[5] This case was cited in Plaintiff's initial brief; the cite did, however, contain a typographical error. The above cite is the correct one.

*Reply re Plaintiff's Motion to Compel Discovery* - Page 4
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

of time, money, and procedure required to produce the requested documents."). Defendant has failed to provide sufficient evidence that the ESI are inaccessible, or that cost-shifting is appropriate. In fact, email and text messages are generally readily accessible. Thus, there is no basis under the *Zubulake* standards for cost-shifting.

Moreover, to the extent the Union was attempting to claim that the text messages are inaccessible because the phone company automatically deletes its own records such a claim is due entirely to the Union's own delay. As stated below, the Union had a duty to preserve all relevant information, including ESI, since at least August 10, 2015.[6] This duty has been reemphasized to the Union at various times. The Union should not benefit by waiting until January 25, 2016, to protect the information. Dkt. 55-1, at ¶ 12.

> [The Court] should only consider shifting the cost of production to the requesting party when the requested information is not reasonably accessible and the responding party has not caused the information to become inaccessible after it was on notice that the information was relevant to pending or reasonably anticipated litigation.

*Nogle*, 2012 WL 3687570 at *8 (citing *Zubulake,* 217 FRD 309, 317 (S.D.N.Y. 2003). Here, the email and text message information is readily accessible, and Defendant provides no argument to the contrary. Moreover, any inaccessibility is due to the Defendant's own (in)actions and delay. There is no legitimate basis to shift the costs in this litigation.

### D. Defendant must fully answer the document preservation interrogatories.

The strike authorization vote occurred on August 10, 2015. The strike occurred on August 20, 2015. This lawsuit was initially filed on August 24, 2015. Dkt. 1. "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future

---

[6] Even if one used the filing date as the time when the duty to preserve was initiated, the filing date was only two weeks later.

*Reply re Plaintiff's Motion to Compel Discovery* - Page 5
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

litigation." *Zubulake v. UBS Warburg LLC,* 220 FRD 212, 216 (S.D.N.Y. 2003). The Union acknowledged its obligation to preserve documents in the Joint Status Report on November 9, 2015. Plaintiff reiterated this obligation on December 16, 2015, and provided a copy of the District Court's standard ESI agreement. Dkt. 54-4. Then, in Defendant's responses, Defendant failed to provide a number of documents that Plaintiff knows exist (or at least existed at one time).[7] Plaintiff requires a complete answer to its interrogatory (Int. No. 10) on this issue due to serious concerns regarding spoliation.

### III. CONCLUSION

The Court should order the production of the information sought. The information is relevant to Plaintiff's claims, and necessary to this litigation. Furthermore, Defendant has failed to meet its burden showing the ESI is inaccessible. Finally, the limited production and the failure to provide adequate justification for not providing the information warrant Rule 37 sanctions. To date, Defendant has failed to produce documents that Plaintiff knows exist. See for example: Dkt. 53, ¶¶ 11, 13, 14; Hilgenfeld Decl., Exh. 1. Even after informing Defendant of this fact, Defendant has not addressed the lack of production. An order for production and sanctions under Rule 37 is appropriate in this case.

Respectfully Submitted this 11th day of March, 2016.

By: /s/Christopher L. Hilgenfeld
Christopher L. Hilgenfeld, WSBA #36037
Davis Grimm Payne & Marra
701 5th Avenue, Suite 4040
Seattle, WA 98104-7097
Ph. (206) 447-0182 | Fax: (206) 622-9927
Email: chilgenfeld@davisgrimmpayne.com
**Attorneys for Plaintiff**
**Northshore Sheet Metal, Inc.**

---

[7] See Dkt. 54-7; Dkt. 54-8; Hilgenfeld Decl., Exh. 1. These documents go directly to the heart of this litigation, and were not produced by the Defendant.

*Reply re Plaintiff's Motion to Compel Discovery* - Page 6
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2016, I electronically filed the foregoing **REPLY TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Defendant:**
Daniel Hutzenbiler
Margaret A. Burnham
Robblee Detwiler & Black
2101 Fourth Avenue, Suite 1000
Seattle, WA 98121-2317
Email: dhutzenbiler@unionattorneysnw.com
Email: mburnham@unionattorneysnw.com

*[signature: Betsy E. Green]*

Betsy Green, Legal Assistant to
Attorneys for Northshore Sheet Metal Inc.
E-mail: bgreen@davisgrimmpayne.com

*Reply re Plaintiff's Motion to Compel Discovery* - Page 7
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927