Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., | Case No. 2:15-cv-01349 MJP |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING ARBITRATION** |
| v. | |
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, | **Noted on Motion Calendar: Friday, March 18, 2016** |
| Defendant. | |

## I.    <u>INTRODUCTION</u>

Plaintiff Northshore Sheet Metal, Inc. (hereinafter "Northshore" or "Plaintiff") respectfully requests the Court deny Defendant's motion to stay the breach of contract claim pending arbitration (hereinafter the "Motion"). The Sheet Metal Workers International Association, Local 66 ("Defendant" or "Union") has repudiated its obligations in this proceeding, and it has waived its right to compel arbitration. As a result, the stay should be denied.

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

## II.   FACTS

### A.   BACKGROUND FACTS.

On August 10, 2015, Plaintiff was informed that union membership had authorized a strike. (Dkt. 4, ¶ 8.)  On August 20, the Union engaged in a strike action at Northshore and specified construction sites.  (*Id.*, ¶ 9.)  The pickets announced the strike was over benefits. (*Id.*, Exh. 1.)  The term "benefits" referenced fringe benefits allegedly owed pursuant to the parties' settlement agreement.  (Dkt. 21.)  In striking over fringe benefits allegedly owed pursuant to the settlement agreement, the Union breached its no-strike contractual obligation.  (Dkt. 21.)

On the same day, August 20, 2015, Plaintiff informed the Union that the strike breached its contractual duty not to strike.  (Hilgenfeld Decl., Exh. 1.)  Plaintiff further demanded that the Union adhere to its contractual obligations, and arbitrate the dispute.  *Id.* On the following day, August 21, Plaintiff reiterated its position that the Union's strike violated its obligation not to strike.  Northshore again demanded that the Union adhere to the arbitration provision.  (Hilgenfeld Decl., Exh. 2.)

On August 21, the Union responded by repudiating the arbitration provision. (Hilgenfeld Decl., Exh. 3.)  The Union claimed that the arbitration provision was no longer valid, and it had no contractual obligation to not to strike.  (*Id.*)  Shortly after faxing its repudiation of the arbitration provision, the Union confirmed its position by email. (Hilgenfeld Decl., Exh. 4.)  According to the Union, there was no valid arbitration provision, and any argument to the contrary was meritless and worthy of sanctions.  (*Id.*)

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

**B.     THE UNION HAS REPUDIATED ITS OBLIGATIONS IN THIS PROCEEDING.**

On August 24, 2015, Defendant informed the Court that the arbitration provisions were not applicable.  (Dkt 9, *6.) ("The dispute arose after the expiration of the parties' contract, and as such, the arbitration provision is not applicable.").  The Union reinforced this position during oral argument on September 2, 2015. (Hilgenfeld Decl., Exh. 5.)

On September 4, 2015, the Court granted in part, and denied in part, Plaintiff's request for a temporary restraining order. (Dkt. 21.)  The Court did temporarily enjoin all strike activity related to fringe benefits owed under the Settlement Agreement for 14 days. (Dkt. 21, at *6.)  The Court further required the parties to mediate and arbitrate the issue of fringe benefits. *(Id.)*  The TRO did not address Plaintiff's money damages claims related to the Union's breach of the no-strike clause. (*Cf.* Dkt. 1, ¶ 29 and Part VI, with Dkt. 21, *6.)

The Union's strike continued unabated.   On September 8, 2015, Northshore requested that the Union adhere to the Court's TRO and disclaim that fringe benefits allegedly owed pursuant to the settlement agreement was not a basis for the Union's strike action. (Hilgenfeld Decl., Exh. 12.)  The Union refused. (Hilgenfeld Decl.)  Instead, in October and November the Union sent correspondence to contractors and other entities, claiming "[a]s is evident from the Local's continued strike activity, the federal judge has allowed the strike to continue." (Hilgenfeld Decl., Exhs. 6, 7.)

On October 27, 2015, Defendant filed its answer. (Dkt. 29.)  Plaintiff's complaint had sought damages for the Union (1) violating its contractual duty not to strike, and (2) unlawful secondary activity in violation of the NLRA.[1] (Dkt. 24.)  Defendant admitted

---

[1] Defendant's brief made an issue of Plaintiff's amended complaint; however, at all times, Plaintiff has sought money damages due to the Union's breach of the parties' no-strike clause. *Cf.* Dkt. 1 ¶¶ 29 and VI.3 with Dkt. 24, ¶¶ 38, VI.3.

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 3
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

venue and jurisdiction were proper.  (*Cf.* Dkt 24, ¶ 2 with Dkt. 29, ¶ 2.)  The Union did not assert in its affirmative defenses that Plaintiff's contractual claim required arbitration (or adherence to the grievance procedures).  (Dkt. 29, Affirmative Defenses.)

On November 9, 2015, the Union (and Plaintiff) filed a Joint Status Report.  The Union acknowledged that the federal case involved the violation of a no-strike provision.  (Dkt. 30.)  The Union did not claim the case was improperly before the Court.

On November 20, 2015, Defendant propounded discovery requests.  The discovery sought included documents related to the no-strike breach of contract claim.  (Dkt. 57-2.)

On January 6, 2016, the Union filed a response to Plaintiff's motion for a protective order.  (Dkt. 37.)  In that response, the Union continued its stance that it had an unimpeded right to strike following the expiration of the Labor Agreement.  (Dkt. 37, at *1; Dkt. 38, at *2.)  The Union stated:  "Subsequently, on August 20, 2015, the Union went on strike and remains engaged in a lawful strike against Northshore to this day." (Dkt. 37, at *1; Dkt. 38, at *2.)  Defendant supported these claims with a declaration from Tim Carter, Union Business Manager.  (Dkt. 29, ¶ 2.)

On February 8, 2016, Defendant propounded its second set of discovery requests.  These requests also included documents and information related to the no-strike breach of contract claim.  (Dkt. 55-3.)

On February 18, 2016, Defendant filed an unopposed motion for leave to amend its answers.  (Dkt. 50.)  Again, Defendant did not raise a failure to exhaust contractual grievance / arbitration procedures as an affirmative defense.  (Dkt. 50-1, Affirmative Defenses.)

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 4
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
**701 Fifth Avenue, Suite 4040**
**Seattle, WA  98104**
**Ph. (206) 447-0182 • Fax: (206) 622-9927**

The Union has consistently repudiated its contractual obligations to arbitrate the no-strike claims, asserting that the arbitration provision is no longer valid.  The Union has made these pronouncements to Northshore and to the Court.  Moreover, the Union has readily announced that the entirety of the Union's strike action was (and is) lawful at all times, and the lawfulness was supported by the federal court.  (Hilgenfeld Decl., Exh. 6, 7.)  It is unknown the full extent of the Union's contractual repudiation because the Union has failed to respond to discovery.  (Dkt. 52.)

## C.   DEFENDANT HAS AVOIDED ITS MEDIATION OBLIGATION.

Defendant's motion states that Plaintiff has repeatedly refused to initiate mediation regarding fringe benefits.  (Dkt. 51, at *2.)  Defendant's statement is disingenuous and completely untrue.

On September 9, 2015, Northshore reiterated its request for documentation and agreed to select a mediator.  (Hilgenfeld Decl., Exh. 8.)  The Union had stonewalled Northshore since July as to the documents supporting the Union's fringe benefits claim.  These documents are necessary for any meaningful mediation.  The supporting documents provide the evidence for, or against, the Union's claim that 401(k) monies were not properly paid.  The Union has known that its grievance over whether monies were properly paid pursuant to the parties' settlement agreement to the Northwest Sheet Metal Workers Supplemental 401(k) Pension Trust ("Trust") must include all supporting documentation.  Proof of the alleged monies owed to the Trust, or the defenses thereto, at mediation or arbitration require this supporting information.

Furthermore, the Union's counsel claimed during oral argument on September 2, 2015 that the Union believed all information had been provided, or could easily be provided.

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 5
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

(Hilgenfeld Decl., Exh. 5.)  The Court reasonably asked why the Union could not simply tell Northshore what information was relied upon, and where it was received.  (*Id.*)  Despite this, the Union did not respond to Plaintiff's September 9, 2015 request in any manner.

On November 13, 2015, Plaintiff reiterated its request for documents and mediation. (*Id.*, Exh. 9.)  Plaintiff further requested the Union provide three names for mediators to see if any would be agreeable.  (*Id.*)  The Union did not respond to this November 13 request.

On December 4, 2015, Plaintiff again sent a letter asking for the information, and a request to select a mediator.  (*Id.*, Exh. 10.)  This was the 6th repeated request for the information since July 2015.  All requests sought the same information.  The Union had refused to respond to any of the requests.

Finally, on December 15, 2015, Defendant provided some of the information.  The Union did not provide a list of mediators as requested, or a proposal on how to select the mediator.  (Dkt. 50-4, Exh. 2.)  The information provided did not make sense because the alleged "supporting" documents did not actually support the Union's July calculations. Moreover, the Union claimed that the Trust had the information.  (*Id.*)  The individual identified by the Union for the Trust did not return phone calls, causing further delay. (Hilgenfeld Decl.)

On February 25, 2016, Plaintiff responded to the information provided, seeking clarification.  The Union's claim that the Trust had the information, not the Union, is difficult to comprehend.  Half of the Trust's trustees are union officials, including Local 66. The Trust's attorney that signed the settlement agreement underlying the dispute is the Union's primary attorney in this lawsuit.  Moreover, the Union brought this grievance on behalf of the Trust as the intended third-party beneficiary.  It is difficult to comprehend the

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 6
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

argument that the Union does not have custody or control of documents used by the Trust at the Union's direction to calculate the alleged monies owed.   The Union's position is certainly contrary to the federal rules regarding "possession, custody, or control."   *See generally Henry v. Rizzolo*, 2010 WL 3168246 (D. Nev. 2010) (not reported) (court awarded Rule 37 sanctions against a party for failing to provide documents and information held by the party's trust.)[2]

In that February letter, Plaintiff again requested a list of mediators.   (Hilgenfeld Decl., Exh. 11.)   Plaintiff also provided different alternatives on how to select a mediator. On Friday, March 12, 2016, over six months after the initial request, Plaintiff finally received a list of three potential mediators from the Union.[3]   (Hilgenfeld Decl.)

Since the Court's September 4, 2015 Order, Northshore has made four written requests to select a mediator, and seek information necessary for the mediation.   The Union has still failed to provide the complete supporting documentation relied upon in its claims that monies are allegedly owed to the Trust.   The Union has tactically delayed the court-ordered mediation, and failed to provide the documents necessary to make mediation meaningful.   These delaying tactics, along with the Defendant's statements to Northshore, the Court, and others, make it appear that the Union will not mediate / arbitrate any matter. This delaying tactic is presumably an attempt to prolong the strike, permitting the Union to continue its contractual violations not to strike over the fringe benefits issue.

---

[2] During the September 2, 2015, hearing, upon a question by the Court, Northshore's attorney was not sure whether the Court had the power to order production.  Upon reflection, Northshore does contend the Court has the power to order production.  The Court properly ordered mediation.  Within the Court's inherent power, the Court may order all steps to ensure mediation is meaningful.  That would necessarily include ordering the production of documents necessary for mediation.  The Parties agree the Court may order mediation.  Then, as a result, the Court must also have the authority to order the necessary steps to make that mediation fruitful.

[3] Northshore is currently reviewing the list to determine if any on the list may be acceptable for this matter.

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 7
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

### III.   **LEGAL ARGUMENT**

**A.    DEFENDANT HAS REPUDIATED THE ARBITRATION PROVISION IT NOW REQUESTS BE ENFORCED.**

Before filing the instant Motion, Defendant repudiated the arbitration provision it now argues compels a stay in this matter.  It is true that there is a strong federal policy favoring arbitration of labor disputes.  This policy, however, is not absolute.  A party may repudiate or waive the right to arbitrate a dispute.

Whether a party's actions have repudiated its promise to arbitrate, depend on the specific facts of the case.  "[I]n determining whether one party has so repudiated his promise to arbitrate that the other party is excused the circumstances of the claimed repudiation are critically important." *Drake Bakeries, Inc. v. Local 50, American Bakery & Confectionary Workers Int'l.,* 370 U.S. 254, 262-63 n. 10 (1962) (ordering arbitration where union denied repudiating the agreement, and even denied that a strike occurred).  The U.S. Supreme Court has consistently recognized that the Court, not an arbitrator, has the duty to determine the question of arbitrability.  *AT&T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 649 (1986).  As part of that doctrine, and the fact that arbitration provisions are a creature of contract, the Court may also, under the right circumstances, determine whether a party has repudiated that provision.  "The effect of a repudiation upon the repudiator's right to arbitration shall depend on the character of his so-called 'repudiation' and the reasons for it.  <u>One who flatly repudiates the provision of arbitration itself should have no right to the stay of a court action brought by the other party.</u>" *Drake Bakeries,* 370 U.S. at 363 n. 10 (quoting 6 Corbin Contracts § 1443 (1961 Supp. n. 34, p. 192-93).

The Ninth Circuit recognizes that a party should not be allowed to invoke an arbitration provision that the same party has repudiated through words or actions.  A party

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 8
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

who repudiates an arbitration provision by refusing to arbitrate a dispute within its scope foregoes the right to later enforce the arbitration agreement. *Brown v. Dillards, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005) ("[h]e who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed.").

In *Dillards*, an employee demanded arbitration of her wrongful discharge claim under an agreement requiring arbitration. *Id.*, at 1008. Her employer, Dillards, refused, believing her claim to be frivolous. *Id.*, at 1009. The employee then filed in state court that was later removed to federal court. The Ninth Circuit refused to compel arbitration, finding: "if Dillard's believed [the employee's] claim was meritless, its proper course of action was to make that argument in arbitration. Instead, Dillard's refused to participate in the arbitration process at all." (*Id.*, at 1010.)

Likewise, here, Plaintiff informed the Union of its obligation to arbitrate violations of the settlement agreement and sought arbitration. (Hilgenfeld Decl., Exh. 1.) The Union refused to arbitrate the matter believing Northshore's claim was frivolous. (Hilgenfeld Decl., Exh. 4.) The Union repudiated the arbitration provision in the parties' settlement agreement, requiring Northshore to file its claim in federal court. The Union is prohibited from reinvigorating the arbitration provision that it repudiated.

Another leading Ninth Circuit case recognizing this concept was cited by the Defendant in its Motion. (Dkt. 51 at *5, (*citing California Trucking Ass'n v. Bhd. of Teamsters & Auto Truck Drivers, Local 70*, 679 F.2d 1275 (9th Cir. 1981)). In *California Trucking Ass'n*, the employer sought damages due to the union's breach of a no-strike provision. 679 F.2d at 1278. The district court conducted a trial on part of the employer's no-strike claims, and stayed part of the claims. *Id.*, at 1279. The union claimed the entire

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 9
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

dispute was required to be referred to arbitration. *Id.* The district court reasoned that "even if the agreement required submission of damages actions to the grievance procedures, [the union's] express repudiation of the collective bargaining agreement released the employer from any obligation to arbitrate." *Id.*, at 1282. Although equitable defenses, such as repudiation and waiver, are generally for an arbitrator to determine, it is not absolute. *Id.*, at 1282-83. When a litigant takes a position in a court proceeding repudiating its obligation to arbitrate, then the Court has jurisdiction to resolve the issue, and permit a trial. *Id.*

Furthermore, "a determination on the issue of repudiation will often entail an examination of the repudiator's manifest intent to preserve a pre-existing contractual right to arbitrate as an alternative to contractual repudiation." *California Trucking Ass'n,* 679 F.2d at 1284. In *California Trucking*, the Union did not timely request arbitration, nor did the Union take the position that the arbitration provision covered the strike. *Id.*, at 1284. In affirming the trial court's repudiation finding, the Ninth Circuit held: "[t]o hold otherwise would condone an inordinate, prejudicial delay." *Id.*

Here, the Union informed the Court that the no-strike allegations were not arbitrable. (Dkt. 9, at *6) ("...the arbitration provision is not applicable."). After the Court's September 4, 2015 Order, the Union consistently refused to disclaim that the strike was not related to the fringe benefits issue. (Hilgenfeld Decl., Exh. 12.) Instead, the Union continually asserted to the public, general contractors and others: "[a]s is evident from the Local's continued strike activity, the federal judge has allowed the strike to continue." (Hilgenfeld Decl., Exhs. 6, 7.) Then, on January 6, 2016, Defendant again asserted to the Court that the Union went on strike on August 20, 2015, and it "remains engaged in a lawful strike against Northshore to this day." (Dkt. 37.) Moreover, the Union prolonged mediation

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 10
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

attempts for over six months, and has failed to provide supporting documents necessary for mediation.  Furthermore, the Union has engaged in discovery aimed at the no-strike issue.

The Union's actions and words have repudiated the arbitration provisions in the party's contract.  This repudiation is for the Court to determine because it has occurred within the proceedings of this action.  The totality of the circumstances show that the Union has repudiated the arbitration provision.  Thus, Defendant's motion for stay should be denied upon those grounds.

## B.    DEFENDANT WAIVED ANY RIGHT TO ARBITRATION.

Defendant has also waived its right to arbitration.  Arbitration is a creature of contract.  Like any other contractual right, the right to arbitration can, thus, be waived.[4]  *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988); *Cornell & Company v. Barber & Ross Company*, 360 F.2d 512, 513 (D.C. Cir. 1966), *aff'd*, 242 F. Supp. 825 (D.D.C. 1966).  A party arguing for waiver bears the burden, and waiver will not be lightly inferred.  *U.S. v. Park Place Assoc., Ltd.,* 563 F.3d 907, 921 (9th Cir. 2009).  A party's acts are inconsistent with a motion to say or compel arbitration, however, where that party has made "a conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims."  *Van Ness Townhouses*, 862 F.2d at 759 (quoting *National Foundation for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 777 (D.C.C. 1987)).

There is no concrete test to determine whether or not a party's actions are inconsistent with the right to arbitrate.  The Ninth Circuit has used a three part test to

---

[4] Defendant's citation to *Hardline Elec. v. Int'l Bhd. of Elec. Workers*, 680 F.2d 622 (9th Cir. 1982), *cert. denied*, 459 U.S. 1170 (1982) to imply that waiver is not favored in the Ninth Circuit is misplaced. (Dkt. 51, at *6 n. 1)  The court in *Hardline* specifically cited to *California Trucking Ass'n* (supra) for the proposition that waiver could be found in certain circumstances.  *Hardline*, 680 F.2d at 625-26 n. 3.

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 11
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

determine if waiver has occurred.  To determine if a party has waived its right to arbitrate a matter, the courts review: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with the existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 694 (9th Cir. 1986).

> **(1)      The Union had knowledge of an existing right to compel arbitration.**

The Union cannot seriously dispute it did not have knowledge of the right to compel arbitration.  On August 20, 2015, Northshore informed the Union that its strike was breaching its contractual obligation not to strike.  (Hilgenfeld Decl., Exh. 1.)  On August 24, 2015, Plaintiff filed its complaint, asserting that the Union breached its contractual duty not to strike, and sought money damages as a result.  (Dkt. 1, ¶29 and Part VI.)  The parties' joint status report further claimed that the federal case involved a violation of the parties' no-strike provision in the parties' labor agreement.  (Dkt. 30.)

> **(2)      The Union has acted inconsistently with a desire to arbitrate.**

On August 20, 2015, Northshore informed the Union that it was bound by the parties' settlement agreement, and its strike violated those terms and conditions.  Since that time, the Union has filed an answer, and an amended answer to the complaint; in both, the Union has failed to assert a right to arbitrate.  This was confirmed by the Union in its Joint Status Report to the Court that the Union did not desire the no-strike claim to be arbitrated. The parties have engaged in discovery and required court intervention for a protective order. Defendant's pleadings, motions practice, protective order, and 7-month delay constitute a clear intent to proceed with the claim through the courts.  "A party waives his right to arbitrate when he actively participates in a lawsuit or takes other action inconsistent with

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 12
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4400
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

that right.  Once having waived the right to arbitrate, that party is necessarily "in default in proceeding with such arbitration."  *Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513 (D.C. Cir. 1966).

*Cornell* is instructive in this matter.  In that case, the moving party had failed to identify the matter was arbitrable in its answer, conducted discovery and motions practice, and waited 4 months.  The Court found that the "litigation had been substantially invoked," and the moving party's actions, lack of diligence, constituted a waiver to the arbitration provision.  Likewise, here, the Union has substantially invoked litigation, and actively moved forward with the Court proceeding.  The Union's actions are inconsistent with a desire to arbitrate.

**(3)     Northshore has been prejudiced.**

"Prejudice has been found in situations when the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate.   *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n. (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995).  The length of delay and the expense incurred by that party from participating in the litigation process.  *S & H Contractors v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (arbitration not appropriate when party waited 8 months, conducting discovery, prior to announcing its intent to arbitrate).  "Substantial invocation of the litigation process ... may cause prejudice and detriment the opposing party." *National Foundation for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 777 (D.C. Cir. 1987) (trial court properly found party waived right to compel arbitration by acting inconsistently with its agreement to arbitrate.); *Hoffman Const. Co. of Oregon v. Active Erectors & Installers, Inc.*, 969 F.2d 796, 799 (9th Cir. 1992) (finding that

the "the subjection of [plaintiff] to the litigation process ... the discovery process, the expense of litigation" resulted in apparent prejudice); *Plows v. Rockwell Collins, Inc.*, 812 F. Supp. 2d 1063, 1068 (C.D. Cal. 2011) (non-movant would have made different choices concerning litigation strategy if it was known that the case was going to proceed to arbitration.). The delay and costs incurred by the non-movant are considered prejudicial for the purposes of the waiver analysis. *Brown*, 430 F.3d at 1013.

## C.   UNION HAS NOT ASSERTED THAT IT WILL AGREE TO MEDIATE / ARBITRATE THE NO-STRIKE CLAIMS.

Notably, the Union's motion for stay – at no point – actually request mediation or an order compelling arbitration as it relates to the Union's breach of its no-strike obligations. There are two issues related to the settlement agreement. First, does Northshore allegedly owe monies to the Trust for fringe benefits allegedly owed pursuant to the January settlement agreement? Second, did the Union breach its contractual obligation not to strike over a term and condition found in the parties' January settlement agreement? These are two separate and distinct grievances. The Union's Motion, however, is related entirely to the first issue (i.e. fringe benefits owed). The Union does not assert that mediation / arbitration is appropriate for the no-strike damages claim. It appears to Plaintiff that the Union has no intent to mediation / arbitrate the no-strike claim, but simply delay that proceeding further.

This type of issue has been recently addressed in a different Washington District Court case, *Carpenters Health & Sec. Trust of W. Washington v. NW Drywall Servs., Inc.*, No. 3:13-CV-05305-RBL, 2014 WL 465816 (W.D. Wash. 2014). In that matter, Judge Leighton found the union had waived the right to compel arbitration. *Id.*, at *4. The Union sought to use the arbitration clause as a "shield" but made no actual attempt to adjudicate the

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 14
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

dispute through arbitration. *Id.* Judge Leighton properly surmised that the union had no desire to arbitrate the dispute; instead, the union sought to compel arbitration, and then claim the employer had failed to exhaust the grievance procedures within shortened timeframe. The District Court found that the Union's actions prejudiced the employer, and denied the union's motion.

Similarly, the Union's motion, and its actions to this point, have clearly indicated it has no desire to arbitrate the no-strike violations. The Union is simply attempting to use the Court and the arbitration provision as a shield to its contractual breach.

**D.   DEFENDANT HAS NOT MET ITS BURDEN IN DEMONSTRATING AN ENTITLEMENT TO A STAY.**

Defendant has failed to meet its burden of establishing it is entitled to a stay of proceedings pending an unfiled arbitration. Defendant has not sought to compel arbitration, but to stay the proceedings. The party seeking a stay bears the burden of showing its entitlement. *Latta v. Otter*, 771 F.3d 496, 498 (9th Cir. 2014), *citing*, *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In deciding if the moving party met its burden, the Court must consider the competing interests of the parties. *Lockyer v. Mirant Co.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (*citing CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Among the "competing interests" are (1) possible damage from the stay, (2) hardship or inequity a party may suffer in going forward, and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

First, Northshore would suffer damages from any stay in these proceedings. This lawsuit was originally filed on August 24, 2015. Discovery is scheduled to be completed in just over three months. Northshore has already invested substantial resources in procedures

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 15
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

that would be considered futile if this matter is ordered to arbitration. Northshore has responded to Defendant's motions, moved for protective orders, and moved to compel discovery from the Defendant. A stay will likely delay a decision on the merits. Initiating arbitration, selecting an arbitrator, setting an arbitration discovery schedule, and scheduling a hearing will likely lead to a decision on the merits well after October 14, 2016. This is even more important because Northshore's damages from the Defendant's illegal actions are ongoing, and will be compounded if this matter is delayed.

Second, Defendant's argument that they would suffer "hardship" or "inequity" if the stay is not granted is not compelling. (Dkt. 51.) Defendant's only allegation in support of this argument is that it would allegedly need to defend against the same claim (related to "fringe" benefits") in two forums if a stay is not ordered. That is not accurate. The fringe benefits issue is separate from the violation of the no-strike provision. There is simply no danger of the Defendant being required to defend against the same claim in two separate forums.

Third, matters would be more complicated – not less complicated – if a stay is ordered. As set forth above, discovery is almost complete, several matters have already been resolved (concerning protective orders and case schedule) and trial is approximately seven months away. Staying this action now pending an unfiled arbitration would require the parties to essentially start over concerning many items that have already been resolved. Accordingly, this matter should proceed as scheduled.

## IV.   CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests the Court deny the Defendant's Motion.

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 16
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Respectfully submitted this 14th day of March, 2016.

By: /s/ Christopher L. Hilgenfeld
     Christopher L. Hilgenfeld, WSBA #36037
     Davis Grimm Payne & Marra
     701 5th Avenue, Suite 4040
     Seattle, WA  98104-7097
     Ph. (206) 447-0182
     Fax: (206) 622-9927
     Email: chilgenfeld@davisgrimmpayne.com
     **Attorneys for Plaintiff**
     **Northshore Sheet Metal, Inc.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___14th___ day of March, 2016, I electronically filed the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING ARBITRATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> **Attorneys for Defendant:**
> Daniel Hutzenbiler
> Margaret A. Burnham
> Robblee Detwiler & Black
> 2101 Fourth Avenue, Suite 1000
> Seattle, WA  98121-2317
> Email: dhutzenbiler@unionattorneysnw.com
> Email: mburnham@unionattorneysnw.com

Betsy E. Green, Legal Assistant to
Attorneys for Northshore Sheet Metal Inc.
E-mail: bgreen@davisgrimmpayne.com

*Plaintiff's Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration* - Page 18
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927