**HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, <br><br> Defendant. | No. 2:15-cv-01349 MJP <br><br> **REPLY ON MOTION TO STAY PROCEEDINGS PENDING ARBITRATION** <br><br> Note On Motion Calendar: <br> March 18, 2016 |

## ARGUMENT

**I.   LOCAL 66 HAS NOT WAIVED ITS RIGHT TO ARBITRATION.**

Local 66 has not waived its contractual right to arbitrate Northshore's damage claim for breach of a no-strike clause.[1] An examination of waiver must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements. Fisher v. A.G. Becker Paribas, Inc., 791 F.2d 691, 694 (9th Cir. 1986). Waiver of arbitration rights is disfavored, and a party seeking to establish waiver accordingly "bears a heavy burden of proof." (emphasis added). Id.

---

[1] In its Opposition to Defendant's Motion to Stay Proceedings Pending Arbitration, Northshore states, "The Union cannot seriously dispute it did not have knowledge of the right to compel arbitration." Dkt. 60 p. 12. Thus, Northshore concedes its damage claim for breach of contract is subject to arbitration.

REPLY ON MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 1

Robblee Detwiler & Black
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

Courts resolve any doubts concerning waiver in favor of arbitrating the dispute. Id.; Airbus S.A.S v. Aviation Partners Inc., 2012 U.S. Dist. LEXIS 154244, at *3 (W.D. Wash., Oct. 25, 2012).

A party seeking to prove waiver of a right to arbitration must demonstrate that the party seeking arbitration: (1) had knowledge of an existing right to compel arbitration; (2) acted inconsistent with that right; and (3) to the party opposing arbitration will be prejudiced from such inconsistent acts. Britton v. Co-op Banking Grp., 916 F.2d 1405, 1412 (9th Cir. 1990). Northshore has failed to demonstrate that Local 66 acted inconsistently with its right to arbitrate and that Northshore will be prejudiced by arbitration.

### A. Local 66's Actions Have Been Consistent With Its Right to Arbitrate Northshore's Damage Claim For Breach of the No-Strike Clause.

Northshore has not shown that Local 66's actions were inconsistent with its right to arbitrate. "[I]n light of the fact that waiver is disfavored, the Ninth Circuit has been hesitant to conclude that a party's actions are inconsistent." Airbus S.A.S., 2012 U.S. Dist. LEXIS 154244, at *8-9; Britton, 916 F.2d at 1405 (holding that defendant's failure to raise arbitration as an affirmative defense in his answer, resisting discovery and seeking a stay, were not inconsistent with the pursuit of arbitration); Fisher, 791 F.2d at 694-95 (no inconsistent action where party resisted discovery and moved to stay litigation). "Indeed, the Ninth Circuit has been willing to find inconsistent actions only in situations where inconsistency is readily apparent from the facts." (emphasis added). Airbus S.A.S., 2012 U.S. Dist. LEXIS 154244, at *8-9. at 698).[2]

Local 66 participated in this litigation as required under the Federal Rules of Civil Procedure, particularly given that Local 66 has to defend itself against Northshore's secondary

---

[2] Other courts have similarly held that participation in a lawsuit does not constitute a waiver of arbitration. See Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc., 817 F.2d 250, 252 (4th Cir. 1987)("neither delay nor the filing of pleadings by the party seeking a stay will suffice, without more, to establish waiver of arbitration.") ;(McDonnell Douglas Finance v. Pennsylvania Power & Light Co., 858 F.2d 825 (2nd Cir. 1988)(refusing to find waiver after party responded to complaints, participated in discovery, and threatened summary judgment)

REPLY ON MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 2

Robblee Detwiler & Black
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

boycott claim that is not subject to the parties' collective bargaining agreement. Importantly, Local 66 did not bring this motion on the eve of trial (trial is set for October 2016) and over three months remain to conduct discovery. Northshore relies on the fact that Local 66 answered, engaged in discovery, and responded to motions to claim that Local 66 acted inconsistently with its pursuit of arbitration. Local 66, however, was under a duty to respond to Northshore's complaint to avoid default and participated in discovery and motion work to the extent it relates to alleged secondary boycott activity. In fact, as evidenced by Local 66's to Northshore's extensive discovery requests unrelated to the secondary boycott issues, the Union has <u>resisted</u> Northshore's discovery requests relating to its breach of contract claim. *See* Dkt. 55. Such actions show Local 66 has not acted inconsistently.

**B. <u>Northshore Will Not Be Prejudiced By Requiring Arbitration.</u>**

Even if the Court determines Local 66 acted inconsistently with its arbitration right, Northshore has utterly failed to show it will be prejudiced by a stay to on its breach of contract claim. Under Ninth Circuit precedent, a party is not prejudiced by "inconsistent actions" if a request for arbitration comes when the case is in the discovery stage. Thus, a party was not prejudiced where an arbitration request came after a case had been in litigation for over a year and the parties had engaged in discovery. <u>Lake Communications, Inc. v. ICC Corp.,</u> 738 F.2d 1473, 1477 (9th Cir. 1984); <u>see also</u> <u>Shinto Shipping Co., Ltd v. Fibrex & Shipping Co., Inc.,</u> 572 F.2d 1328, 1330 (9th Cir.1978) (no prejudice even though discovery had begun). In contrast, in, prejudice was found when an arbitration request occurred after the case had already proceeded through all of discovery, a trial, and judgment in a state court. <u>Hoffman Construction Co. of Oregon v. Active Erectors and Installers, Inc.</u>, 969 F.2d 796, 799 (9th Cir. 1992).

REPLY ON MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 3

Robblee Detwiler & Black
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

Northshore did not even attempt to describe how it will be prejudiced if the Court orders a stay. It simply cites caselaw related to the concept of prejudice, but makes no effort to demonstrate how such caselaw relates to this matter. Dkt. 60 p. 13-14. It is neither the Court's nor Local 66's duty to infer from a list of citations how Northshore will be prejudiced by a stay. The parties have over three months to engage in discovery, and if the breach of contract claim is stayed, discovery will be drastically simplified to encompass only the secondary boycott allegation. As Northshore has not shown how it will be prejudiced if its breach of contract claim stayed, it unequivocally failed to demonstrate that Local 66 waived its right to arbitration.

## II. REPUDIATION IS A MATTER FOR AN ARBITRATOR, NOT THIS COURT. REGARDLESS, LOCAL 66 HAS NOT REPUDIATED ITS CONTRACTUAL OBLIGATIONS TO ARBITRATE THE BREACH OF CONTRACT CLAIM.

Northshore's repudiation argument must be rejected because this Court is not the proper forum to decide whether Local 66 repudiated the parties' grievance procedure. "[W]hen [a] contract calls for arbitral resolution of questions arising under the collective bargaining agreement," the equitable defense of repudiation is a matter to be decided in arbitration, not in court. California Trucking Ass'n. v. Bhd. of Teamsters & Auto Truck Drivers, Local 70, 679 F.2d 1275, 1282 (9th Cir. 1982); see also Local Union No. 370 of the Int'l Union of Operating Eng'rs v. Morrison-Knudsen Co., Inc., 786 F.2d 1356, 1358 (9th Cir. 1986) ("It is well-settled law that the question of whether repudiation [of a CBA] has occurred must normally be submitted to the arbitrator.").[3]

---

[3] The Ninth Circuit recognized a limited exception to the above-referenced rule where the asserted repudiation occurs directly before the court. California Trucking Ass'n., 679 at 1282-83. Local 66 never repudiated the parties' agreement in Court, particularly in relation to Northshore's claim for breach of contract. In fact, Local 66 has acquiesced to the Court's determination on the separate issue of the parties' fringe benefit dispute. Moreover, given that Northshore never attempted to pursue its damages claim through the parties' CBA, Local 66 could not have repudiated with regard to that issue.

REPLY ON MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 4

Robblee Detwiler & Black
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

Even if the Court considers Northshore's argument, Local 66 has not repudiated its right to arbitrate. Northshore argues that Local 66 repudiated "the arbitration provision in the parties' settlement agreement, requiring Northshore to file its claim in federal court." Dkt. 60 p. 9. That claim is both legally and factually incorrect. Local 66 has never repudiated the parties' arbitration provision with regard to Northshore's claim. Initially, it disagreed with the provision's applicability to the separate dispute over payment of fringe benefits, but Local 66 has actively pursued mediation over that unrelated matter since early September, 2015. Hutzenbiler Dec. ¶¶ 3-4, Exs. A and B. Regardless, the dispute over fringe benefits owed is distinct from Northshore's breach of contract claim. At no time could Local 66 have repudiated the grievance procedure over Northshore's breach of contract claim, as Northshore never invoked the grievance procedure over that claim.

Moreover, as Northshore has admitted, the CBA requires Northshore to pursue its damages claim in arbitration. Thus, Northshore is obligated to pursue its claim for damages in arbitration, but chose not to do so.[4] Northshore's decision not to pursue damages through the parties' grievance procedure does not show that Local 66 repudiated the arbitration provision. While the issue of repudiation should be determined by an arbitrator, Local 66's actions clearly do not demonstrate repudiation.

**III. LOCAL 66 AGREED TO MEDIATE/ARBITRATE THE NO-STRIKE CLAIMS.**

Northshore's argument that Local 66 somehow has not agreed to mediate or arbitrate is similarly meritless. Local 66 plainly agreed to comply with the grievance procedure in the

---

[4] Northshore repeats its false complaint that it has not received all the information related to the fringe benefit dispute. First, Northshore is free to file an Unfair Labor Practice charge before the NLRB if it truly believes it is entitled to more information. It has not done so, recognizing that the Union has complied with its legal duty to provide information. Second, even if the Union had not provided all such information, Northshore provides no authority for the proposition that failing to provide information constitutes a repudiation of the parties' CBA.

REPLY ON MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 5

Robblee Detwiler & Black
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

parties' CBA, both in repeatedly attempting to pursue mediation on the fringe benefit matter and in asking this Court for the stay on Northshore's separate damages claim. Northshore relies on Carpenters Health & Sec. Tr. v. Nw. Drywall Servs., No. 3:13-cv-05305RBL, 2014 U.S. Dist. LEXIS 13889, at *12 (W.D. Wash. Feb. 4, 2014) to argue that the Union has not agreed to mediate or arbitrate. Dkt. 60 p. 15. The facts here, however, are starkly different than in Carpenters.

There, the Court rejected the union's request for arbitration because the employer was not bound to the contract or its arbitration clause. Secondarily, the Court held that the Union acted inconsistently by not invoking the grievance procedure after the employer had repeatedly attempted to resolve the matter. Id. Unlike the employer in Carpenters, Northshore has never invoked the grievance process for its breach of contract claim. Hutzenbiler Dec. ¶ 3, Ex. A; ¶4, Ex. B. Local 66 is unequivocally seeking to invoke its right to arbitrate Northshore's damage claim for breach of the no-strike provision.[5] Only Northshore is unwilling to use the grievance procedure with regard to its breach of contract claim.

### IV. LOCAL 66 IS ENTITLED TO A STAY OF PROCEEDINGS PENDING ARBITRATION.

Local 66 demonstrated it is entitled to a stay of proceedings related to the breach of contract claim. "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Where it is proposed that

---

[5] Northshore asserts Local 66 is not actually attempting to arbitrate/mediate as Local 66 has not filed a request for mediation or order compelling arbitration. That is patently false. Local 66 explicitly stated it is seeking to arbitrate the damages claim for the no-strike provision in its Motion to Stay Proceedings Pending Arbitration, "[t]he Court should stay further litigation of this action pending mediation or arbitration of Plaintiff's first cause of action, 'Breach of Labor Agreement, 29 USC 185.'" Dkt. 51 p. 7. Local 66 will file a motion to compel arbitration if the Court deems it necessary. Thus, Northshore's claim that Local 66 does not intend to mediate/ arbitrate the damage claim for breach of contract is directly contrary to Local 66's Motion to Stay and Local 66's actions.

REPLY ON MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 6

Robblee Detwiler & Black
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 · FAX (206) 467-7589

a proceeding be stayed, the competing interests that will be affected by the stay must be weighed, including 1) the possible damage which may result from the granting of a stay, 2) the hardship or inequity which a party may suffer in being required to go forward, and 3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id.

Northshore will not be damaged from a stay of the proceedings pending arbitration. Northshore asserts it "has responded to Defendant's motions, moved for protective orders, and moved to compel discovery" and the costs it incurred "would be considered futile if this matter is ordered to arbitration." Dkt. 60 p. 16. The Motion for a Protective Order, Motion to Quash Subpoenas, however, do not relate to the claim for the breach of contract. Northshore's Motion for a Protective Order and related Motion to Quash the Subpoenas related explicitly to the secondary boycott activity claims, as the subpoenas at issue were served on the three general contractors that Northshore alleges were threatened "with picketing of their jobsites, and an object of this picketing threat has been to force or require those same neutral employers to cease handling or otherwise dealing in the products of, and to cease doing business with Northshore." Dkt. 21 p. 23. Thus, the costs for bringing those motions would have been incurred notwithstanding Northshore's breach of contract claim. Further, Local 66 opposed Northshore's Motion to Compel because it is an attempt to harass Local 66 and require production of information and/or documentation related to its breach of contract claim, which should be pursued in arbitration. Dkt. 55. Moreover, as discussed above, Northshore has not shown it will suffer prejudice from the stay.

Furthermore, Local 66 will face hardship and inequity if the stay is not granted. Northshore's claim for breach of the no-strike clause is undoubtedly and admittedly required to

REPLY ON MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 7

Robblee Detwiler & Black
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

be resolved through mediation and arbitration. Answering Northshore's extensive discovery based on its breach of contract claim will subject Local 66 to unduly burdensome discovery over an issue that is properly resolved in arbitration.[6]

Lastly, matters will be far less complicated by staying Northshore's damage claim for the alleged contract breach. This litigation should be reduced to one claim: alleged secondary boycott activity. If the Court grants the stay, discovery will be streamlined, solely focusing on the alleged secondary boycott activity. Thus, staying the breach of contract claim will eliminate substantial discovery costs that have yet to be incurred.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court grant Defendant's Motion to Stay Proceeding Pending Arbitration.

DATED this 18th day of March, 2016.

s/Margaret Burnham
Daniel Hutzenbiler, WSBA No. 36938
Margaret Burnham, WSBA No. 47860
Bradley Medlin, WSBA No. 43486
Robblee Detwiler & Black, PLLP
2101 Fourth Avenue, Suite 1000
Seattle, Washington 98121
E-mail: dhutzenbiler@unionattorneysnw.com
           mburnham@unionattorneysnw.com
           bmedlin@unionattorneysnw.com

Attorneys for Defendant

---

[6] As mentioned previously, Northshore seeks over 11,000 emails and 13,000 text messages it claims are "absolutely vital to Plaintiff's cause of action…[t]his information is directed [sic] related to the purpose of the strike, the union's motivation for the strike, and damage the union is seeking to impose on Northshore by way of strike action." Dkt. 52 p. 8. Without a stay on the breach of contract claim, the scope of discovery can be reasonably limited to the secondary boycott issues.

REPLY ON MOTION TO STAY
PROCEEDINGS PENDING ARBITRATION
2:15-cv-1349-MJP - 8

Robblee Detwiler & Black
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700 • FAX (206) 467-7589

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2016, I filed the foregoing **REPLY ON MOTION TO STAY PROCEEDINGS PENDING ARBITRATION** with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

>Christopher L. Hilgenfeld
>Davis Grimm Payne & Marra
>701 5th Avenue, Suite 4040
>Seattle, Washington  98104-7097
>Email: chilgenfeld@davisgrimmpayne.com

>s/Margaret Burnham
>Daniel Hutzenbiler, WSBA No. 36938
>Margaret Burnham, WSBA No. 47860
>Bradley Medlin, WSBA No. 43486
>Robblee Detwiler & Black, PLLP
>2101 Fourth Avenue, Suite 1000
>Seattle, Washington 98121
>E-mail: dhutzenbiler@unionattorneysnw.com
>       mburnham@unionattorneysnw.com
>       bmedlin@unionattorneysnw.com
>
>Attorneys for Defendant

CERTIFICATE OF SERVICE - 1

Robblee Detwiler & Black
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121
(206) 467.6700·· FAX (206) 467-7589