Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., | Case No. 2:15-cv-01349 MJP |
| Plaintiff, | **DECLARATION OF CHRISTOPHER L. HILGENFELD IN SUPPORT OF PLAINTIFF'S RESPONSE TO UNION'S MOTION TO COMPEL** |
| v. | |
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, | Noted on Motion Calendar: April 29, 2016 |
| Defendant. | |

I, CHRISTOPHER L. HILGENFELD, declare as follows:

1.     I am over the age of eighteen (18) years and I am competent to testify if called upon to do so.

2.     I am an attorney with Davis Grimm Payne & Marra, counsel of record for Plaintiff Northshore Sheet Metal, Inc. ("Northshore" or "Defendant"), and I make this declaration based upon my personal knowledge.

3.     On February 8, 2016, Defendant's 2nd set of discovery was hand-delivered to my office. On March 9, 2016, my office served Plaintiff's responses via U.S. Mail.

---

*Hilgenfeld Declaration in Support of Response to Motion to Compel* - Page 1
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

4. On March 11, 2016, the Union's counsel, Bradley Medlin, inquired into the discovery responses and sought a Rule 26(f) conference.

5. On March 14, 2016, I responded to Mr. Medlin's request. Because the purpose of the rule 26(f) conference is to avoid needless motion practice and resolve any disputes, if possible, I asked that he review the discovery and provide an articulated basis for any perceived deficiency. I also defined scheduling problems I faced. Attached hereto as **Exhibit 1** is a true and correct copy of my letter to Mr. Medlin.

6. On March 18, 2016, I received Mr. Medlin's March 17, 2016, letter regarding alleged deficiencies.

7. I responded to Mr. Medlin's letter outlining my new availability. Attached hereto as **Exhibit 2** is a true and correct copy of my March 19, 2016 letter to Mr. Medlin. March 30, 2016, was no longer available. That date was now scheduled for bargaining a contract in Bellingham. The negotiations for that contract were nearing a conclusion and could not be delayed. Due to its sporadic nature, bargaining does not permit an opportunity to prepare and receive a Rule 26(f) conference during bargaining. I offered several other dates as possible times for a Rule 26(f) conference.

8. On March 25, 2016, I again responded to Mr. Medlin's demand that the Rule 26(f) conference occur that week. Attached hereto as **Exhibit 3** is a true and correct copy of my letter.

9. On Sunday, March 27, 2016, my schedule finally permitted an opportunity to respond to Mr. Medlin's discovery letter. Attached hereto as **Exhibit 4** is a true and correct copy of my letter of March 27, 2016. I offered a meeting the following Sunday as another compromise.

*Hilgenfeld Declaration in Support of Response to Motion to Compel* - Page 2
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

10. On March 29, 2016, I again responded to Mr. Medlin's demand. Attached hereto as **Exhibit 5** is a true and correct copy of my March 29 letter.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing statements are true and accurate.

Signed and dated at Seattle, Washington this __25__ day of __April__, 2016.

_____
Christopher L. Hilgenfeld

*Hilgenfeld Declaration in Support of Response to Motion to Compel* - Page 3
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927