**HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, <br><br> Defendant. | No. 2:15-CV-01349 MJP <br><br> **UNION'S REPLY TO MOTION TO COMPEL NORTHSHORE** <br><br> **NOTED ON MOTION CALENDAR:** April 29, 2016 |

UNION'S REPLY TO MOTION TO
COMPEL NORTHSHORE
No. 2:15-cv-01349 MJP - 0

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

## ARGUMENT

### I. NORTHSHORE HAS NOT COMPLIED WITH ITS DISCOVERY OBLIGATIONS. ITS EXPLANATION FOR REFUSING TO RESPOND IS IMPROPER.

Contrary to Northshore's assertions, it has not complied with the discovery rules. The party resisting discovery bears "the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Cable & Computer Tech. v. Lockheed Saunders, 175 F.R.D. 646, 650 (C.D. Cal. 1997). "Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action." Ragge v. MCA/Universal Studies, Inc., 165 F.R.D. 601, 604 (C.D. Cal. 1995). Importantly, parties "are not…entitled to pick and choose what parts of…files they think are relevant to" the other party in discovery. Lauer v. Longevity Med. Clinic PLLC, 2014 U.S. Dist. LEXIS 153397, *11-12 (W.D. Wash. 2014).

Northshore has articulated two reasons for not responding to the discovery.[1] First, Northshore claims it "will provide this list [discovery] once the Court has determined the appropriate scope of this litigation." (Dkt. # 68, p. 4). Second, Northshore alleges:

> Due to the Union's refusal to respond to Plaintiff's discovery request, and its motion to compel arbitration, there is a significant tactical disadvantage if Plaintiff were to answer. There is generally only limited, to no, discovery in a labor arbitration.

(Dkt. # 68, pp. 6-7). Essentially, Northshore has de facto implemented a stay of proceedings. It will not produce discovery until the Court rules on its Motion to Compel (Dkt. # 52) and the Motion to Stay (Dkt. # 51). This is highly improper. By refusing to provide basic information, Northshore has hamstrung the Union's ability to defend this suit. Lacking even general

---

[1] The Union waited 11 days after the "meet and confer" with Northshore on April 3rd to file a Motion to Compel. During this 11-day period, Northshore produced no additional information or documents. (Medlin Supp. Declaration ¶ 5).

| UNION'S REPLY TO MOTION TO COMPEL NORTHSHORE  No. 2:15-cv-01349 MJP - 1 | ROBBLEE DETWILER & BLACK ATTORNEYS at LAW  2101 FOURTH AVENUE, SUITE 1000 SEATTLE, WA 98121-2392 (206) 467-6700 · (206) 467-7589 facsimile |

1  information, such as, all projects where Northshore claims it was damaged, the Union cannot
2  defend itself. Northshore cannot unilaterally determine the scope of discovery nor has it
3  provided any authority illustrating its power to do so. Accordingly, Northshore must be
4  compelled to respond irrespective of any pending motions.

5  **II. THE UNION HAS A RIGHT TO DISCOVER BASIC INFORMATION, INCLUDING, THE PROJECTS AT ISSUE, DAMAGES, LOST BUSINESS, AND EQUIPMENT REMOVAL.**

7  The Union's discovery request has solicited basic information. Despite the prosaic nature
8  of these requests, Northshore refused to answer nearly every interrogatory and request for
9  production. See Dkt. # 67. "The responding party shall use common sense and reason" in
10 responding to interrogatories. Haney v. Saldana, 2010 U.S. Dist. LEXIS 93447, *8 (E.D. Cal.
11 2010). "A reasonable effort" must be made "to respond" to an interrogatory. Lawrence v.
12 Schlumberger Tech. Corp., 2015 U.S. Dist. LEXIS 78024, *3 (E.D. Cal. 2015). Likewise, the
13
14 "fact that discovery is ongoing is not a proper objection." Id. at *13. "The duty to supplement is
15 not a license to unduly delay production or get around discovery obligations when convenient."
16 Id. Accordingly, "[a] party…cannot reserve the right to produce further documents indefinitely
17 in the future." Goethe v. Cal. DMV, 2009 U.S. Dist. LEXIS 105292, *3 (E.D. Cal. 2009).

18 Northshore has refused to provide interrogatory responses and related documents until
19 some indeterminate point in the future. In fact, by refusing to respond, Northshore is gambling
20 that the Court will somehow narrow discovery based upon its own Motion to Compel (Dkt. # 52)
21 or the Motion to Stay (Dkt. # 51). In doing so, it has denied the Union critical information to
22 defend this case. Thus, Northshore is not using "reasonable efforts" to respond. Accordingly,
23 the Court must compel a genuine response.
24
25 //

UNION'S REPLY TO MOTION TO COMPEL
NORTHSHORE
No. 2:15-cv-01349 MJP - 2

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

### III. NORTHSHORE PERSISTS IN DENYING DISCOVERY REGARDING THE PROJECTS AT ISSUE, KNOWLEDGEABLE WITNESSES, AND SUPPORTING DOCUMENTS.

Northshore erroneously contends that it has furnished all responsive documents, totaling nearly 7,000 pages. (Dkt. # 68, p. 4). Northshore further alleges that it has no duty to identify which documents are responsive to the Union's interrogatories. (Dkt. # 68, p. 5). However, if a party elects to respond by producing records, it must specify "in sufficient detail to permit the interrogating party to locate and identify, as readily as the party served, the records from which the answer may be obtained." Rainbow Pioneer # 44-18-04A v. Hawaii-Nevada Inv. Corp., 711 F.2d 902, 906 (9th Cir. 1983) (finding response inadequate where it directed the party to books, accounts, banking records, ledgers, and other documents). The purpose of this rule is "to make clear that a responding party has the duty to specify, by category and location, the records" for which the response will be derived. Walt Disney Co. v. DeFabiis, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (finding discovery response that claimed records were in the possession of the requesting party was not in compliance) (Emphasis Added).

First, while Northshore may have produced some documents, they were not in response to the Union's Second Set of Interrogatories and Requests for Production that concerns this motion. It was precisely because of the initial documents Northshore produced that the Union issued a second set of discovery. The limited contract documents already produced do not answer the questions put to Northshore in the recent interrogatories. For example, Northshore's contracts with the general contractors will not explain when work was terminated, how damages are computed, which projects were lost, how the Union was provided notice no work was performed, and which jobs are at issue. Thus, the fact that Northshore may have produced some

UNION'S REPLY TO MOTION TO COMPEL NORTHSHORE
No. 2:15-cv-01349 MJP - 3

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

documents in response to an earlier set of discovery does not release them from the duty to respond to this discovery.

Second, Northshore has a duty to "go through the documents" and "pick out" responsive information. (Dkt. # 68, p. 5). Northshore repeatedly referred to previously produced documents in its responses without identifying where the information can be located. (Dkt. # 67, Ex. 3, pp. 5, 6, 7, 14). Northshore provides this perfunctory response even though the interrogatories request facts such as, the identity of the projects, the date damages were incurred, the total amount of damages, and knowledgeable persons. (Interrogatory No. 2). Northshore's response is that the information is located somewhere in the contractual documents. (Dkt. # 67, Ex. 3, pp. 4-5). However, responses to several interrogatories cannot be located in a contract between Northshore and a general contractor, such as the dates damages were incurred. Nevertheless, all Northshore did was refer to the contract document. Contrary to Northshore's argument, it does have a duty to fully answer interrogatories. If it chooses to produce documents in lieu of responding, it must identify with specificity where those responses may be located.

Next, Northshore contends it has no obligation to identify witnesses with relevant knowledge. In fact, Northshore argues that reference to its Initial Disclosures is sufficient. (Dkt. # 68, p. 6). The Union specifically requested on numerous interrogatories for identification, by project, which persons had corresponding knowledge to those issues. (Dkt. # 67, Ex. 3, Interrogatories Nos. 2 to 15, 17-19). The Initial Disclosures, however, prove totally unhelpful. (Suppl. Medlin Decl. ¶ 4, Ex. 8). The Initial Disclosures list 120 individuals. (Id.). The subject information listed next to each person's name blithely states:

> Information concerning Plaintiff's claims and Defendant's affirmative defenses.

UNION'S REPLY TO MOTION TO COMPEL
NORTHSHORE
No. 2:15-cv-01349 MJP - 4

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

(Id., Ex. 8). Thus, Northshore has provided no context, relevance, or project-based information whatsoever for the individuals in the Initial Disclosures. The Initial Disclosures provide no responsive information to the Union's specific interrogatories. Contrary to Northshore's contention, this does not satisfy discovery obligations. The Union has no method to ascertain which projects the 120 listed individuals have knowledge about. Nor does the Union know which of the 120 individuals can speak to each interrogatory. Under Northshore's theory, the Union would have to contact and/or depose 120 people to ascertain: which projects they have relevant knowledge about, who can speak to damages, who knows which work was lost, who informed the Union no work was being performed, and when equipment was removed. Northshore must be compelled to specify which individuals (within its control) can speak to the requests identified in the discovery.

Northshore next contends it has no responsibility to provide information from the "general public" or "others" relating to unlawful picketing. (Dkt. # 68, p. 15). However, "[a] corporation's knowledge need not be possessed by a single officer or agent; the cumulative knowledge of all its agents will be imputed to the corporation." Nordstrom, Inc. v. Chubb & Son, 54 F.3d 1424, 1435 (9th Cir. 1995). Here, Northshore has a responsibility to provide all information within the possession of its agents. Thus, if its employees, officers, or other agents know when the alleged illegal pickets occurred, they must furnish that information.

## IV. **NORTHSHORE MUST PRODUCE ALL REQUESTED TAX INFORMATION.**

Northshore asserts that it has "fully responded" regarding tax information. (Dkt. # 68, p. 8). However, it readily admits it has not produced its 2015 tax information. Thus, Northshore has yet to fully respond and must supplement.

UNION'S REPLY TO MOTION TO COMPEL NORTHSHORE
No. 2:15-cv-01349 MJP - 5

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

## V. THE BANKING RECORDS ARE RELEVANT AND MUST BE PRODUCED.

Northshore wrongly contends that banking records are irrelevant to this case. (Dkt. # 68, p. 8). Under the discovery rules, a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2004). Northshore has alleged considerable damages in this matter - many of these stemming from alleged lost jobs and cancelled work. The Union has a right to defends against this claim. Banking records are highly relevant. They will demonstrate whether and/or when Northshore received funds from various contractors.

The cases cited by Northshore are not persuasive. First, Fritz v. Charter Twp. of Comstock, actually explains that a party should "not be denied access to information necessary to establish her claim." 2010 U.S. Dist. LEXIS 45260, *3-5 (W.D. Mich. 2010). The Court denied a "fishing expedition" into personal records and concluded they were irrelevant to the claims and defenses. Id. The opposite is true here. Second, Koch v. Koch Industries also notes a party's discovery request must be related to the claims or defenses. 203 F.3d 1202, 1238 (10th Cir. 200) (finding serious burden on subpoena sent to six separate banks). Here, the banking records go to the Union's defense. Seeking discovery of documents in support of a defense is not a fishing expedition. If the records show payments from the alleged cancelled contracts, it would defeat Northshore's claim. Similarly, if revenue declined before the Union's strike even commenced in 2015, it would illustrate that some other factor contributed to damages. Thus, these records, including before the strike commenced, are highly relevant.

//

//

UNION'S REPLY TO MOTION TO COMPEL
NORTHSHORE
No. 2:15-cv-01349 MJP - 6

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

## VI. NORTHSHORE OFFERS NO EXPLANATION FOR NOT PRODUCING DAMAGE INFORMATION, EQUIPMENT REMOVAL, AND NOTICE TO THE UNION.

Northshore failed to advance any argument in opposition to the Union's request to compel disclosure on several items. The Union has requested information concerning: when Northshore was present on the identified job sites; what evidence Northshore has that it provided notice to the Union no work was performed; a breakdown of damages; and information regarding equipment removal from the projects. Additionally, the Union specifically requested a damages breakdown given the general damage information Northshore provided in its Initial Disclosure. (Suppl. Medlin Decl. ¶ 4, Ex.8). Northshore has offered no explanation why it did not furnish these materials. Because Northshore has offered no explanation or objection to providing these materials, it must disclose this information.

## CONCLUSION

The Court should grant the Union's Motion to Compel and order Northshore to fully respond to the discovery requests.

DATED this 29th day of April, 2016.

        s/Bradley Medlin
        Bradley Medlin, WSBA No. 43486
        Robblee Detwiler & Black, PLLP
        2101 Fourth Avenue, Suite 1000
        Seattle, Washington 98121
        Telephone: (206) 467-6700
        Fax: (206) 467-7589
        E-mail: bmedlin@unionattorneysnw.com

        Attorneys for Defendant Sheet Metal Workers
        International Association, Local 66

UNION'S REPLY TO MOTION TO COMPEL NORTHSHORE
No. 2:15-cv-01349 MJP - 7

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2016, I electronically filed the foregoing **UNION'S REPLY TO MOTION TO COMPEL NORTHSHORE** and **SUPPLEMENTAL DECLARATION OF BRADLEY MEDLIN IN SUPPORT OF UNION'S MOTION TO COMPEL NORTHSHORE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher L. Hilgenfeld
Davis Grimm Payne & Mara
701 Fifth Avenue, Suite 4040
Seattle, Washington 98104

s/Bradley Medlin
Bradley Medlin, WSBA No. 43486
Robblee Detwiler & Black, PLLP
2101 Fourth Avenue, Suite 1000
Seattle, Washington 98121
Telephone: (206) 467-6700
Fax: (206) 467-7589
E-mail: bmedlin@unionattorneysnw.com

Attorneys for Defendant Sheet Metal
Workers International Association, Local 66

CERTIFICATE OF SERVICE - 1