Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, <br><br> Defendant. | Case No. 2:15-cv-01349 MJP <br><br> ***PLAINTIFF'S MOTION FOR RECONSIDERATION FOR THE LIMITED PURPOSE OF GRANTING DEFENDANT'S PRIOR REQUEST FOR STAY ON THE CONTRACTUAL DAMAGES CLAIM*** <br><br> **Noted on Motion Calendar: June 6, 2016** |

Pursuant to Local Rule 7(h), Plaintiff Northshore Sheet Metal, Inc. ("Plaintiff" or "Northshore") requests a motion for reconsideration for the limited purpose of modifying its order to grant Defendant Sheet Metal Workers, Local 66's ("Defendant" or "Local 66") prior motion for stay on the breach of contract claim pending mediation and arbitration.

On May 23, 2016, the Court *sua sponte* issued a stay on the current proceedings. The stay was based on the parties failure to mediate and arbitrate the fringe benefits issue required in the Court's September 4, 2015 Order. Several motions were before the Court (Dkts. 50, 51, 52 and 67) and dismissed as moot. Dkt. 71. One of those motions was filed

*Defendant's Motion for Reconsideration for Limited Purpose of Granting Plaintiff's Request for Stay* - Page 1
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

by the Defendant seeking a stay in the proceedings pending mediation and arbitration of Plaintiff's first cause of action, breach of the labor agreement. Dkt 51. Plaintiff requests that the Court amend its order to stay the proceedings for the limited purpose of granting this motion filed by the Defendant, ordering the parties to proceed to mediation and arbitration on that claim as well. Dkt. 51-1.

Plaintiff does not dispute the Court's power to stay the proceedings in this matter. The power to grant or define a stay in pending litigation is "incidental to the power inherent in every court to control the disposition of cases on its docket." *Landis v. North Am. Co.*, 299 U.S. 248, 254-57 (1936). "Accordingly, federal district courts have broad discretion to stay proceedings in the interest of justice." *Little v. City of* Seattle, 863 F.2d 681, 685 (9th Cir. 1988). The stay should be amended though to include Defendant's motion. The facts of this case, the interest of justice and Plaintiff's request is consistent with equity and judicial economy.

Plaintiff's motion is an attempt to slightly modify the Court's motion for stay. Because of that fact and the tight timeframes required by the local rules for a motion for reconsideration, it is being brought as a motion to reconsider. In general, motions for reconsideration are disfavored. LR 7(h)(1). In this matter, however, a modification to the order is warranted because certain relevant facts were not known to the Court, and moreover, the modification promotes justice, equity and judicial economy.

**BRIEF FACTUAL BACKGROUND**

Plaintiff will not waste the Court's time with a complete recitation. Docket 60 provides Plaintiff's background version into the selection of a mediator, and the reasons for delay. There are though certain facts that were not before the Court that merit review.

*Defendant's Motion for Reconsideration for Limited Purpose of Granting Plaintiff's Request for Stay* - Page 2
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

On March 17, 2016, Rick Omata was selected as a mediator. *Hilgenfeld Decl.* Due to everyone's schedule the earliest mutually agreeable date was May 9, 2016. The Court was subsequently informed of the mediation date. Dkt. 65.

On May 9, 2016, the Parties did mediate the fringe benefit claims before Rick Omata. *Hilgenfeld Decl.*, ¶5. The parties spent an entire day in mediation. Despite this, the Union failed to even present an initial offer. *Id.* At the end of the day, Northshore informed Rick Omata that the mediation was complete, and it was prepared to proceed to arbitration. *Id.* Northshore was willing to consider future offers from the Union, if there were any, and would agree that Mr. Omata could continue working to facilitate those offers. *Id.* Northshore would not agree to continue mediation though in lieu of delaying arbitration. *Id.*

On May 10, 2016, Northshore requested that the parties' proceed to arbitration on the fringe benefits matter. *Hilgenfeld Decl., Exh. 1.*

Also on May 10, 2016, Northshore prepared a draft letter for the Court. *Hilgenfeld Declaration, Exh. 2.* Northshore sent this letter to Defendant's attorney, Dan Hutzenbiler, requesting agreement or comment. The letter simply informed the Court that the parties' attended mediation, and were preceding to arbitration pursuant to the Court's September 4 Order. *Id.*

On May 18, 2016, Defendant informed Northshore that it considered mediation still ongoing and refused to agree to arbitration. *Hilgenfeld Decl.,* ¶ 8.

On May 20, 2016, Northshore clarified that mediation on the fringe benefits issue had been completed. *Hilgenfeld Decl., Exh. 3.* Mediation was completed after a full-day where the Union failed to even present an initial offer. *Hilgenfeld Decl.,* ¶ 5. The parties needed to proceed to arbitration on that issue as the January settlement agreement requires.

*Defendant's Motion for Reconsideration for Limited Purpose of Granting Plaintiff's Request for Stay* - Page 3
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Northshore would be willing to consider a new mediation that also included the damages associated with the Union's strike issue. Local 66 has not agreed to this proposal.

The parties were working through this issue when the Court issued its *sua sponte* order. The Court was not aware of these facts when it issued its May 23, 2016 Order.

## EQUITY AND JUDICIAL ECONOMY SUPPORT PLAINTIFF'S REQUEST

Plaintiff does not seek to lift the Court's stay. Plaintiff simply requests that the Court grant Defendant's prior motion related to staying the proceedings on the contractual damages claim. If the Court were to grant Plaintiff's request to amend its Stay, the contractual damages issue would proceed to mediation / arbitration. Plaintiff's request is rooted in expediting this matter, and bringing the issues to resolution as quickly as possible. This request is consistent with the purpose of staying an action. *American Concept v. Irsay*, 1985 WL 2991 (N.D. Ill. 1985) (not reported) (District Court compelled arbitration of all arbitral disputes, staying non-arbitral disputes, "in the interest of saving time and effort for itself and litigants."); *Kircher v. Putnam Funds Trust*, 2007 WL 1532116, at *2 (S.D. Ill. 2007) (not reported) (finding the power to stay a proceedings was inherently within the court's power to the extent it is "consistent with equity and judicial economy").

Plaintiff's request to modify the Court's stay would promote justice and equity between the parties because both the Defendant's claim for failure to pay fringe benefits, and the Plaintiff's claim for breach of contract would be brought before the same decisionmaker. The same facts and issues would be presented before the mediator and arbitrator. Those claims would also be heard at the same time so neither party would gain

*Defendant's Motion for Reconsideration for Limited Purpose of Granting Plaintiff's Request for Stay* - Page 4
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

an advantage in delaying the proceedings in one matter while the other proceeding is delayed.[1]

Plaintiff's request also supports judicial economy. Plaintiff's breach of contract claim would no longer be on the Court's docket. As it stands now, once the fringe benefits issue is mediated and arbitrated, Plaintiff's contractual damages claim, and unlawful secondary interference claim will be before the Court, regardless of the arbitrator's decision. In short, judicial economy promotes Plaintiff's request.

Plaintiff remains reticent that Local 66 does not intend to actually mediate / arbitrate this issue.[2] *See, e.g., Carpenters Health & Sec. Trust of W. Washington v. NW Drywall Serv., Inc.*, No. 3:13-CV-05305-RBL, 2014 WL 465816 (W.D. Wash. 2014). That said, Plaintiff is prepared to permit an arbitrator to make the determination as to whether the matter is properly before him/her. The need for a quick, expedient resolution outweighs that potential risk.

## CONCLUSION

Plaintiff respectfully requests that the Court amend its May 23, 2016 Order to include ordering the mediation and arbitration of Plaintiff's breach of contract claim. This

---

[1] Northshore certainly recognizes that all parties bear responsibility in adhering to the Court's orders. Northshore should have been more aggressive with requiring timely adherence to its requests to choose a mediator, and later an arbitrator. This said, it appears, at least to Northshore, that Defendant has actively attempted to stall the process. This appears evident by attending a full day's mediation, and the party requesting money fails to even provide an initial offer, and then refuses to proceed to arbitration. *Hilgenfeld Decl.*, ¶5. This action was followed by a letter distributed to Northshore job sites by the Union, inferring that Northshore's lawsuit was stayed because of Northshore's failure to comply with the Court Order. *Id.*, Exh. 4. If the Court were to grant Defendant's request to stay the proceedings pending mediation and arbitration of the damages claim, then the parties would be on equal footing as to the need for quicker resolution. Northshore opposed the initial request, in part, because it is doubtful that an arbitration hearing could have occurred prior to the original trial date. That reasoning is no longer valid.

[2] Northshore is also hesitant to relinquish its right to a jury trial on this issue. Expediency and quick resolution, however, are most paramount. In effect, Northshore is withdrawing its prior opposition to Defendant's motion to stay for the sole purpose of this motion.

*Defendant's Motion for Reconsideration for Limited Purpose of Granting Plaintiff's Request for Stay* - Page 5
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

amendment is simply granting Defendant's initial motion (Dkt. 51), and would require the parties to jointly proceed on the claims (fringe benefits / contractual damages), along the same path. Plaintiff's request, as stated, is supported by equity, justice and judicial economy. For all of the aforementioned reasons, the Court should grant Plaintiff's request to modify its order to stay the proceedings.

Respectfully Submitted this 6th day of June, 2016.

By: /s/ Christopher L. Hilgenfeld
Christopher L. Hilgenfeld, WSBA #36037
Davis Grimm Payne & Marra
701 5th Avenue, Suite 4040
Seattle, WA 98104-7097
Ph. (206) 447-0182 | Fax: (206) 622-9927
Email: chilgenfeld@davisgrimmpayne.com
**Attorneys for Plaintiff**
**Northshore Sheet Metal, Inc.**

*Defendant's Motion for Reconsideration for Limited Purpose of Granting Plaintiff's Request for Stay* - Page 6
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2016, I electronically filed the foregoing *MOTION FOR RECONSIDERATION FOR THE LIMITED PURPOSE OF GRANTING THE UNION'S REQUEST FOR STAY* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>**Attorneys for Defendant:**
>Daniel Hutzenbiler
>Margaret A. Burnham
>Robblee Detwiler & Black
>2101 Fourth Avenue, Suite 1000
>Seattle, WA  98121-2317
>Email: dhutzenbiler@unionattorneysnw.com
>Email: mburnham@unionattorneysnw.com

_____
Betsy E. Green, Legal Assistant to
Attorneys for Northshore Sheet Metal Inc.
E-mail: bgreen@davisgrimmpayne.com

*Defendant's Motion for Reconsideration for Limited Purpose of Granting Plaintiff's Request for Stay* - Page 7
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 ● Fax: (206) 622-9927