Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, <br><br> Defendant. | Case No. 2:15-cv-01349 MJP <br><br> ***DECLARATION OF CHRISTOPHER L. HILGENFELD IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION FOR LIMITED PURPOSE OF GRANTING DEFENDANT'S REQUEST FOR STAY*** <br><br> **Noted on Motions Calendar: June 6, 2016** |

I, CHRISTOPHER L. HILGENFELD, declare as follows:

1. I am over the age of eighteen (18) years and I am competent to testify if called upon to do so.

2. I am an attorney with Davis Grimm Payne & Marra, counsel of record for Plaintiff Northshore Sheet Metal, Inc. ("Northshore" or "Defendant"), and I make this declaration based upon my personal knowledge.

3. On March 17, 2016, Rick Omata was informed that the parties had selected him to mediate the fringe benefits dispute.

---

*Hilgenfeld Declaration in Support of Motion for Reconsideration for Limited Purpose* - Page 1
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

4. Due to everyone's schedule, the earliest date for mediation was May 9, 2016.

5. On May 9, 2016, the parties attended mediation. Jeff Meyer (owner), Brian Elbert (owner), and myself participated in the mediation on behalf of Northshore. Northshore had previously presented, on February 25, 2016, two proposals to the Union that would have resolved the fringe benefits issue. Northshore waited the entire day of mediation for the Union to present an initial offer. None came. Towards the end of the day, Northshore informed Mr. Omata that it was clear that the mediation was not going anywhere, and arbitration was required. Northshore would proceed to arbitration. Mr. Omata asked if Northshore minded if he stayed involved to see if he could get the issue resolved prior to arbitration. Northshore agreed, but was adamant that the mediation was concluded, and the parties needed to proceed to arbitration.

6. On May 10, 2016, I requested that the matter proceed to arbitration. I also sought an agreement on the arbitrator, or a process for selecting one. I further informed the Union that Northshore would still consider an initial offer by the Union, if the Union elected to provide one. Exhibit 1 is a true and accurate copy of the May 10, 2016 correspondence on this issue.

7. Also, on May 10, 2016, I drafted a letter for the parties to send to the Court. This draft letter was informing the Court that mediation was concluded and the parties were proceeding to arbitration on the fringe benefits issue. The draft letter was emailed to Mr. Hutzenbiler, seeking his approval or comment. Exhibit 2 is a true and accurate copy of the May 10 email and the draft letter.

*Hilgenfeld Declaration in Support of Motion for Reconsideration for Limited Purpose* - Page 2
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

8.   On May 18, 2016, I was informed by Ms. Burnham that the Union would not agree that mediation was concluded. Because mediation was not complete, according to the Union, it would therefore not agree to proceed to arbitration.

9.   On May 20, 2016, I responded to Ms. Burnham's correspondence, informing her of Northshore's position. Mediation on the fringe benefits was complete. The parties needed to proceed to arbitration on that issue. If the Union wanted to include all issues associated with the strike, such as damages, Northshore would agree to a new mediation. Attached as Exhibit 3 is a true and accurate copy of that May 20, 2016 correspondence.

10.  The parties were not able to reach an agreement on the status of the fringe benefits case prior to the Court's May 23, 2016 order. Attached as Exhibit 4 is a redacted letter the Union is distributing to Northshore's clients.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing statements are true and accurate.

Signed and dated at Seattle, Washington on this 6th day of June, 2016.

_____
Christopher L. Hilgenfeld
*Hilgenfeld Declaration in Support of Motion for Reconsideration for Limited Purpose* - Page 3
Case No. 15-cv-01349 MJP

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927