**HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, <br><br> Defendant | No. 2:15-cv-01349 MJP <br><br> **DEFENDANT SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66'S RESPONSE TO NORTHSHORE SHEET METAL, INC.'S MOTION FOR RECONSIDERATION** |

## STATEMENT OF RELEVANT FACTS

Local 66's fringe benefits claim and Northshore Sheet Metal, Inc.'s ("Northshore") claim for alleged contractual damages are both subject to the grievance and arbitration procedure outlined in the Letter of Understanding ("LOU"), which is an addendum to Sheet Metal Workers International Association, Local 66 ("Local 66) and Northshore's (collectively, "the Parties")

DEFENDANT SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66's RESPONSE TO NORTHSHORE SHEET METAL, INC.'S MOTION FOR RECONSIDERATION – 2:15-cv-1349-MJP - 1

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

Collective Bargaining Agreement ("CBA").  (Burnham Decl. ¶ 2, Ex. A).[1]  Local 66 properly filed a grievance regarding unpaid fringe benefits in July 2015. (Burnham Decl. ¶ 3).  The grievance was not resolved pursuant to Section 1 of the grievance and arbitration procedure found in the LOU. (Id.)  On March 17, 2016, the Parties mutually agreed to use Rick Omata as a mediator to mediate Local 66's fringe benefit claim pursuant to the Court's September 4, 2015 Order. (Burnham Decl. ¶ 4).  The Parties agreed to mediate on May 9, 2016, the first date all Parties were available. (Burnham Decl. ¶ 5).[2]

On May 10, 2016, the day after the mediation, Northshore sent a letter informing Local 66 that it wanted to "take this matter to the next step" and pursue arbitration.  (Dkt. #72, Hilgenfeld Decl., Ex. 2).  On May 18, 2016, Local 66's counsel responded to Northshore, informing that it was Local 66's understanding that the mediation was ongoing and it was premature to move the fringe benefits claim on to the next step pursuant to the grievance and arbitration procedure. (Burnham Decl. ¶ 8, Ex. C). On May 20, 2016, Northshore's counsel responded "[t]hat the mediation is done." (Dkt. #72, Hilgenfeld Decl. ¶ 9, Ex. 3).

Local 66's understanding that the mediation was ongoing did not preclude Northshore from submitting a request for an arbitration panel to the Federal Mediation and Conciliation Service ("FMCS") pursuant to the LOU. (Burnham Decl., Ex. A)("[E]ither the Union or the

---

[1]     Local 66 will not burden the Court with a complete recitation of all of the facts of this case.  Instead, Local 66 will solely address the relevant facts.
[2]     Northshore grossly misrepresents what occurred at the mediation. (Burnham Decl. ¶ 6). However, because all Parties signed a *Voluntary Mediation Agreement*, which included a "Privacy and Confidentiality Clause" that explicitly states, "[m]ediation sessions are confidential as a matter of law," Local 66 will not address Northshore's misrepresentations.  (Burnham Decl. ¶ 7, Ex. B).

DEFENDANT SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66's RESPONSE TO NORTHSHORE SHEET METAL, INC.'S MOTION FOR RECONSIDERATION – 2:15-cv-1349-MJP - 2

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

Employer is authorized to request that the Federal Mediation and Conciliation Service ("FMCS") to submit a list of seven arbitrators").

Northshore never requested a panel from FMCS. (Burnham Decl. ¶ 12). On June 6, 2016 at 2:22 p.m., Local 66's counsel submitted a request for an arbitration panel to select an arbitrator for the Local 66's fringe benefit claim. (Burnham Decl. ¶ 10, Ex. E). Just a little over an hour later, Northshore electronically filed its Motion for Reconsideration at 3:28 p.m. (Dkt. #72).

To date, Northshore has not invoked the grievance and arbitration procedure outlined in the LOU for its alleged contractual damages claim. (Burnham Decl. ¶ 11).

## AUTHORITY

### As Local 66 Previously Requested, Northshore Should Be Ordered To Pursue Its Breach of Contract Claim Through The Parties' Grievance Procedure.

Local 66 does not object to the Court ordering Northshore to comply with the Parties' grievance procedure. However, the Court should deny Northshore's request to combine Northshore's alleged contractual damages claim and Local 66's claim for unpaid fringe benefits into one arbitration. Northshore's attempt to send its claim directly to arbitration, without first filing a grievance, is in direct contravention to the Parties' agreed upon grievance and arbitration provision found in the LOU. The provision states, in pertinent part:

> To be valid, grievances must be raised within thirty (30) calendar days following the occurrence giving rise to the grievance, or, if the occurrence was not ascertainable, within thirty (30) calendar days of the first knowledge of the facts giving rise to the grievance.

DEFENDANT SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66's RESPONSE TO NORTHSHORE SHEET METAL, INC.'S MOTION FOR RECONSIDERATION – 2:15-cv-1349-MJP - 3

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

> Step 1: Upon learning of a grievance, the employee(s) or the Business Representative shall, as soon as possible, present it verbally to the General Superintendent, Jeff Meyer, or Brian Elbert.
>
> Step 2: If the grievance is not resolved at Step 1, the matter may be referred to arbitration in accordance with Section 2 of this Article. The Step process does not extend the thirty (30) grievance timeline described herein.
>
> SECTION 2. In the event the grievances are not disposed of under the procedure in Section 1 of this Article, because of a deadlock or failure to act, either the Union or the Employer is authorized to request that the Federal Mediation and Conciliation Service ("FMCS") to submit a list of seven arbitrators, and the Union and the Employer shall alternately strike six names form the list. The remaining name shall be the arbitrator to decide the grievance. The arbitrator is authorized to hear and determine all disputes referred to him/her pursuant to this Article and to render such decisions and grant such relief to either party, as he/she deems necessary and proper, including awards of damages or other compensation. The arbitrator's decision(s) shall be final and binding.

(Burnham Decl. ¶ 2, Ex. A).

Here, Northshore is attempting to circumvent the required steps in the Parties' grievance and arbitration procedure by tactically requesting the Court to combine arbitration of its breach of contract claim with Defendant's claim for unpaid fringe benefits into one arbitration hearing. Combining the two claims would be procedurally inappropriate. Northshore is required, pursuant to the LOU, to first file a grievance before it can invoke its right to have its contractual damages claim mediated and/or arbitrated.[3] Allowing Northshore to skip this mandatory step in the procedure would be a direct violation of the Parties' LOU.

---

[3] Indeed, Northshore only filed this Motion after it received Local 66's letter reminding Northshore that it had not filed a timely grievance. (Burnham Decl. ¶ 9, Ex. D). Local 66 believes Northshore's request to have the Court order its contractual damages claim be combined with Local 66's fringe benefits claim into one arbitration is

DEFENDANT SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66's RESPONSE TO NORTHSHORE SHEET METAL, INC.'S MOTION FOR RECONSIDERATION – 2:15-cv-1349-MJP - 4

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

Local 66 properly adhered to the grievance and arbitration procedure regarding its fringe benefits claim by timely filing a grievance and subsequently mediating the claim. As such, Local 66's claim for unpaid fringe benefits is ripe for arbitration.[4] Northshore, however, has failed to invoke the grievance and arbitration process, as it has yet to file a grievance regarding its contractual damages claim. Hence, while Northshore should be ordered to comply with the grievance procedure and pursue it breach of contract claim through that avenue, it is premature and procedurally improper to send Northshore's claim for contractual damages to mediation and/or arbitration because Northshore has failed to initiate the grievance procedure over its breach of contract claim. The Court should order Northshore to pursue its breach of contract claim through the grievance procedure, but should deny Northshore's request to combine its claim for alleged contractual damages with Local 66's claim for unpaid fringe benefits because the two claims are procedurally incompatible.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests the Court order Northshore to pursue its breach of contract claim through the Parties' grievance procedure, but should deny Northshore's request to have its contractual damages claim proceed directly to mediation and/or arbitration without having first filed a grievance over the matter.

---

an attempt to circumvent Local 66's affirmative defense – to be pursued through the grievance procedure once Northshore files a grievance– that Northshore's grievance is untimely.
4   As noted, Local 66 requested an arbitration panel and is prepared to select an arbitrator for the fringe benefits issue upon the return from vacation of Northshore's counsel.

DEFENDANT SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66's RESPONSE TO NORTHSHORE SHEET METAL, INC.'S MOTION FOR RECONSIDERATION – 2:15-cv-1349-MJP - 5

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

DATED this 20th day of June, 2016.

       s/Margaret Burnham
Daniel Hutzenbiler, WSBA No. 36938
Margaret Burnham, WSBA No. 47860
Bradley Medlin, WSBA No. 43486
Robblee Detwiler & Black, PLLP
2101 Fourth Avenue, Suite 1000
Seattle, Washington 98121
Phone: (206) 467-6700
E-mail: dhutzenbiler@unionattorneysnw.com
       mburnham@unionattorneysnw.com
       bmedlin@unionattorneysnw.com

Attorneys for Defendant

---

DEFENDANT SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66's RESPONSE TO NORTHSHORE SHEET METAL, INC.'S MOTION FOR RECONSIDERATION – 2:15-cv-1349-MJP - 6

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2016, I filed the foregoing **DEFENDANT SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66'S RESPONSE TO NORTHSHORE SHEET METAL, INC.'S MOTION FOR RECONSIDERATION** and **DECLARATION OF MARGARET BURNHAM IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION** with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

> Christopher L. Hilgenfeld
> Davis Grimm Payne & Marra
> 701 5th Avenue, Suite 4040
> Seattle, Washington  98104-7097
> Email: chilgenfeld@davisgrimmpayne.com

> s/Margaret Burnham
> Margaret Burnham, WSBA No. 47860
> Robblee Detwiler & Black, PLLP
> 2101 Fourth Avenue, Suite 1000
> Seattle, Washington 98121
> E-mail: mburnham@unionattorneysnw.com
>
> Attorneys for Defendant

CERTIFICATE OF SERVICE - 2:15-cv-1349-MJP - 7

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile