1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  NORTHSHORE SHEET METAL INC.,                    CASE NO. C15-1349-MJP

11                          Plaintiff,             ORDER GRANTING PLAINTIFF'S
                                                   MOTION FOR RECONSIDERATION
12        v.

13  SHEET METAL WORKERS
    INTERNATIONAL ASSOCIATION,
14  LOCAL 66,

15                          Defendant.

16

17        THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration, (Dkt.

18  No. 72).  Having reviewed the Motion, Defendant's response, (Dkt. No. 76), and the related

19  record, the Court hereby GRANTS the Motion and MODIFIES the stay in this matter.  The

20  Parties are ORDERED to proceed to mediation and arbitration on Plaintiff's breach of contract

21  claim.

22                                  **Background**

23        On September 4, 2015 the Court entered an Order granting in part and denying in part

24  Plaintiff's Motion for Temporary Restraining Order.  (Dkt. No. 21.)  The Court enjoined

ORDER GRANTING PLAINTIFF'S MOTION FOR
RECONSIDERATION- 1

1    Defendant from engaging in strike activity related to fringe benefits owed under the Parties'

2    Settlement Agreement and Successor CBA.  (Id. at 6.)  The Court further ordered the Parties to

3    proceed to mediation and arbitration on the issue of fringe benefits owed under the Settlement

4    Agreement and Successor CBA in accordance with the mandatory dispute resolution provisions

5    of those agreements.  (Id.)

6        The Parties filed three motions, including a Motion to Stay Proceedings Pending

7    Arbitration filed by Defendant, (Dkt. No. 51).  In that Motion, Defendant asked the Court to stay

8    the case as to Plaintiff's first claim, breach of contract, and to order the Parties to proceed to

9    mediation and arbitration on that claim.  (Id.)  Because the briefing on the motions indicated that

10   the Parties had not proceeded to mediation and arbitration in compliance with the Court's

11   September 4 Order, the Court declined to rule on the three pending motions, stayed this case, and

12   ordered the Parties to proceed to mediation and arbitration on the fringe benefits issue.  (Dkt. No.

13   71.)

14       Plaintiff has filed a Motion for Reconsideration, (Dkt. No. 72), of the Court's Order

15   staying the case.  Defendant has filed a response to Plaintiff's Motion, (Dkt. No. 76).

16                                       **Discussion**

17   **I.      Legal Standard**

18       Under Local Rule 7(h), "[m]otions for reconsideration are disfavored."  LCR 7(h).  "The

19   court will ordinarily deny such motions in the absence of a showing of manifest error in the prior

20   ruling or a showing of new facts or legal authority which could not have been brought to its

21   attention earlier with reasonable diligence."  Id.; see also Marlyn Nutraceuticals, Inc. v. Mucos

22   Pharma, 571 F.3d 873, 880 (9th Cir. 2009) (finding a motion for reconsideration warranted only

23

24

ORDER GRANTING PLAINTIFF'S MOTION FOR
RECONSIDERATION- 2

1 | when a district court is presented with newly discovered evidence, committed clear error, or

2 | when there is an intervening change in law).

3 | **II.    Plaintiff's Motion for Reconsideration**

4 | In its Motion, Plaintiff explains that it "does not seek to lift the Court's stay." (Dkt. No.

5 | 72 at 4.)  Instead, Plaintiff "requests that the Court grant Defendant's prior motion related to

6 | staying proceedings on the contractual damages claim." (<u>Id.</u>)  Plaintiff explains that "[i]f the

7 | Court were to grant Plaintiff's request to amend its Stay, the contractual damages issue would

8 | proceed to mediation/arbitration" thereby expediting this matter and bringing the issues in this

9 | case to resolution as quickly as possible.

10 | In its response, Defendant states it "does not object to the Court ordering [Plaintiff] to

11 | comply with the Parties' grievance procedure." (Dkt. No. 76 at 3.)  However, Defendant

12 | contends "the Court should deny Northshore's request to combine Northshore's alleged

13 | contractual damages claim and Local 66's claim for unpaid fringe benefits into one arbitration."

14 | (<u>Id.</u>)  Defendant further contends "Northshore's attempt to send its claim directly to arbitration,

15 | without first filing a grievance, is in direct contravention to the Parties' agreed upon grievance

16 | and arbitration provision . . ." (<u>Id.</u>)

17 | This argument is unavailing.  Indeed, Defendant has previously requested that the Court

18 | stay this matter as to Plaintiff's first claim and send the claim to mediation and arbitration. (Dkt.

19 | No. 51.)  Defendant seeks to have it both ways by first asking the Court to send the claim to

20 | mediation and arbitration, and then arguing that the claim is not ripe for mediation and

21 | arbitration.

22 | In order to expedite resolution of this matter, the Court finds it is appropriate to combine

23 | the fringe benefits issue and the contractual damages issue for purposes of mediation and

24 |

1 | arbitration.  The Court, therefore, GRANTS Plaintiff's Motion for Reconsideration, (Dkt. No.

2 | 72), and ORDERS the Parties to proceed to mediation and arbitration on Plaintiff's contractual

3 | damages claim.

4 | <u>**Conclusion**</u>

5 | The Court GRANTS Plaintiff's Motion for Reconsideration, (Dkt. No. 72), and ORDERS

6 | the Parties to proceed to mediation and arbitration on Plaintiff's contractual damages claim.  The

7 | Parties are to provide the Court with a status report regarding mediation and arbitration every

8 | three (3) months.

9 | The clerk is ordered to provide copies of this order to all counsel.

10 | Dated this 22nd day of July, 2016.

11

12

13 | Marsha J. Pechman
United States District Judge

14

15

16

17

18

19

20

21

22

23

24