Honorable Barbara J. Rothstein

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

| | |
|---|---|
| NORTHSHORE SHEET METAL, INC., | Case No. 2:15-cv-01349 BJR |
| Plaintiff, | |
| v. | ***PLAINTIFF'S MOTION TO LIFT THE COURT'S MAY 23, 2016 STAY OF PROCEEDINGS*** |
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 66, | **Noted on Motion Calendar:  June 23, 2017** |
| Defendant. | |

9

10

11

12

13

14

15

16     Plaintiff Northshore Sheet Metal, Inc. ("Plaintiff" or "Northshore"), by and through

17  its counsel, hereby moves the Court for an Order lifting its May 23, 2016 Stay of

18  Proceedings.  The Parties have met the obligations as outlined in the Court's May 23, 2016

19  Order.  The stay should be lifted, and Plaintiff should be allowed to proceed with its action.

20  In accordance with the Court's Standing order, the Parties have met and conferred on this

21  motion.

22

### BACKGROUND FACTS

23

24     On May 23, 2016, the Court *sua sponte* issued a stay on the current proceedings.

25  Dkt. 71.  The stay was based on the parties failure to mediate and arbitrate the fringe

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

benefits issue required in the Court's September 4, 2015 Order (Dkt. 21).  The Court stayed the entire proceedings until the Parties had fully complied with its September 4, 2015 Order.

On July 25, 2016, the Court modified its Stay, requiring the parties to proceed to mediation and arbitration on Plaintiff's contractual damages' claim.  Dkt. 77.

In accordance with the Court's Orders, the parties mediated the fringe benefits claim, as well as the contractual damages claim.  Hilgenfeld Decl., ¶ 3.  Arbitration was conducted over both matters from January 30, 2017 through February 2, 2017.  *Id.,* ¶ 4.  On April 28, 2017, Arbitrator Douglas Hammond issued his award.  *Id.,* ¶ 5, Exh. 1.

## PROCEDURAL HISTORY

On August 24, 2015, Plaintiff filed a complaint against Sheet Metal Workers International Association Local 66 ("Defendant" or "Union"), alleging the Union breached its contractual obligation not to strike.  Dkt. 1, ¶¶ 28-36.  Plaintiff sought injunctive relief and monetary damages against the Union based upon its contractual breach of the Labor Agreement.  *Id.*, *Prayer for Relief.*  (The contractual breach claim is generically referred to as the "Contractual Damages" claim.)  Plaintiff also sought a *Boys Market* injunction limiting the Union's strike action.

The Union had actively engaged in a strike action at Northshore and specified job sites.  Dkt. 4, ¶ 9.  The Union's pickets announced that the strike was over benefits.  *Id.,* Exh. 1.  The Union claimed that Northshore allegedly owed 401(k) Trust benefits, pursuant to a January 2015 settlement agreement.  The January 2015 settlement agreement contained a mandatory, binding arbitration provision, as did the 2012 – 2015 Collective Bargaining Agreement between the parties.  Rather than arbitrate the dispute, the Union initiated its

*Plaintiff's Motion to Lift the Court's Stay of Proceedings* - Page 2
Case No. 15-cv-01349 BJR

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

strike action.  (This claim asserted by the Union is generically referred to as the "Fringe Benefits" claim.)

On September 4, 2015, the Court's Order granted in part, and denied in part, Plaintiff's *Boys Market* injunction.  Dkt. 21.  In doing so, the Court ordered the Parties to proceed to mediation and arbitration on the Fringe Benefits claim.

On September 28, 2015, Plaintiff amended its complaint, asserting a claim against the Union for Secondary Boycott violations, pursuant to 29 U.S.C. § 187.  Dkt. 24.  (This claim is generically referred to as the "Secondary Boycott" claim.)  A jury trial was scheduled for Plaintiff's Contractual Damages and Secondary Boycott claims for October 24, 2016.  Dkt. 31.

On May 23, 2016, the Court stayed the entire proceeding until the Parties proceeded to mediate and arbitrate the Union's Fringe Benefits claim.  Dkt. 71.  On July 25, 2016, amended its Order to include Plaintiff's Contractual Damages claim as part of the claims to be mediated and arbitrated.  Dkt. 75.  This meant that Plaintiff's Secondary Boycott claimed remained stayed until the Parties mediated and arbitrated the Fringe Benefits and Contractual Damages claims.

On May 9, 2016 and October 19, 2016, the Parties mediated the Fringe Benefits and the Contractual Damages claims.  Hilgenfeld Decl., ¶ 3.  The Parties were unable to resolve the matter, and the claims then proceeded to arbitration.  The Parties selected Douglas Hammond as the arbitrator.  Hilgenfeld Decl., ¶ 4.  Arbitration was conducted before Arbitrator Hammond on January 30, 2017 through February 2, 2017.

On April 28, 2017, Arbitrator Hammond issued his award.  Hilgenfeld Decl., Exh. 1. He found in favor of Northshore on both claims (i.e. Union's Fringe Benefits claim, and

*Plaintiff's Motion to Lift the Court's Stay of Proceedings* - Page 3
Case No. 15-cv-01349 BJR

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Northshore's Contractual Damages claim).  He also provided the Union with thirty (30) days to pay the award.  The award has been satisfied.

## ANALYSIS

"The same Court that imposes a stay of litigation has the inherent power and discretion to lift it.  *Canady Erbe Elektromedizin GmbH,* 271 F. Supp. 2d 64, 74 (D.D.C. 2002))  "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay.'"  *Id.*

In accordance with the Court's May 23, 2016 Order Staying the Proceedings, the Parties have met the requirements as set forth by the Court.  The Union's Fringe Benefits claim and the Plaintiff's Contractual Damages claim have both been mediated and arbitrated.  The basis and reasoning used by the Court to stay the proceedings was to have certain matters proceed first toward arbitration.  That has occurred.  Thus, the Court's reasoning for imposing the stay no longer exists, and the Stay should be lifted.  Plaintiff's Secondary Boycott claim should now be permitted to proceed.

## CONCLUSION

Plaintiff respectfully requests that the Court to permit its Secondary Boycott claim to proceed, lifting the stay of proceedings.  The May 23, 2016 stayed the proceedings until the Parties had proceeded to mediation and arbitration on the ordered claims.  That has occurred.  Plaintiff should be allowed to go forward on its Secondary Boycott allegations.  For all of the aforementioned reasons, the Court should grant Plaintiff's request to lift its stay of the proceedings.

*Plaintiff's Motion to Lift the Court's Stay of Proceedings* - Page 4
Case No. 15-cv-01349 BJR

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA 98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

Respectfully Submitted this 2nd day of June, 2017.

By: /s/ Christopher L. Hilgenfeld

Christopher L. Hilgenfeld, WSBA #36037
Davis Grimm Payne & Marra
701 5th Avenue, Suite 4040
Seattle, WA  98104-7097
Ph. (206) 447-0182 | Fax: (206) 622-9927
Email: chilgenfeld@davisgrimmpayne.com
**Attorneys for Plaintiff**
**Northshore Sheet Metal, Inc.**

---

*Plaintiff's Motion to Lift the Court's Stay of
Proceedings* - Page 5
Case No. 15-cv-01349 BJR

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June, 2017, I electronically filed the foregoing *PLAINTIFF'S MOTION TO LIFT THE COURT'S STAY OF PROCEEDINGS* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

I further certify there are no known non-CM/ECF parties who require service in this matter.

**Attorneys for Defendant:**
Daniel Hutzenbiler
McKanna Bishop & Joffe
1635 NW Johnson Street
Portland, OR  97209
Ph. (503) 226-6111
Fax: (503) 226-6121
Email: dhutzenbiler@mbjlaw.com

**Attorneys for Defendant:**
Richard G. McCracken
McCracken, Stemerman & Holsberry
595 Market Street, Suite 800
San Francisco, CA 94105
Ph. (415) 597-7200
Fax (415) 597-7201
Email: rmccracken@dcbsf.com

Betsy E. Green, Legal Assistant to
Attorneys for Northshore Sheet Metal Inc.
E-mail: bgreen@davisgrimmpayne.com

*Plaintiff's Motion to Lift the Court's Stay of Proceedings* - Page 6
Case No. 15-cv-01349 BJR

**DAVIS GRIMM PAYNE & MARRA**
701 Fifth Avenue, Suite 4040
Seattle, WA  98104
Ph. (206) 447-0182 • Fax: (206) 622-9927